SHANNON LISS-RIORDAN, *pro hac vice* anticipated
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice* anticipated
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:     (415) 817-1470

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SINGER and RYAN WILLIAMS, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>POSTMATES, INC.,<br><br>              Defendant. | Case No. 15-1284<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

1
COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

## I. **INTRODUCTION**

1.      This case is brought on behalf of individuals who have worked for Postmates, Inc. ("Postmates") as couriers anywhere in the United States.  Postmates is a delivery service that provides couriers who can be hailed and dispatched through a mobile phone application to deliver food and other items to customers at their homes and businesses.

2.      As described further below, Postmates has misclassified Plaintiffs and other similarly situated couriers as independent contractors and, in so doing, has violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., by failing to pay them minimum wage and overtime for all time worked.  Plaintiffs bring this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

3.      Plaintiff Sherry Singer further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated Postmates couriers who have worked in California, that Defendant has violated various provisions of the California Labor Code, including: (1) Cal. Labor Code §2802 by requiring couriers to pay various expenses that should have been borne by the employer; (2) Cal. Lab. Code § 226(a) by failing to provide itemized wage statements; and (3) Cal. Lab. Code §§ 1197 and 1194 by failing to pay minimum wage.  Plaintiff Singer, on behalf of all similarly situated Postmates couriers in California, seeks restitution of all wages and expenses of which they were deprived, including the cost of gas, car and bicycle maintenance, parking, a phone and data plan, and public transportation which they were required to bear in order to perform their jobs, and all other relief to which they are entitled.

4.      Plaintiff Ryan Williams further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of other similarly situated Postmates couriers who have worked in New York, that Defendant has violated 12 NYCRR 142-2.2 by

failing to pay overtime wages for all hours worked in excess of forty per week and N.Y. Lab. Law § 652 by failing to pay minimum wage.  Plaintiff Williams, on behalf of all similarly situated Postmates couriers in New York, seeks restitution of all wages and all other relief to which they are entitled.

## II.  PARTIES

5.      Plaintiff Sherry Singer is an adult resident of Long Beach, California, where she has worked as a Postmates courier in the Los Angeles area in California.

6.      Plaintiff Ryan Williams is an adult resident of Hoboken, New Jersey, and has worked as a Postmates courier in New York.

7.      Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as couriers for Postmates throughout the United States.

8.      Defendant Postmates, Inc. ("Postmates") is a Delaware corporation, headquartered in San Francisco, California.

## III.   JURISDICTION

9.      This Court has general federal question jurisdiction over plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 since the plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

10.      This Court has jurisdiction over plaintiffs' California and New York state law claims pursuant to 28 U.S.C. Section 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

11.      This court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").  The parties are diverse under the requirements of CAFA, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

12.     Venue is proper in this district under 28 U.S.C. § 1391.

IV.     **STATEMENT OF FACTS**

13.     Postmates is a San Francisco-based courier service, that provides delivery service in cities throughout the country via an on demand dispatch system.

14.     Postmates offers customers the ability to request a courier on a mobile phone application.

15.     Postmates' website advertises that customers can "Get the best of your city delivered in minutes."

16.     Couriers receive a fee for each delivery completed and sometimes receive tips from customers in addition to their delivery fees.  Couriers do not receive an hourly wage.

17.     Although classified as independent contractors, Postmates couriers are employees. They are required to follow detailed requirements imposed on them by Postmates, and they are graded, and are subject to termination, based on Postmates' discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in picking up items and delivering them to customers, the accurateness of their orders, etc.).

18.     In addition, Postmates is in the business of providing delivery service to customers, and that is the service that Postmates couriers provide.  The couriers' services are fully integrated into Postmates's business, and without the couriers, Postmates's business would not exist.

19.     However, based on their misclassification as independent contractors, Postmates couriers are required to bear many of the expenses of their employment, including expenses for their vehicles and bikes, gas, phone and data plan, and other expenses.

COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

20.     In light of the expenses couriers must bear, and because Postmates requires its couriers to subsist on delivery fees and tips and does not pay an hourly wage, there are times when couriers do not make minimum wage for all hours worked.

21.     In addition, couriers are not paid overtime for hours they work in excess of forty per week.

## V.     THE NATIONWIDE COLLECTIVE ACTION

22.     Plaintiffs bring the first and second cause of action on behalf of themselves and all other Postmates couriers who have worked for Defendant in the United States, between March 19, 2012, and the date of final judgment in this matter.

23.     Plaintiffs bring this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.  Plaintiffs and other Postmates couriers are similarly situated in that they are all subject to Postmates' common plan or practice of classifying couriers as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all weeks worked.

## VI.     THE CALIFORNIA RULE 23 CLASS

24.     Plaintiff Sherry Singer brings the third, fourth, fifth and sixth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Postmates couriers who have worked for Postmates in California.

25.     Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures.

26.     The members of the class are so numerous that joinder of all class members is impracticable.

27.     Common questions of law and fact regarding Postmates' conduct in classifying couriers as independent contractors, failing to reimburse them for business expenditures, and failing to pay them overtime for all hours worked beyond forty (40) in a given week exist as to

all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been required to follow uniform procedures and policies regarding their work for Postmates;

b. Whether the work performed by class members—providing courier service to customers—is within Postmates' usual course of business, and whether such service is fully integrated into Postmate's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

28.    Named Plaintiff Sherry Singer is a class member, who suffered damages as a result of Defendant's conduct and actions alleged herein.

29.    Plaintiff Singer's claims are typical of the claims of the class, and she has the same interests as the other members of the class.

30.    Plaintiff Singer will fairly and adequately represent and protect the interests of the class. She has retained able counsel experienced in class action litigation. Her interests are coincident with, and not antagonistic to, the interests of the other class members.

31.    The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

32.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and

COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VII.    THE NEW YORK RULE 23 CLASS

33.     Plaintiff Ryan Williams brings the seventh and eighth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Postmates couriers who have worked for Postmates in New York.

34.     Plaintiff and other class members have uniformly been classified as independent contractors rather than employees and as a consequence, have been deprived of minimum wage and overtime for all hours worked.

35.     The members of the class are so numerous that joinder of all class members is impracticable.

36.     Common questions of law and fact regarding Postmates' conduct in classifying couriers as independent contractors and failing to pay them overtime for all hours worked beyond forty (40) in a given week and failing to ensure they are paid at least minimum wage for all weeks exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been required to follow uniform procedures and policies regarding their work for Postmates;

b. Whether the work performed by class members—providing courier service to customers—is within Postmates' usual course of business, and whether such service is fully integrated into Postmate's business;

c.  Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

37.     Named Plaintiff Ryan Williams is a class member who suffered damages as a result of Defendant's conduct and actions alleged herein.

38.     Plaintiff Williams' claims are typical of the claims of the class, and he has the same interests as the other members of the class.

39.     Plaintiff Williams will fairly and adequately represent and protect the interests of the class. He has retained able counsel experienced in class action litigation. His interests are coincident with, and not antagonistic to, the interests of the other class members.

40.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

Defendant's willful conduct in failing to pay its employees the federal minimum wage, and requiring its employees to pay for the expenses of their employment (all of which contribute to them not receiving the federal minimum wage), violates the FLSA, 29 U.S.C. § 201, *et seq*.  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Unpaid Overtime Under the FLSA

The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week.  Postmates couriers have worked in excess of forty (40) hours per week but have not been paid this premium pay for hours worked beyond 40 in a week. As a direct and proximate result of Defendant's willful unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### Violation of Cal. Lab. Code § 2802

Defendant's conduct, as set forth above, in misclassifying Postmates couriers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in California.

COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

## COUNT IV
### Violation of Cal. Bus. & Prof. Code §17200, *et seq.*

Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code Section 2802. As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to business expenses that couriers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Postmates in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## COUNT V
### Violation of Cal. Lab. Code § 226(a)

Defendant's conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a).  This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in California.

## COUNT VI
### Violation of Cal. Lab. Code §§ 1197 and 1194

Defendant's conduct, as set forth above, in failing to pay its employees minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194.  This claim is brought on behalf of a class of similarly situated individuals who worked for Postmates in California.

COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

## COUNT VII
### Violation of 12 NYCRR 142-2.2

Defendant's conduct, as set forth above, in failing to pay its employees overtime for all hours worked in excess of forty per week as required by New York state law, violates 12 NYCRR 142-2.2.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in New York.

## COUNT VIII
### Violation of N.Y. Lab. Law § 652

Defendant's conduct, as set forth above, in failing to pay its employees minimum wage for all hours worked as required by New York state law, violates N.Y. Lab. Law § 652.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in New York.

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Allow other similarly situated Postmates couriers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

b. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count III through VI and appoint Plaintiff Sherry Singer and her counsel to represent a class of Postmates couriers who have worked in California;

c. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count VII and VIII and appoint Plaintiff Ryan Williams and his counsel to represent a class of Postmates couriers who have worked in New York;

d. Declare and find that the Defendant violated FLSA, 29 U.S.C. § 201, *et seq.*  by failing to pay Plaintiffs and other similarly situated couriers the federal minimum wage and

overtime wages;

e.  Declare and find that the Defendant violated Cal. Lab. Code §§ 2802, 226(a), 1194, and 1197 by failing to reimburse the expenses of Plaintiffs and the California class, failing to provide itemized wage statements, failing to pay minimum wage for all hours worked, and failing to pay overtime for all hours worked;

f.  Declare and find that the Defendant violated N.Y. Lab. Law § 652 and 12 NYCRR 142-2.2 by failing to pay New York couriers the minimum wage for all hours worked, and failing to pay overtime for all hours worked;

g.  Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

h.  Award all costs and attorney's fees incurred prosecuting this claim;

i.  Award liquidated damages;

j.  Interest and costs;

k.  Injunctive relief in the form of an order directing Defendant to comply with the FLSA, California state law, and New York state law;

l.  Such other relief as in law or equity may pertain.

Respectfully submitted,

SHERRY SINGER and RYAN WILLIAMS
individually and on behalf of all others similarly
situated,

By their attorneys,

 /s/ Matthew Carlson
Shannon Liss-Riordan, *pro hac vice* anticipated
Adelaide Pagano, *pro hac vice* anticipated
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, apagano@llrlaw.com

Matthew Carlson (SBN 273242)
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 817-1470
Email: mcarlson@carlsonlegalservices.com

Dated:        March 19, 2015