SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 817-1470

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SINGER, RYAN WILLIAMS, RYDER VANDERHEYDEN, STEVEN GRANT, and MICHAEL TSAPATSARIS, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>POSTMATES, INC.,<br><br>              Defendant. | Case No. 4:15-cv-01284<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>CASE FILED: March 19, 2015 |

# I.    <u>INTRODUCTION</u>

1.    This case is brought on behalf of individuals who have worked for Postmates, Inc. ("Postmates") as couriers anywhere in the United States.  Postmates is a delivery service that provides couriers who can be hailed and dispatched through a mobile phone application to deliver food and other items to customers at their homes and businesses.

2.    As described further below, Postmates has misclassified Plaintiffs and other similarly situated couriers as independent contractors and, in so doing, has violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., by failing to pay them minimum wage and overtime for all time worked.  Plaintiffs bring this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

3.    Plaintiffs Sherry Singer and Ryder Vanderheyden further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Postmates couriers who have worked in California, that Defendant has violated various provisions of the California Labor Code, including: (1) Cal. Labor Code §2802 by requiring couriers to pay various expenses that should have been borne by the employer; (2) Cal. Lab. Code § 226(a) by failing to provide itemized wage statements; and (3) Cal. Lab. Code §§1197 and 1194 by failing to pay minimum wage.  Plaintiffs Singer and Vanderheyden, on behalf of all similarly situated Postmates couriers in California, seek restitution of all wages and expenses of which they were deprived, including the cost of gas, car and bicycle maintenance, gear, parking, a phone and data plan, and public transportation which they were required to bear in order to perform their jobs, and all other relief to which they are entitled.

4.    Plaintiffs Ryan Williams and Steven Grant further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Postmates couriers who have worked in New York State, that Defendant has violated 12

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

NYCRR 142-2.2 by failing to pay overtime wages for all hours worked in excess of forty per week and N.Y. Lab. Law § 652 by failing to pay minimum wage.  Plaintiffs Williams and Grant, on behalf of all similarly situated Postmates couriers who have worked in New York, seek restitution of all wages and all other relief to which they are entitled.

5.      Plaintiffs Steven Grant and Michael Tsapatsaris further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Postmates couriers who have worked in Massachusetts, that Defendant has violated Mass. Gen. L. c. 149 § 148B by misclassifying them as independent contractors, Mass. Gen. L. c. 149 § 148 for failing to pay them all wages due and requiring them to pay expenses necessary to perform their jobs, and Mass. Gen. L. c. 151 § 1 by failing to pay minimum wage. Plaintiffs Grant and Tsapatsaris, on behalf of all similarly situated Postmates couriers who have worked in Massachusetts, seek restitution of all wages and all other relief to which they are entitled.

**II.  <u>PARTIES</u>**

6.      Plaintiff Sherry Singer is an adult resident of Long Beach, California, where she has worked as a Postmates vehicle courier in the Los Angeles area in California.

7.      Plaintiff Ryan Williams is an adult resident of Hoboken, New Jersey, and has worked as a Postmates foot courier in New York.

8.      Plaintiff Ryder Vanderheyden is an adult resident of San Francisco, California, and has worked as a Postmates bike courier in the San Francisco area in California.

9.      Plaintiff Steven Grant is an adult resident of Belmont, Massachusetts, and has worked as a Postmates foot courier in both New York and in Massachusetts.

10.     Plaintiff Michael Tsapatsaris is an adult resident of Somerville, Massachusetts, and has worked as a Postmates bike and foot courier in Massachusetts.

11.     Plaintiffs bring this action on their own behalf and on behalf of all others similarly

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

situated, namely all other individuals who have worked as couriers for Postmates throughout the United States.

12.     Defendant Postmates, Inc. ("Postmates") is a Delaware corporation, headquartered in San Francisco, California.

## III.    <u>JURISDICTION</u>

13.     This Court has general federal question jurisdiction over plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 since the plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

14.     This Court has jurisdiction over plaintiffs' California, New York, and Massachusetts state law claims pursuant to 28 U.S.C. Section 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

15.     This court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").  The parties are diverse under the requirements of CAFA, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

16.     Venue is proper in this district under 28 U.S.C. § 1391.

## IV.    <u>STATEMENT OF FACTS</u>

17.     Postmates is a San Francisco-based courier service that provides delivery service in cities throughout the country via an on demand dispatch system.

18.     Postmates offers customers the ability to request a courier on a mobile phone application.

19.     Postmates' website advertises that customers can "Get the best of your city delivered in minutes."

20.     Couriers receive a fee for each delivery completed and sometimes receive tips from customers in addition to their delivery fees.  Couriers do not receive an hourly wage.

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

21.     Although classified as independent contractors, Postmates couriers are employees. They are required to follow detailed requirements imposed on them by Postmates, and they are graded, and are subject to termination, based on Postmates' discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in picking up items and delivering them to customers, the accurateness of their orders, etc.).

22.     In addition, Postmates is in the business of providing delivery service to customers, and that is the service that Postmates couriers provide.  The couriers' services are fully integrated into Postmates's business, and without the couriers, Postmates's business would not exist.

23.     However, based on their misclassification as independent contractors, Postmates couriers are required to bear many of the expenses of their employment, including expenses for their vehicles and bikes, gas, phone and data plan, and other expenses.

24.     In light of the expenses couriers must bear, and because Postmates requires its couriers to subsist on delivery fees and tips and does not pay an hourly wage, there are times when couriers do not receive minimum wage for all hours worked.

25.     In addition, couriers are not paid overtime for hours they work in excess of forty per week.  For example, named Plaintiff Ryder Vanderheyden has regularly worked seven days a week and in excess of fifty hours per week from January through March of 2015, but has not been paid time-and-a-half for any overtime hours.  Likewise, Plaintiff Ryan Williams regularly worked seven days a week for at least six hours per day but was never paid time-and-a-half for any hours beyond forty in a week.

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

## V.   THE NATIONWIDE COLLECTIVE ACTION

26.    Plaintiffs bring the first and second cause of action on behalf of themselves and all other Postmates couriers who have worked for Defendant in the United States, between three years since they brought this complaint and the date of final judgment in this matter.

27.    Plaintiffs bring these counts under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.  Plaintiffs and other Postmates couriers are similarly situated in that they are all subject to Postmates' common plan or practice of classifying couriers as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all weeks worked.

## VI.   THE CALIFORNIA RULE 23 CLASS

28.    Plaintiffs Sherry Singer and Ryder Vanderheyden bring the third, fourth, fifth, sixth, and seventh causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Postmates couriers who have worked for Postmates in California.

29.    Plaintiffs and other class members have uniformly been deprived reimbursement of their necessary business expenditures.

30.    The members of the class are so numerous that joinder of all class members is impracticable.

31.    Common questions of law and fact regarding Postmates' conduct in classifying couriers as independent contractors, failing to reimburse them for business expenditures, and failing to ensure they are paid at least minimum wage for all weeks, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been required to follow uniform procedures and policies regarding their work for Postmates;

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

b. Whether the work performed by class members—providing courier service to customers—is within Postmates' usual course of business, and whether such service is fully integrated into Postmate's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

32.     Named Plaintiffs Sherry Singer and Ryder Vanderheyden are class members who suffered damages as a result of Defendant's conduct and actions alleged herein.

33.     These named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

34.     The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

35.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

36.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

**VII.   PAGA REPRESENTATIVE ACTION ALLEGATIONS**

37.     On March 6, 2015, Plaintiffs gave written notice of Postmates' violations of various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") and Postmates.

38.     More than thirty-three days have lapsed since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. See Cal. Lab. Code § 2699.3(a)(2)(A).

39.     Plaintiffs allege that Postmates violated PAGA in the following ways: (1) failure to reimburse courier employees for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car and bike maintenance, gear, phones, and data, in violation of Labor Code § 2802, (2) failure to pay minimum wages for all hours worked in violation of Labor Code § 1197 and 1194, (3) failure to pay overtime in violation of §§ 1194, 1198, 510, and 554, (4) and failure to provide itemized wage statements in violation of § 226(a).

**VIII.   THE NEW YORK RULE 23 CLASS**

40.     Plaintiffs Ryan Williams and Steven Grant bring the eighth and ninth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Postmates couriers who have worked for Postmates in New York.

41.     Plaintiffs Williams and Grant and other class members have uniformly been classified as independent contractors rather than employees and as a consequence, have been deprived of minimum wage and overtime for all hours worked.

42.     The members of the class are so numerous that joinder of all class members is impracticable.

43.     Common questions of law and fact regarding Postmates' conduct in classifying couriers as independent contractors and failing to pay them overtime for all hours worked beyond forty (40) in a given week and failing to ensure they are paid at least minimum wage for

all weeks exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been required to follow uniform procedures and policies regarding their work for Postmates;

b. Whether the work performed by class members—providing courier service to customers—is within Postmates' usual course of business, and whether such service is fully integrated into Postmate's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

44.     Named Plaintiffs Ryan Williams and Steven Grant are class members who suffered damages as a result of Defendant's conduct and actions alleged herein.

45.     Plaintiff Williams' and Grant's claims are typical of the claims of the class, and they have the same interests as the other members of the class.

46.     Plaintiffs Williams and Grant will fairly and adequately represent and protect the interests of the class. They have retained able counsel experienced in class action litigation. Their interests are coincident with, and not antagonistic to, the interests of the other class members.

47.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## IX.   THE MASSACHUSETTS RULE 23 CLASS

49.     Plaintiffs Steven Grant and Michael Tsapatsaris bring the tenth and eleventh causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Postmates couriers who have worked for Postmates in Massachusetts.

50.     Plaintiffs Grant and Tsapatsaris and other class members have uniformly been classified as independent contractors rather than employees and as a consequence, have been deprived of minimum wage and required to pay expenses necessary to perform their jobs, in violation of Massachusetts law.

51.     The members of the class are so numerous that joinder of all class members is impracticable.

52.     Common questions of law and fact regarding Postmates' conduct in classifying couriers as independent contractors, requiring that they pay expenses necessary to perform their jobs, and failing to ensure they are paid at least minimum wage for all weeks exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been required to follow uniform procedures and policies regarding their work for Postmates;

b. Whether the work performed by class members—providing courier service to customers—is within Postmates' usual course of business, and whether such service is fully integrated into Postmate's business;

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

c.  Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

53.     Named Plaintiffs Grant and Tsapatsaris are class members who suffered damages as a result of Defendant's conduct and actions alleged herein.

54.     Plaintiffs Grant and Tsapatsaris' claims are typical of the claims of the class, and they have the same interests as the other members of the class.

55.     Plaintiffs Grant and Tsapatsaris will fairly and adequately represent and protect the interests of the class. They have retained able counsel experienced in class action litigation. Their interests are coincident with, and not antagonistic to, the interests of the other class members.

56.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## <u>COUNT I</u>
**Failure to Pay Minimum Wage in Violation of the FLSA**

58.     Defendant's willful conduct in failing to pay its employees the federal minimum wage, and requiring its employees to pay for the expenses of their employment (all of which

contribute to them not receiving the federal minimum wage), violates the FLSA, 29 U.S.C. § 201, *et seq.* This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**Unpaid Overtime Under the FLSA**

59.     The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Postmates couriers have worked in excess of forty (40) hours per week but have not been paid this premium pay for hours worked beyond 40 in a week. As a direct and proximate result of Defendant's willful unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**Violation of Cal. Lab. Code § 2802**

60.     Defendant's conduct, as set forth above, in misclassifying Postmates couriers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in California.

**COUNT IV**
**Violation of Cal. Bus. & Prof. Code §17200, *et seq.***

61.     Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor

Code Section 2802. As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to business expenses that couriers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Postmates in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

**COUNT V**
**Violation of Cal. Lab. Code § 226(a)**

62.     Defendant's conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a).  This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in California.

**COUNT VI**
**Violation of Cal. Lab. Code §§ 1197 and 1194**

63.     Defendant's conduct, as set forth above, in failing to pay its employees minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194.  This claim is brought on behalf of a class of similarly situated individuals who worked for Postmates in California.

**COUNT VII**
**Penalties Pursuant to the Labor Code Private Attorneys General Act of 2004**
**(Representative Action)**

64.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiffs are aggrieved employees as defined by Cal. Lab. Code § 2699(c) as they were employed by Postmates during the applicable statutory period and

13
FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

suffered injury as a result of Postmates' Labor Code violations. Accordingly, Plaintiffs seek to recover on behalf of themselves and all other current and former aggrieved employees of Postmates, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

65.     Couriers are entitled to penalties for Postmates' violations of Cal. Lab. Code §§ 2802, 226(a), 510, 558 1194, 1197, and 1198 as set forth by Cal. Lab. Code § 2699(f).  Plaintiffs seek civil penalties pursuant to PAGA for (1) failure to reimburse courier employees for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car and bike maintenance, gear, phones, and data, in violation of Labor Code § 2802, (2) failure to pay minimum wages for all hours worked in violation of Labor Code § 1197 and 1194, (3) failure to pay overtime in violation of §§ 1194, 1198, 510, and 554, (4) and failure to provide itemized wage statements in violation of § 226(a).

66.     Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor Code provisions for which no civil penalty is specifically provided. There is no specified civil penalty for violations of Cal. Lab. Code §§ 2802, 1194, 1197, and 1198. With respect to violations of Labor Code §§ 510 and 558, the statute imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  With respect to violations of Labor Code § 226(a), Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a).

67.     Plaintiffs complied with the notice requirement of Cal. Lab. Code § 2699.3 and mailed a written notice to the California Labor & Workforce Development Agency ("LWDA"), and Defendant via Certified Mail, return receipt requested,  March 6, 2015.  It has been 33 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.


## COUNT VIII
### Violation of 12 NYCRR 142-2.2

68.     Defendant's conduct, as set forth above, in failing to pay its employees overtime for all hours worked in excess of forty per week as required by New York state law, violates 12 NYCRR 142-2.2.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in New York state.


## COUNT IX
### Violation of N.Y. Lab. Law § 652

69.     Defendant's conduct, as set forth above, in failing to pay its employees minimum wage for all hours worked as required by New York state law, violates N.Y. Lab. Law § 652.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in New York.


## COUNT X
### Violation of Mass. Gen. L. ch. 149 §§ 148 and 148B

70.     As set forth above, Defendant has misclassified Postmates couriers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149  § 148B.  As a result of this misclassification, couriers have improperly been required to bear the expenses of their employment (such as expenses for car or bike maintenance, gas, phone data charges,

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

external phone batteries, gear for transporting goods, and other expenses), in violation of Mass. Gen. L. c. 149 § 148. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT XI
### Violation of Massachusetts Minimum Wage Law

71.     By failing to pay Plaintiffs and other Postmates drivers the full Massachusetts minimum wage for all hours worked, Defendants have violated Mass. Gen. L. ch. 151 § 1.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a.  Allow other similarly situated Postmates couriers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

b.  Certify a class action pursuant to Rule 23(b)(2) and (3) under Count III through VII and appoint Plaintiffs Sherry Singer and and Ryder Vanderheyden and their counsel to represent a class of Postmates couriers who have worked in California;

c.  Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts VIII and IX and appoint Plaintiffs Ryan Williams and Steven Grant and their counsel to represent a class of Postmates couriers who have worked in New York;

d.  Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts X and XI and appoint Plaintiffs Steven Grant and Michael Tsapatsaris and their counsel to represent a class of Postmates couriers who have worked in Massachusetts;

e.  Declare and find that the Defendant violated FLSA, 29 U.S.C. § 201, *et seq.*  by failing to pay Plaintiffs and other similarly situated couriers the federal minimum wage and overtime wages;

f.  Declare and find that the Defendant violated Cal. Lab. Code §§ 2802, 226(a), 1194, and 1197 by failing to reimburse the expenses of Plaintiffs and the California class, failing to provide itemized wage statements, failing to pay minimum wage for all hours worked, and failing to pay overtime for all hours worked;

g.  Declare and find that the Defendant violated N.Y. Lab. Law § 652 and 12 NYCRR 142-2.2 by failing to pay New York couriers the minimum wage for all hours worked, and failing to pay overtime for all hours worked;

h.  Declare and find that the Defendant violated Mass. Gen. L. ch. 149 §§ 148 and 148B, and Mass. Gen. L. ch. 151 § 1, by misclassifying Massachusetts couriers and failing to pay couriers the minimum wage for all hours worked;

i.  Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

j.  Award all costs and attorney's fees incurred prosecuting this claim;

k.  Award liquidated damages;

l.  Interest and costs;

m.  Injunctive relief in the form of an order directing Defendant to comply with the FLSA, California state law, New York state law, and Massachusetts state law;

n.  Such other relief as in law or equity may pertain.

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

SHERRY SINGER, RYAN WILLIAMS, RYDER
VANDERHEYDEN, STEVEN GRANT, and
MICHAEL TSAPATSARIS, individually and on
behalf of all others similarly situated,

By their attorneys,

  /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, apagano@llrlaw.com

Matthew Carlson (SBN 273242)
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 817-1470
Email: mcarlson@carlsonlegalservices.com

Dated:          May 26, 2015

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND