SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:     (415) 817-1470

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SINGER, RYAN WILLIAMS, RYDER VANDERHEYDEN, STEVEN GRANT, and MICHAEL TSAPATSARIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POSTMATES, INC,<br><br>Defendant. | 4:15-cv-01284<br><br>**PLAINTIFFS' MOTION FOR NOTICE TO BE ISSUED TO SIMILARLY SITUATED EMPLOYEES PURSUANT TO 29 U.S.C. § 216(b)**<br><br>CASE FILED: March 19, 2015<br><br>Date:          July 2, 2015<br>Time:          11:00 am<br>Courtroom:     5 |

## NOTICE OF MOTION AND MOTION

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 2, 2015, at 11:00 a.m., in Courtroom 5 of this Court, located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs Sherry Singer, Ryan Williams, Ryder Vanderheyden, Steven Grant, and Michael Tsapatsaris, individually and on behalf of all others similarly situated, will, and hereby do, move the Court pursuant to 29 U.S.C. § 216(b) for notice to be issued to similarly situated individuals of Plaintiffs' claims against Defendant Postmates Inc. ("Defendant").

This motion is brought pursuant to the Federal Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The evidence submitted demonstrates that Plaintiffs have satisfied the requirements of 29 U.S.C. § 216(b) to send notice to all other Postmates couriers who may wish to recover their wages in this collective action by notifying them of the pendency of this case. Plaintiffs have attached a copy of the proposed notice as Exhibit A and proposed opt-in form as Exhibit B.  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities included herein, the Declarations filed herewith, all pleadings and papers on file in this action, any matters of which the Court may or must take judicial notice, and such additional evidence or argument as may be presented at or prior to the time of the hearing.

## **TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1

II.  FACTS ...........................................................................................................................3

III. ARGUMENT ................................................................................................................5

      A.     THE COURT MAY ISSUE NOTICE UPON A MODEST FACTUAL
             SHOWING THAT SIMILARLY SITUATED CLASS MEMBERS
             EXIST. ......................................................................................................5

      B.     THE COURT SHOULD AUTHORIZE NOTICE BECAUSE
             PLAINTIFFS HAS IDENTIFIED A REASONABLE BASIS FOR THEIR
             CLAIM THAT SIMILARLY SITUATED CLASS MEMBERS EXIST. ..............8

      C.     NATURE AND EXTENT OF THE NOTICE.......................................................11

            1.      The Court Should Approve Plaintiffs' Proposed Notice Process ..............11

CONCLUSION...........................................................................................................14

ii

# <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Adams v. Inter-Con Sec. Sys., Inc.</u>,
242 F.R.D. 530 (N.D. Cal. 2007)..................................................................... 5, 6, 12

<u>Benedict v. Hewlett-Packard Co.</u>,
2014 WL 587135 (N.D. Cal. Feb. 13, 2014) ........................................... 6, 8, 11, 12

<u>Bogor v. Am. Pony Exp., Inc.</u>,
2010 WL 1962465 (D. Ariz. May 17, 2010) ............................................................ 9

<u>Boucher v. Shaw</u>,
572 F.3d 1087 (9th Cir. 2009) ...................................................................... 1, 6

<u>Carrillo v. Schneider Logistics, Inc.</u>,
2012 WL 556309 (C.D.Cal. Jan. 31, 2012) ........................................................ 13

<u>Church v. Consol. Freightways, Inc.</u>,
137 F.R.D. 294 (N.D.Cal. Apr. 12, 1991) .............................................................. 2

<u>Davis v. Westgate Planet Hollywood Las Vegas, LLC</u>,
2009 WL 102735 (D. Nev. Jan. 12, 2009)............................................................ 10

<u>Deatrick v. Securitas Sec. Servs. USA, Inc.</u>,
2014 WL 5358723 (N.D. Cal. Oct. 20, 2014) ................................................. 12, 14

<u>Flores v. Velocity Exp., Inc.</u>,
2013 WL 2468362 (N.D. Cal. June 7, 2013)................................................... passim

<u>Gerlach v. Wells Fargo & Co.</u>,
2006 WL 824652 (N.D.Cal. Mar.28, 2006).............................................................. 2

<u>Guifu Li v. A Perfect Franchise, Inc.</u>,
2011 WL 4635198 (N.D. Cal. Oct. 5, 2011) ...................................................... 2, 9

<u>Guy v. Casal Inst. of Nev., LLC</u>,
2014 WL 1899006 (D.Nev. May 12, 2014)........................................................... 13

<u>Harris v. Vector Mktg. Corp.</u>,
716 F. Supp. 2d 835 (N.D. Cal. 2010) ..................................................... 2, 7, 9, 14

<u>Hernandez v. NGM Mgmt. Grp. LLC</u>,
2013 WL 5303766 (S.D.N.Y. Sept. 20, 2013)...................................................... 12

iii

*Hoffmann–La Roche Inc. v. Sperling,*
   493 U.S. 165 (1989)...................................................................... 5, 7, 11, 12

*Kress v. PricewaterhouseCoopers, LLP,*
   263 F.R.D. 623 (E.D. Cal. 2009) ....................................................... 7

*Labrie v. UPS Supply Chain Solutions, Inc.,*
   2009 WL 723599 (N.D. Cal. Mar. 18, 2009)................................... 2, 7, 9

*Leuthold v. Destination Am., Inc.,*
   224 F.R.D. 462 (N.D. Cal. 2004)...................................................... 1, 6

*Lewis v. Wells Fargo Co.,*
   669 F. Supp. 2d 1124 (N.D. Cal. 2009) ........................................... 2

*Morton v. Valley Farm Transport, Inc.,*
   2007 WL 1113999 (N.D.Cal. Apr. 13, 2007) ................................... 6

*Nash v. CVS Caremark Corp.,*
   683 F. Supp. 2d 195 (D.R.I. 2010) ................................................... 3, 11

*Otey v. CrowdFlower, Inc.,*
   2013 WL 4552493 (N.D. Cal. Aug. 27, 2013) ................................ 10, 11, 12, 13

*Sanchez v. Sephora USA, Inc.,*
   2012 WL 2945753 (N.D. Cal. July 18, 2012).................................. 14

*Scantland v. Jeffry Knight, Inc.,*
   Civ. A. No. 8:09-cv-1958 (M.D. Fl. Sept. 30, 2010)....................... 9

*Scovil v. FedEx Ground Package Sys., Inc.,*
   811 F. Supp. 2d 516 (D. Me. 2011) .................................................. 9

*Stanfield v. First NLC Financial Serv., LLC,*
   2006 WL 3190527 (N.D.Cal. Nov. 1, 2006) .................................... 6

*Syed v. M-I, L.L.C.,*
   2014 WL 6685966 (E.D. Cal. Nov. 26, 2014)................................... 11, 12, 13

*Trinidad v. Pret A Manger (USA) Ltd.,*
   962 F. Supp. 2d 545 (S.D.N.Y. 2013) ............................................. 13

*Valerio v. Putnam Assocs Inc.,*
   173 F.3d 35 (1st Cir. 1999).............................................................. 11

*Villa v. United Site Services of California, Inc.,*
   2012 WL 5503550 ............................................................................ 2

iv

Villarreal v. Caremark LLC,
   2014 WL 7184014 (D. Ariz. Dec. 17, 2014) .......................................................... 1, 7

Whitehorn v. Wolfgang's Steakhouse, Inc.,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011) ...................................................... 13

Wren v. Rgis Inventory Specialists,
   2007 WL 4532218 (N.D. Cal. Dec. 19, 2007) ........................................... 13

Zaborowski v. MHN Gov't Servs., Inc.,
   2013 WL 1787154 (N.D. Cal. Apr. 25, 2013) ................................................ 2, 8, 9

**Other Authorities**

Andrew C. Brunsden, Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in
   the Federal Courts,
   29 Berkeley J. Emp. & Lab. L. 269 (2008) ........................................................ 14

## I.   INTRODUCTION

Plaintiffs Sherry Singer, Ryan Williams, Ryder Vanderheyden, Steven Grant, and Michael Tsapatsaris have brought this collective action seeking to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, that were not paid to them on account of their misclassification as independent contractors.[1]  Plaintiffs contend that they and their fellow couriers have been misclassified as independent contractors, and that Defendant Postmates, Inc. ("Postmates") has failed to pay its couriers overtime for all hours worked beyond forty (40) in a given week, and has failed to ensure that couriers receive at least the federal minimum wage for all weeks worked. Plaintiffs contend that as a matter of economic reality, they and other Postmates couriers are not in business for themselves, but instead are economically dependent on Postmates, such that they should be considered employees of Postmates.  Plaintiffs now seek, pursuant to 29 U.S.C. § 216(b), permission to issue notice to all couriers who have worked for Defendant during the last three years.

The standard for obtaining notice under § 216(b) is very lenient.  Consistent with "the FLSA's broad remedial purposes," Boucher v. Shaw, 572 F.3d 1087, 1090 (9th Cir. 2009), Plaintiffs need only show that the workers they seek to notify were subject to a single decision, policy, or plan that violated the law. Villarreal v. Caremark LLC, 2014 WL 7184014, *2 (D. Ariz. Dec. 17, 2014). "Because the court generally has a limited amount of evidence before it, the initial determination is usually made under a fairly lenient standard and typically results in conditional class certification." Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004).  This standard is far more lenient than the standard for obtaining class certification under Rule 23 of the Federal Rules of Civil Procedure: Plaintiffs need not prove that common questions will predominate; that a class is superior; or that the representative plaintiffs' claims are typical. Flores v. Velocity Exp., Inc., 2013 WL 2468362, *7 (N.D. Cal. June 7, 2013).

---

[1]      Plaintiffs have also brought class action claims under Fed.R.Civ.P. 23 for violations of state law as well, but this motion is brought under 29 U.S.C. § 216(b) only.

PLAINTIFFS' MOTION FOR NOTICE TO BE ISSUED TO SIMILARLY SITUATED EMPLOYEES
PURSUANT TO 29 U.S.C. § 216(B)
                    CASE NO. 4:15-cv-01284

Rather, they need only identify a common factual nexus between their situation and that of the individuals they seek to notify.[2]  Under this standard, courts have routinely granted notice to workers who fall under the same job category and, have been uniformly classified as independent contractors. See, e.g., Flores, 2013 WL 2468362, *8 (granting conditional certification under the FLSA to courier drivers alleging they were misclassified as independent contractors); Zaborowski v. MHN Gov't Servs., Inc., 2013 WL 1787154, *1 (N.D. Cal. Apr. 25, 2013) (granting conditional certification to counselors alleging they were misclassified as independent contractors under the FLSA); Guifu Li v. A Perfect Franchise, Inc., 2011 WL 4635198, *6 (N.D. Cal. Oct. 5, 2011) (approving conditional certification and notice for allegedly misclassified massage therapists); Harris v. Vector Mktg. Corp., 716 F. Supp. 2d 835, 840-41 (N.D. Cal. 2010) (approving conditional certification and notice for sales representatives alleging they were misclassified as independent contractors); Labrie v. UPS Supply Chain Solutions, Inc., 2009 WL 723599, *6 (N.D. Cal. Mar. 18, 2009).

Here, all Postmates couriers across the country are similarly situated.  Plaintiffs challenge a common policy whereby Defendant classifies all its couriers as independent contractors and fails to guarantee couriers minimum wage or overtime pay for hours worked beyond forty in a work week.  As discussed in more detail below, although Postmates screens and trains its couriers, relies upon them to perform the core services of its business, and disciplines and fires

---

[2]     Rule 23 certification is more stringent in its requirements than § 216(b). See Lewis v. Wells Fargo Co., 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) ("The requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23"); Flores, 2013 WL 2468362, *8 ("[C]ourts have repeatedly rejected attempts like [defendant's] to equate FLSA class actions and Rule 23 class actions because 'Congress chose not to apply the Rule 23 standards to collective actions under the ADEA and FLSA, and instead adopted the 'similarly situated' standard. To now interpret this 'similarly situated' standard by simply incorporating the requirements of Rule 23 would effectively ignore Congress' directive'") (quoting Gerlach v. Wells Fargo & Co., 2006 WL 824652, *3 (N.D.Cal. Mar.28, 2006)); see also Villa v. United Site Services of California, Inc., 2012 WL 5503550, * 14 ("[A] collective action does not require a showing that common claims predominate"); Church v. Consol. Freightways, Inc., 137 F.R.D. 294, 305 (N.D.Cal. Apr. 12, 1991).

couriers who fail to measure up to its standards, Postmates does not recognize its couriers as employees. Moreover, in violation of the FLSA, couriers do not always receive minimum wage for all hours worked (particularly once their expenses are factored into their wages), and are never paid overtime for hours worked beyond forty in week. Indeed, all couriers are required to pay for equipment necessary to perform their work, such as for car or bicycle maintenance, gear used for transporting deliveries, and parking.  In other words, Postmates subjects all couriers to the same standards and policies, with regard to job performance and pay, no matter where in the country they are located. Indeed, in support of this motion, Plaintiffs have attached declarations (and have filed consent forms already) by Postmates couriers from California, New York, and Massachusetts.

It is vital that notice be issued promptly to preserve the rights of the couriers.  Unlike in a class action brought under Rule 23, the statute of limitations in a collective action brought under the FLSA is not tolled with respect to unnamed collective action members merely by filing a complaint.  Rather, each member must affirmatively toll the statute of limitations by "opting into" the lawsuit. Nash v. CVS Caremark Corp., 683 F. Supp. 2d 195, 200 (D.R.I. 2010); see also 29 U.S.C. § 257 (The "statute of limitations [of] such action shall be considered to have been commenced as to him when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action was brought").  Before this case goes any further, couriers should be notified of their right to opt in to the case because the statute of limitations is continuing to run for them on their claims under the FLSA.  The only way to preserve those employees' claims is through notice informing them of their rights and affording them the opportunity to join the suit.  Id..

## II.    FACTS

Postmates is a San Francisco-based courier service that provides delivery service in cities throughout the country via an on demand dispatch system. See Ex. M.[3] Couriers pick up items

---

[3]    All exhibits cited herein are to the Liss-Riordan Declaration, attached hereto.

from stores and restaurants and deliver food and other items to customers at their homes and businesses. See Ex. C (Singer Decl.) at ¶ 3; Ex. D (Vanderheyden Decl.) at ¶ 3; Ex. K (Williams Decl.) at ¶ 3; Ex. F (Van Merkesteyn Decl.) at ¶ 3; Ex. G(Twist Decl.) at ¶ 3; Ex. E (Vratari Decl.) at ¶ 3.   Some couriers make deliveries by car.  See, e.g., Ex. C (Singer Decl.) at ¶ 2; Ex. F (Van Merkesteyn Decl.) at ¶ 2.  Others make deliveries on bicycles or on foot. Ex. D (Vanderheyden Decl.) at ¶ 2; Ex. K (Williams Decl.) at ¶ 2; Ex. E (Vratari Decl.) at ¶ 2; Ex. G (Twist Decl.) at ¶ 2; Ex. I (Tsapatsaris Decl.) at ¶ 2; Ex. J (Grant Decl.) at ¶ 2.   Regardless of whether they make deliveries by car or by bicycle, couriers engage in the same work for Postmates – namely, providing delivery service to customers – which is the very service that forms the core of Postmates' business as a delivery service.  Indeed, Postmates' website advertises that customers can "Get the best of your city delivered in minutes." Ex. L.

Postmates monitors its couriers' performance, including whether couriers have worked their assigned shifts, how quickly they make their deliveries, and the couriers' customer reviews and ratings. Ex. J (Grant Decl.) at ¶ 6 (stating that "two weeks ago I received an email warning me that I had received a low rating from a customer and warning me that if I fell below a certain customer rating I would be fired"); see also Ex. C (Singer Decl.) at ¶ 6; Ex. D (Vanderheyden Decl.) at ¶ 7; Ex. E (Vratari Decl.) at ¶ 6; Ex. K (Williams Decl.) at ¶ 7; Ex. F (Van Merkesteyn Decl.) at ¶ 7; Ex. G (Twist Decl.) at ¶ 7; Ex. H (Blake Decl.) at ¶ 6; Ex. I (Tsapatsaris Decl.) at ¶ 6.  If couriers' performance does not meet Postmates' standards, they may receive warnings and are subject to termination. Id.  Thus, Postmates retains a high level of control over its couriers, which is inconsistent with an independent contractor relationship.  Nonetheless, Postmates uniformly classifies its couriers as independent contractors. See Ex. C (Singer Decl.) at ¶ 7; Ex. D (Vanderheyden Decl.) at ¶ 8; Ex. E (Vratari Decl.) at ¶ 7; Ex. K (Williams Decl.) at ¶ 8; Ex. F (Van Merkesteyn Decl.) at ¶ 8; Ex. G (Twist Decl.) at ¶ 8.

Postmates requires its couriers to bear all of their own expenses necessary to perform their work, such as car maintenance and gas, see, e.g., Ex. C (Singer Decl.) at ¶ 4; Ex. F (Van Merkesteyn Decl.) at ¶ 4, and bicycle maintenance and gear, see, e.g., Ex. D (Vanderheyden

Decl.) at ¶ 4; Ex. E (Vratari Decl.) at ¶ 4; Ex. K (Williams Decl.) at ¶ 4; Ex. G (Twist Decl.) at ¶ 4, as well as expenses for the phone, phone charger, and data that they use the to receive and carry out orders on the Postmates Application ("App"). Id.  As a result of their misclassification, couriers have not always received minimum wage. See Ex. H (Blake Decl) at ¶ 5 (noting that he "recently worked for three hours and made only $5.00"), see also Ex. G (Twist Decl.) at ¶ 5; Ex. F (Van Merkesteyn Decl.) at ¶ 5; Ex. J (Grant Decl.) at ¶ 5 (noting that he worked "approximately 25 hours and made $104").  Moreover, many couriers frequently work more than forty hours per week but are never paid time-and-a-half for those hours that they work beyond forty per week. See Ex. E (Vratari Decl.) (noting that he routinely worked at least eight hours a day, six days a week, and was not paid time-and-a-half for those hours in excess of forty per week); Ex. K (Williams Decl.) at ¶ 6 (noting that he routinely worked at least 42 hours a week if not more but never received overtime); Ex. G (Twist Decl.) at ¶ 6; Ex. D (Vanderheyden Decl.) at ¶ 6 (noting that he routinely worked upwards of fifty hours per week in the first few months of this year but did not receive overtime); Ex. F (Van Merkesteyn Decl.) at ¶ 6 (noting that she worked more than forty hours per week in December 2014 but did not receive overtime).

## III.    ARGUMENT

### A.  THE COURT MAY ISSUE NOTICE UPON A MODEST FACTUAL SHOWING THAT SIMILARLY SITUATED CLASS MEMBERS EXIST.

The FLSA allows workers to bring an action either on an individual basis or on a collective basis for himself or herself "and other employees similarly situated."  29 U.S.C. § 216(b).  Here, Plaintiffs seek to bring this case on a collective basis with respect to their claims under the FLSA.  Similarly situated individuals may not be a party to a collective action under the FLSA unless they affirmatively opt in to the case. Id  To provide those individuals with an opportunity to opt in, "[t]he court may authorize the named FLSA plaintiffs to send notice to all potential plaintiffs and may set a deadline for those potential plaintiffs to join the suit." Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 535 (N.D. Cal. 2007) (citing Hoffmann–La Roche Inc.

1   v. Sperling, 493 U.S. 165, 169 (1989)).  Notice is intended to issue early in the life of a collective

2   action in order to establish the contours of the action and to further the broad remedial purpose of

3   the FLSA.  See Hoffman-LaRoche, 493 U.S. at 171 (discussing importance of early notice in

4   collective actions in order to "ascertain[] the contours of the action at the outset").

5          Courts in this Circuit have adopted a two-step approach in determining whether plaintiffs

6   are similarly situated for purposes of class certification under 216(b). Adams, 242 F.R.D. 530,

7   536 (N.D. Cal. 2007). "[T]he court must first decide, based primarily on the pleadings and any

8   affidavits submitted by the parties, whether the potential class should be given notice of the

9   action." Leuthold, 224 F.R.D. at 467. The usual result under this lenient standard is conditional

10  class certification. Adams, 242 F.R.D. at 536. "In the second step, the party opposing the

11  certification may move to decertify the class once discovery is complete and the case is ready to

12  be tried and the court may determine whether to "decertify the class and dismiss opt-in plaintiffs

13  without prejudice." Id. "Plaintiffs need not conclusively establish that collective resolution is

14  proper, because a defendant will be free to revisit this issue at the close of discovery." Benedict

15  v. Hewlett-Packard Co., 2014 WL 587135, *5 (N.D. Cal. Feb. 13, 2014).  Indeed, "[a]ll that need

16  be shown [in the first stage is] that some identifiable factual or legal nexus binds together the

17  various claims of the class members in a way that hearing the claims together promotes judicial

18  efficiency and comports with the broad remedial policies underlying the FLSA." Id. (internal

19  quotation omitted); see also Morton v. Valley Farm Transport, Inc., 2007 WL 1113999, *2

20  (N.D.Cal. Apr. 13, 2007) (describing burden as "not heavy" and requiring only a "reasonable

21  basis for their claim of class-wide" conduct) (internal quotation marks and citation omitted);

22  Stanfield v. First NLC Financial Serv., LLC, 2006 WL 3190527, *2 (N.D.Cal. Nov. 1, 2006)

23  (holding that the plaintiffs simply "must be generally comparable to those they seek to

24  represent").  Here, there can be no doubt that this lenient standard has been met.

25          Furthermore, courts in this Circuit have consistently recognized the importance of issuing

26  notice to similarly situated workers early in the litigation.  Courts have acknowledged that

27  "[e]arly certification in an FLSA [case] is part of the development of the factual record," and

28
6

1   have noted that bypassing or delaying the notice stage is prejudicial to workers who might be

2   deprived "of a meaningful opportunity to participate." <u>Kress v. PricewaterhouseCoopers, LLP,</u>

3   263 F.R.D. 623, 629 (E.D. Cal. 2009). By contrast, early notice "risks little harm to defendant,

4   who will be free to move for decertification once the factual record has been finalized and the

5   time period for opting in has expired." <u>Id.</u>; <u>see</u> <u>also</u> <u>Hoffman-LaRoche</u>, 493 U.S. at 171 (noting

6   that early notice in collective actions helps to "ascertain[] the contours of the action at the

7   outset"). Thus, "[i]n determining whether plaintiffs have met th[e] standard [for issuing notice]

8   courts need not consider evidence provided by defendants." <u>Id.</u> at 628. "The sole consequence of

9   conditional certification is the sending of court-approved written notice to employees, who in

10   turn become parties to a collective action only by filing written consent with the court, § 216(b)."

11   <u>Villarreal</u>, 2014 WL 7184014, *1. Thus, because Plaintiffs have made the modest showing

12   required by the FLSA, the Court should order that notice be issued at once.

13           Employers often offer a litany of arguments in an effort to complicate the lenient standard

14   for conditional certification. Courts have rightly rejected those arguments as misplaced or

15   premature. For example, employers facing conditional certification of misclassification claims

16   have argued that "the determination of whether an individual is properly classified as an

17   independent contractor is an inherently fact-specific inquiry that is not prone to group

18   adjudication." <u>Labrie</u>, 2009 WL 723599, *6. However, courts have rightly rejected this

19   contention (as evidenced by the numerous cases cited above, certifying collective actions on this

20   very question). Indeed, in <u>Labrie</u>, the Court noted that this argument "raise[s] issues primarily

21   going to the merits," and more appropriately addressed at a later stage in the litigation and that

22   where "[p]laintiffs have made substantial allegations that potential plaintiffs were subject to a

23   single illegal policy, plan or decision" of misclassification, their burden has been met. <u>See also</u>

24   <u>Harris</u>, 716 F. Supp. 2d at 841 ("To the extent there may be some individualized inquiries about

25   the level of control actually exercised … several courts have indicated that individualized

26   inquiries such as this are better to address at the second stage of certification rather than the

27   first"); <u>Flores</u>, 2013 WL 2468362, *7 (rejecting defendant's "argument, that the misclassification

28

7

of workers as independent contractors involves a fact-intensive inquiry that does not lend itself to

collective treatment," because "[t]he need for such an inquiry has not prevented courts, … from

routinely certifying FLSA cases based on allegations and affidavits similar to those presented

here"); Benedict, 2014 WL 587135, *11 (disregarding defendant's argument that "the inquiry

whether each putative class member is misclassified as exempt will be dominated by

individualized factual inquiries, . . . which courts in this Circuit have consistently rejected in

misclassification cases"); Zaborowski, 2013 WL 1787154, *3 (rejecting defendant's argument

that there are disputes regarding the level of defendant's "control over the [plaintiffs]" and

"[that] the different locations, types of clients, and types of assignments [] varied amongst the

[plaintiffs]" where all the plaintiffs "have the same job title; perform substantially similar

activities; are governed by the same [] Agreement, … and, most importantly, are all considered

exempt employees that MHN does not pay for overtime").  As in these other cases, the fact that

Plaintiffs have submitted declarations showing that Postmates' couriers are uniformly classified

as independent contractors and are subject to Postmates' control (based on Postmates'

reservation of the right to terminate them at will) is enough to satisfy their burden at this stage.

## B. THE COURT SHOULD AUTHORIZE NOTICE BECAUSE PLAINTIFFS HAS IDENTIFIED A REASONABLE BASIS FOR THEIR CLAIM THAT SIMILARLY SITUATED CLASS MEMBERS EXIST.

The standard for conditional certification and notice is more than met in this case.  The

record here provides ample support for the proposition that Defendant employs a category of

workers known as couriers whom it classifies as independent contractors.  Those workers

perform the same duties for the company (namely, delivering food and other items to customers),

are subject to the same requirements and rules, and have suffered the same damages as a result of

their misclassification.  Specifically, couriers have been required to bear the cost of their

operating expenses and have not always made minimum wage and have not been paid overtime

for any hours they work in excess of forty per week.  Simply put, the couriers have suffered the

same damages stemming from the same illegal policy of misclassifying them as independent contractors. Such a showing well satisfies the low threshold for notice under § 216(b).

Courts in this Circuit and elsewhere have not hesitated to order notice in cases brought by employees challenging their status as independent contractors and their resulting failure to receive minimum wage or overtime. See Flores v. Velocity Exp., Inc., 2013 WL 2468362, *6-7 (N.D. Cal. June 7, 2013) (granting conditional certification "on behalf of a proposed class of delivery drivers employed by Velocity who Plaintiffs allege were misclassified as independent contractors" and suffered wage violations as a result); Zaborowski v. MHN Gov't Servs., Inc., 2013 WL 1787154, *1 (N.D. Cal. Apr. 25, 2013) (granting conditional certification to counselors "alleging that [defendant] misclassified them as independent contractors, [and as] exempt from overtime payment" under the FLSA); Guifu Li v. A Perfect Franchise, Inc., 2011 WL 4635198, *6 (N.D. Cal. Oct. 5, 2011) (approving conditional certification and notice for allegedly misclassified massage therapists); Harris v. Vector Mktg. Corp., 716 F. Supp. 2d 835, 840-41 (N.D. Cal. 2010) (approving conditional certification and notice for sales representatives alleging they were misclassified as independent contractors); Labrie v. UPS Supply Chain Solutions, Inc., 2009 WL 723599, *6 (N.D. Cal. Mar. 18, 2009) (approving conditional certification and notice for similarly situated delivery drivers alleging "that [defendant] has misclassified plaintiffs as 'independent contractors' and, in doing so, has unlawfully deprived plaintiffs of the rights and protections guaranteed by the FLSA"); Scovil v. FedEx Ground Package Sys., Inc., 811 F. Supp. 2d 516, 520 (D. Me. 2011) (approving conditional certification of collective action of misclassified FedEx drivers); Scantland v. Jeffry Knight, Inc., Civ. A. No. 8:09-cv-1958 (M.D. Fl. Sept. 30, 2010) (granting conditional certification to cable installers alleging they were misclassified as independent contractors); Bogor v. Am. Pony Exp., Inc., 2010 WL 1962465, *2 (D. Ariz. May 17, 2010) (approving notice in FLSA collective action where defendant allegedly "misclassified its Airport Drivers as independent contractors and failed to pay them the wages owed under the FLSA").

1    Employers also commonly argue that an alleged lack of interest by other prospective

2  collective action members precludes conditional certification and notice, but this argument puts

3  the cart before the horse.  As courts in this Circuit have made clear, a showing of purported

4  "interest" among collective action members is wholly irrelevant to the question of whether notice

5  should issue.  See, e.g., Otey v. CrowdFlower, Inc., 2013 WL 4552493, *4 (N.D. Cal. Aug. 27,

6  2013) ("Courts in this circuit routinely hold that, at the notice stage, a failure to show that

7  putative class members have expressed a desire to opt into the action does not preclude

8  conditional certification where the plaintiff makes a threshold showing that the putative class

9  members are similarly situated"); Harris, 716 F. Supp. 2d at 838 ("The fact that other potential

10  class members have not affirmatively stated a desire to opt in does not preclude conditional

11  certification"); Davis v. Westgate Planet Hollywood Las Vegas, LLC, 2009 WL 102735, *12 (D.

12  Nev. Jan. 12, 2009) (noting that "courts—including the Ninth Circuit—have recognized that

13  requiring named plaintiffs to proffer evidence that others desire to opt in to a § 216(b)

14  conditional class before sending notice to potential class members puts the named plaintiff is the

15  'ultimate chicken and egg dilemma'" and finding that "failure to demonstrate that there are other

16  similarly situated employees who wish to opt in to this FLSA action for overtime wages does

17  not, of itself, constitute sufficient grounds to defeat the motion").

18    In any event, a number of Postmates couriers have already opted in to the case and have

19  submitted declarations in support of this motion noting that they believe others would be

20  interested in joining the case as well. See Ex. C (Singer Decl.) at ¶ 8; Ex. D (Vanderheyden

21  Decl.) at ¶ 9; Ex. E (Vratari Decl.) at ¶ 8; Ex. K (Williams Decl.) at ¶ 9; Ex. F (Van Merkesteyn

22  Decl.) at ¶ 9; Ex. G (Twist Decl.) at ¶ 9; Ex. H (Blake Decl.) at ¶ 8; Ex. I (Tsapatsaris Decl.) at ¶

23  8; Ex. J (Grant Decl.) at ¶ 8.  These couriers include individuals who have worked for Postmates

24  in California, New York, and Massachusetts. See, e.g., Ex. D (Vanderheyden Decl.) at ¶ 1; Ex. K

25  (Williams Decl.) at ¶ 1; Ex. J (Grant Decl.) at ¶ 1.  Therefore, even if this Court were to find that

26  Plaintiffs are required to show that other potential class members have interest in the case,

27  Plaintiffs have satisfied this burden.  Once notice is issued and the entire potential class is

28

10

informed of their rights to pursue claims for unpaid overtime and minimum wages against

Postmates, many more couriers are sure to do so as well.[4]

## C.  NATURE AND EXTENT OF THE NOTICE

This Court should order notice to be mailed to all couriers who have worked for

Postmates within the last three years, giving them a meaningful opportunity to understand their

rights and to join this litigation.

### 1.  The Court Should Approve Plaintiffs' Proposed Notice Process

Plaintiffs request that the Court authorize them to send the Proposed Notice, attached as

Exhibit A, to all individuals who have worked for Defendant as couriers during the period from

May 26, 2012, to the present ("Potential Opt-In Plaintiffs").  Plaintiffs' Proposed Notice is

"timely, accurate, and informative."  Hoffmann-La Roche, 493 U.S. at 172.  District courts often

approve specific notice in FLSA cases, and the Court should do so here as well.  See, e.g., Otey,

2013 WL 4552493, *6; Flores, 2013 WL 2468362, *11; Benedict, 2014 WL 587135, *15.

Notice serves the FLSA's "broad" and "remedial" purpose (Valerio v. Putnam Assocs Inc., 173

F.3d 35, 42 (1st Cir. 1999)), and the form and content of a § 216(b) notice should maximize

participation.  Otherwise, potentially meritorious claims will diminish or expire.  See Nash, 683

F. Supp. 2d at 200 ("[P]arties alleged to be 'similarly situated' in a § 216(b) case must

affirmatively opt in to toll the limitations period.").  A proposed Opt-In Form for members of the

potential collective action to fill out and return is attached as Exhibit B.

i.     The time period described in Section (i) above is appropriate.  Because this case

alleges a "willful" violation of the FLSA, see Doc. 1, Counts I and II, the applicable statute of

limitations is three years.  29 U.S.C. § 255(a).

---

[4]     Employers sometimes argue that declarations like the ones submitted here are not
competent evidence, but the courts have rejected this argument.  See, e.g., Syed v. M-I, L.L.C.,
2014 WL 6685966, *6 (E.D. Cal. Nov. 26, 2014) ("[C]ourts have held that on a motion for class
certification, the evidentiary rules are not strictly applied and courts can consider evidence that
may not be admissible at trial"); Labrie, 2009 WL 723599, *7 (rejecting the argument "that
plaintiffs' declarations are not competent evidence").

11

ii.      Defendant should also be ordered to produce a list of the Potential Opt-in Plaintiffs' names, last-known mailing addresses, last-known telephone numbers, email addresses, work locations, and dates of employment.  Courts routinely require defendants to produce this information when granting conditional certification motions. Adams, 242 F.R.D. at 539 (ordering "defendant to submit to [plaintiffs] contact information of all potential plaintiffs in the collective action" and rejecting argument "that it would violate their employees' privacy rights"); Otey, 2013 WL 4552493, *6 ("As courts routinely require defendants to produce the contact information of putative class members, and because Defendants have the contractual right to obtain the contact information at issue, Defendants shall procure and produce to Plaintiffs within 45 days of the date this order is issued the I P addresses and any known email addresses, mailing addresses, and phone numbers of all individuals who fall within the class definition"); Deatrick v. Securitas Sec. Servs. USA, Inc., 2014 WL 5358723, *5 (N.D. Cal. Oct. 20, 2014) (finding that "[c]ourts routinely require defendants to produce the contact information of putative class members" and "reject[ing] Defendant Securitas's suggestion that disclosure of this information to Plaintiff violates employees' privacy rights"); Hoffmann–LaRoche, 493 U.S. at 170 (holding that district courts have the authority to compel the production of contact information of employees for purposes of facilitating notice in FLSA collective actions); Hernandez v. NGM Mgmt. Grp. LLC, 2013 WL 5303766, *5 (S.D.N.Y. Sept. 20, 2013) (ordering defendants to provide names, title, compensation rate, hours worked per week, period of employment, last known mailing address, alternate addresses, and all known telephone numbers) (collecting cases).

iii.      The Court should also allow Plaintiffs to send notice to class members by email, as well as U.S. Mail.  See Benedict, 2014 WL 587135, *14 ("Courts routinely approve the production of email addresses and telephone numbers with other contact information to ensure that notice is effectuated, and the Court finds that warranted here as well"); Syed, 2014 WL 6685966, *8 (finding that "email is an increasingly important means of contact" and ordering that notice be sent via hardcopy mail and email to all potential opt-ins); Otey, 2013 WL 4552493, *5 (allowing for "notice by email and online postings").

12

iv.     Defendant should also be required to post the notice online on its website.  <u>See</u> <u>Otey</u>, 2013 WL 4552493, *5 (ordering that "Defendants shall post the notice approved by the Court on www.crowdflower.com and on the ten websites through which CrowdFlower obtains the most crowdsourced work"); <u>Trinidad v. Pret A Manger (USA) Ltd.</u>, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) (ordering that defendant post notice in its stores because "[a] purpose of notice *is* to start a conversation among employees, so as to ensure that they are notified about potential violations of the FLSA and meaningfully able to vindicate their statutory rights."); <u>Whitehorn v.</u> <u>Wolfgang's Steakhouse, Inc.</u>, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."); <u>Wren v. Rgis Inventory Specialists</u>, 2007 WL 4532218, *9 (N.D. Cal. Dec. 19, 2007) (rejecting defendant's objections and allowing for notice to be posted on defendant's website).

v.     The Court should set the notice period of at least 90 days.  This opt-in period is warranted because of the large potential size of the class and because of the high turnover among couriers.  <u>See, e.g.</u>, <u>Otey</u>, 2013 WL 4552493, *5 (finding "that the 90–day opt-in period is reasonable given the size of the class"); <u>Guy v. Casal Inst. of Nev., LLC</u>, 2014 WL 1899006, *6 (D.Nev. May 12, 2014) (authorizing notification to putative class members for 90-day period and noting that "a large portion of the class may consist of former students who are not presently connected to the Defendant"); <u>Syed.</u>, 2014 WL 6685966, *9 (noting that "[i]n approving longer periods of time, courts have accepted arguments that the potential class is transitory and there is a high turnover rate, meaning that additional investigation may be required in order to contact potential opt-in plaintiffs"); <u>Carrillo v. Schneider Logistics, Inc.</u>, 2012 WL 556309, *15 (C.D.Cal. Jan. 31, 2012) (granting 180 day opt-in period because the "case concerns low-wage, immigrant workers in an industry with high turnover").

vi.     The Court should also authorize Plaintiffs to mail and e-mail a reminder to all potential class members who have not yet opted-in to this matter within 45 days of the first notice mailing.  It is well-documented that people often disregard collective action notices.  <u>See</u>

13

<u>Andrew C. Brunsden, Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts</u>, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008). Courts regularly authorize reminder notices to increase the chance that workers will be informed of their rights. <u>See Sanchez v. Sephora USA, Inc.</u>, 2012 WL 2945753, *6 (N.D. Cal. July 18, 2012) ("[C]ourts have recognized that a second notice or reminder is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in.") (internal citations omitted); <u>Deatrick</u>, 2014 WL 5358723, *5 (N.D. Cal. Oct. 20, 2014); <u>Harris</u>, 716 F. Supp. 2d at 847 (N.D. Cal. 2010). Postmates has no reason to oppose a reminder notice other than that it may increase the participation rate, which is not a good reason to oppose this request. Plaintiffs will bear the cost of the mailing and reminder mailing, and it will not change the end of the notice period.

**CONCLUSION**

Plaintiffs have plainly shown that notice is appropriate at this stage. Accordingly, the Court should: (1) conditionally certify this action as a collective action under 29 U.S.C. § 216(b); and (2) order that notice be issued to all couriers who have worked for Defendant during the last three years. A proposed notice and consent form are attached as Exhibits A and B.

Date: May 26, 2015

Respectfully submitted,

SHERRY SINGER, RYAN WILLIAMS, RYDER
VANDERHEYDEN, STEVEN GRANT, and
MICHAEL TSAPATSARIS, individually and on
behalf of all others similarly situated,

By their attorneys,

_/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com; apagano@llrlaw.com

Matthew Carlson
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 817-1470
mcarlson@carlsonlegalservices.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on

May 26, 2015, on all counsel of record.

_/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.