SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 817-1470

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERRY SINGER, RYAN WILLIAMS, RYDER VANDERHEYDEN, STEVEN GRANT, and MICHAEL TSAPATSARIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POSTMATES, INC,<br><br>Defendant. | 4:15-cv-01284-JSW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE AND OPPOSITION TO DEFENDANT'S REQUEST FOR EVIDENCE TO BE STRICKEN**<br><br>Judge: Hon. Jeffrey S. White |

On September 4, 2015, Defendant Postmates, Inc. ("Postmates") filed an objection (Dkt. 48) to Plaintiffs' reply evidence in support of Plaintiffs' Rely In Support of Plaintiffs' Motion For Notice To Be Issued To Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b) ("Plaintiffs' Reply") (Dkt. 45-46). Postmates contends that Plaintiffs' evidence is improper and untimely, and, as such, must be stricken under Civil L.R. 7-3(d)(1).[1] Such claims are meritless, and the Court should reject Defendant's motion.

First, as set forth in Civil L.R. 7-3(c), Plaintiffs' evidence is neither improper nor untimely. Civil L.R. 7-3(c) states (in relevant part) "[a]ny reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7-4." Here, Plaintiffs' attachment of evidence to its Reply is certainly permissible under Civil L.R. 7-3(c).[2]

Second, Defendant's reliance on Civil L.R. 7-3(d)(1) is also misplaced because Rule 7-3(d)(1) permits an objection to reply evidence only where the moving party has submitted *new* evidence.[3] Presumably, this rule allows the non-moving party a chance to respond to evidence that "came out of left field." Here, Plaintiffs' reply evidence was a mere supplement to evidence already produced in Plaintiffs' Motion For Notice To Be Issued To Similarly Situated Employees Pursuant to

---

[1] Postmates also notes in its opposition that it intends to file an administrative motion for leave to file a surreply to respond to Plaintiff's reply evidence, Dkt. 48 at FN 1, although it has not done so yet, and it would appear to now be too late, as it has been three weeks since Plaintiffs' reply was filed, and the hearing on Plaintiffs' motion is scheduled for next week, September 25, 2015.

[2] Notably, the court in Moua v. Int'l Bus. Machines Corp., found that the defendant's reliance on Civil. L.R. 7-3(d)(1) to object to declarations attached to the plaintiff's reply brief was "misplaced" because "Local Rule 7-3(c) makes it clear that [] any reply to an opposition may include affidavits or declarations." 2013 WL 685220, *4 (N.D. Cal. Feb. 25, 2013) (internal quotations omitted).

[3] Defendant cites Golden West Fin. V. WMA Mortgage Servs., Inc., 2003 U.S. Dist. LEXIS 4100, *12-13 (N.D. Cal. Mar. 13, 2003) for the principle that new evidence should be stricken where the plaintiff offers "no justification for their failure to submit their [] evidence in connection with their initial moving papers." In Golden West Fin., the court struck evidence submitted in a reply brief where the plaintiff had failed to offer *any* evidence in its initial moving papers. Id. Here, Plaintiffs' reply evidence is a mere supplement to the evidence offered in its earlier briefing. Thus, the factual scenario presented in Golden West Fin. has no bearing on the
(continued on next page)

1

29 U.S.C. § 216(b) (Dkt. 15), offered in response to Defendant's contention that Plaintiffs cannot demonstrate "a sufficiently plausible common theory of liability" (Dkt. 42, at 15). As the court in Moua v. Int'l Bus. Machines Corp. held, evidence cannot be considered "new" where it is a mere response to an argument made in the defendant's opposition. 2013 WL 685220, *4.

Further, Postmates has already had an opportunity to respond to the type of evidence Plaintiffs offered in their reply. Indeed, in Postmates' response to Plaintiffs' motion for conditional class certification, Postmates asserted that Plaintiffs' declarations (which are virtually identical to the declarations submitted in Plaintiffs' reply) "are devoid of competent evidence suggesting that Plaintiffs or any other putative class members were actually misclassified." Dkt. 42 at 8. Thus, not only has Postmates already had a chance to respond to the evidence Plaintiffs seek to offer, but, given that Postmates finds such evidence unpersuasive, any concerns that Postmates might be prejudiced by Plaintiffs' reply evidence are also without merit.

For the reasons stated above, the Court should deny Postmates' request that the Plaintiffs' reply evidence be stricken.

---

(footnote continued from previous page)
situation at hand.

Date: September 18, 2015

Respectfully submitted,

SHERRY SINGER, RYAN WILLIAMS, RYDER VANDERHEYDEN, STEVEN GRANT, and MICHAEL TSAPATSARIS, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com; apagano@llrlaw.com

Matthew Carlson
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 817-1470
mcarlson@carlsonlegalservices.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on September 18, 2015, on all counsel of record.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

3