UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHERRY SINGER, et al.,

    Plaintiffs,

v.

POSTMATES INC.,

    Defendant.

Case No. 15-cv-01284-JSW

**ORDER RE PRELIMINARY APPROVAL**

On July 6, 2017, the Court issued an order regarding Plaintiffs' motion for preliminary approval of a class settlement. The Court expressed some concerns regarding certain provisions of the Settlement Agreement and therefore required the parties to submit supplemental briefing to provide the Court with additional details. On July 7, 2017, the parties submitted their supplemental brief and revised settlement documents. The Court finds the supplemental brief to be thorough and well supported. The parties have either made revisions to the settlement in light of the Court's concerns or provided a detailed, persuasive explanation in defense of the Settlement Agreement's provisions. For these reasons, the Court is prepared to grant preliminary approval of the proposed settlement, subject to the following housekeeping revisions.

*First*: Regarding Plaintiffs' counsel's attorneys' fees and service award motion. The Ninth Circuit has held that it is "the obligation of the district court to ensure that the class has an adequate opportunity to review and object to its counsel's fee motion." *In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 995 (9th Cir. 2010). The Settlement Agreement and proposed order properly provide for the attorneys' fees and service award motion to be filed prior to the deadline for objections or exclusions. In addition to this, however, the Court believes the

proposed class notice and proposed order should be revised in the following ways to ensure that the class has an adequate opportunity to review the attorneys' fee and service award payments.

- There is an inconsistency in the proposed settlement and the proposed order submitted by the parties.  The proposed settlement provides: "Class Counsel shall file a petition for the Class Counsel Award and Service Awards at least twenty-one (21) days before the Exclusion/Objection Deadline . . . ." (Dkt. No. 78-1, Settlement Agreement § 3.1.)  The proposed order, however, provides: "Plaintiffs shall file a Motion for Final Approval of Class Action (including a request for attorneys' fees, costs, and class representative service awards) no later than 14 days before [exclusion/objection deadline]."  (Dkt. No. 78-1, Proposed Order at 4.)  This inconsistency should be reconciled by revising the proposed order to include the 21 day deadline instead of the 14 day deadline.
- At the end of the proposed order, the parties shall expressly include the deadline for filing the motion for final approval and motion for attorneys' fees and service awards in the list of "deadlines established by this Preliminary Approval Order."
- The parties shall ensure that the attorneys' fee and service award motion will be included on the settlement website once it is filed with the Court.
- The proposed class notice should be revised to specifically indicate (1) when the attorneys' fee and service award motion will be filed, (2) that class members will be able to locate the motion on the settlement website once it is filed, and (3) that the deadline to object to the attorneys' fee and service award motion is the same as the deadline to object to the settlement more generally.  The Court believes this should be done by adding a new "section" to the class notice entitled "Class Counsel Attorneys' Fees and Service Payments" — appearing after the "Class Counsel" section but before the "Final Settlement Approval Hearing" section on page 10 of the notice. This added section could reiterate the maximum amount of attorneys' fees and service awards that will be sought by Plaintiffs, indicate when the motion will be filed, state that the motion will be posted on the settlement's website (with the website address provided), and list the deadline for objecting.

*Second*: The opening sentence of section 8.6 in the Settlement Agreement should be struck. This sentence reads: "Any Settlement Class Member who does not file a timely notice of intent to object in accordance with this Section shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed Settlement, the Plan of Allocation, the Class Counsel Award and the Service Awards." (Settlement Agreement § 8.6.) Because the parties have revised the Settlement Agreement to provide that class members may object to the settlement by appearing at the Final Approval Hearing without first having sent a written objection (*see id.* § 8.1), the Court believes the opening sentence in section 8.6 is no longer valid.

*Third*: The Court notes that the parties have added a substantive term to the Settlement Agreement, namely that any "unclaimed funds" remaining will either be (1) distributed to a *cy pres* designee (the National Employment Law Project), or (2) "used to resolve disputes regarding the distribution of settlement funds." (Settlement Agreement § 10.3.) This latter provision is new. While the Court is not troubled by this provision, its inclusion into the Settlement Agreement requires revision to two other provisions in the Settlement Agreement and proposed class notice.

Section 5.13 of the Settlement Agreement, which discusses the distribution of the Individual Settlement Payments, provides that the "value of any uncashed checks following this residual distribution will be donated on a *cy pres* basis to the National Employment Law Project." (Settlement Agreement § 5.13.) Similarly, Paragraph 4 of the proposed class notice provides that "Any funds that are not claimed . . . will be donated to the National Employment Law Project, a non-profit organization that advocates for worker's rights." (Dkt. No. 78-1, Class Notice ¶ 4.) These provisions are no longer entirely accurate in light of the Settlement Agreement providing that unclaimed funds *may* be used to "resolve disputes regarding the distribution of settlement funds."

*Fourth*: There appears to be a typographical error in the proposed class notice at the third

3

bullet point of Paragraph 5: "Postmates will make available . . . third party occupational accident insurance . . . to be paid at participating Couriers' couriers' [sic] expense." (Class Notice ¶ 5.)

*Fifth*: In order to aid the Court in granting preliminary approval (and to ensure the orderly administration of the settlement), the parties should submit a revised proposed order granting preliminary approval that includes specific dates for the various deadlines. To do this, the parties shall first meet and confer and arrive at a date for the final approval hearing. In choosing this date, the parties shall consult the calendar and scheduling notes on the Court's website, and shall select an open and available date on the Court's regularly-scheduled law and motion calendar. Second, the parties shall base the deadlines in the proposed order on an assumption that the Court will grant preliminary approval (and sign the proposed order) on **Friday, September 1, 2017**.

The parties are ORDERED to provide a revised Settlement Agreement, class notice, and proposed order granting preliminary approval by August 25, 2017. If the parties have questions or concerns regarding the modifications requested in this order, they shall promptly notify the Court prior to that date.

**IT IS SO ORDERED.**

Dated: August 10, 2017

_____
JEFFREY S. WHITE
United States District Judge