1   SHANNON LISS-RIORDAN, SBN 310719       ANDREW M. SPURCHISE, Bar No. 245998
    ADELAIDE PAGANO, *pro hac vice*            aspurchise@littler.com
2   LICHTEN & LISS-RIORDAN, P.C.            JOHN S. HONG, Bar No. 255150
    729 Boylston Street, Suite 2000            jhong@littler.com
3   Boston, MA 02116                       MEL M.C. COLE, Bar No. 293265
    Telephone: (617) 994-5800                  mmcole@littler.com
4   Facsimile: (617) 994-5801              LITTLER MENDELSON, P.C.
    sliss@llrlaw.com                       333 Bush Street
5   apagano@llrlaw.com                     34th Floor
                                           San Francisco, California  94104
6   MATTHEW CARLSON, SBN 273242            Telephone:    415.433.1940
    LICHTEN & LISS-RIORDAN, P.C.           Facsimile:    415.399.8490
7   466 Geary Street, Suite 201
    San Francisco, CA 94102                Attorneys for Defendant
8   Telephone: (415) 630-2651              POSTMATES INC.
    Facsimile: (617) 994-5801
9   mcarlson@llrlaw.com

10  Attorneys for Plaintiffs
    SHERRY SINGER, RYAN WILLIAMS,
11  RYDER VANDERHEYDEN, STEVEN
    GRANT, and MICHAEL TSAPATSARIS,
12  individually and on behalf of all others
    similarly situated

13

14              UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16  SHERRY SINGER, RYAN WILLIAMS,         Case No.  4:15-cv-01284-JSW
    RYDER VANDERHEYDEN, STEVEN
17  GRANT, and MICHAEL TSAPATSARIS,       **REVISED CLASS ACTION SETTLEMENT**
    individually and on behalf of all others   **AGREEMENT AND RELEASE**
18  similarly situated,

19              Plaintiffs,

20         v.
                                          Complaint Filed: March 19, 2015
21  POSTMATES, INC.,                      FAC Filed: May 26, 2015
                Defendant.
22

23

24

25

26

27

28

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1  This Class Action Settlement Agreement and Release, including Exhibits A - D hereto
2  ("Settlement Agreement" or "Agreement"), is made and entered into by, between, and among
3  Plaintiffs Sherry Singer, Ryan Williams, Ryder Vanderheyden, Steven Grant, Michael Ryan
4  Tsapatsaris, Lamont Adair, and Chito Peppler ("Plaintiffs") on behalf of themselves, the Settlement
5  Class, and Settlement Collective, as defined below, on the one hand, and Defendant Postmates Inc.
6  ("Defendant" or "Postmates") on the other hand.   Plaintiffs and Defendant (collectively, the
7  "Parties") enter into this Agreement to effect a full and final settlement and preclusive judgment
8  resolving all claims brought or that could have been brought against Postmates in the cases: (1)
9  *Singer v. Postmates Inc.*, Northern District of California, Case No. 4:15-cv-01284, filed March 19,
10 2015 (First Amended Complaint ("FAC") filed May 20, 2015), (2) *Adair v. Postmates Inc.*, Alameda
11 County Superior Court of California, Case No. RG15759775, filed February 24, 2015 (FAC filed
12 May 1, 2015), and (3) *Chito Peppler v. Postmates Inc.*, Superior Court for the District of Colombia,
13 Case No. 2015 CA 006560 B, filed August 25, 2015, including as amended pursuant to this
14 Agreement (taken together, the three cases shall be referred to as "the Action"), and all claims based
15 on or reasonably related thereto.   This Agreement is intended to fully and finally compromise,
16 resolve, discharge, and settle the Released Claims, as defined and on the terms set forth below, and
17 to the full extent reflected herein, subject to the approval of the Court.

18 **I.    RECITALS**

19      This Agreement is made in consideration of the following facts:

20      1.1    WHEREAS, on March 19, 2015, Plaintiffs Sherry Singer and Ryan Williams filed a
21 Federal Rule of Civil Procedure Rule 23 class action and Fair Labor Standards Act ("FLSA")
22 collective action complaint in the Northern District of California (Case No. 4:15-cv-01284-JSW)
23 asserting, on behalf of themselves and all couriers classified by Postmates as independent contractors
24 nationwide (for the collective action) and separately in the states of California, Massachusetts, and
25 New York (for the class actions), various wage-related claims against Postmates arising from
26 Postmates' alleged misclassification of couriers as independent contractors.   On May 20, 2015,
27 Plaintiffs Sherry Singer and Ryan Williams filed a First Amended Complaint, which added Plaintiffs
28 Ryder Vanderheyden, Steven Grant, and Michael Ryan Tsapatsaris, and a cause of action for

2.

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

violation of the California Private Attorneys General Act, Labor Code §§ 2698, *et seq.* ("PAGA") (the *"Singer* Action");

1.2     WHEREAS, on May 26, 2015, simultaneously with their amended Complaint, the *Singer* Plaintiffs filed a Motion for Notice to Be Issued to Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b).  On June 29, 2015, Defendant timely filed a Motion to Dismiss Counts X and XI (the Massachusetts State Claims) of Plaintiffs' First Amended Complaint with Prejudice based on federal preemption.  Both of these Motions were fully briefed and taken under submission by the Court.  Before any decision was issued, Postmates and the *Singer* Plaintiffs agreed to mediate the *Singer* Action and requested a stay, which the Court granted and has been in place to date.  Before the stay was in place, Postmates and the *Singer* Plaintiffs engaged in discovery – the *Singer* Plaintiffs deposed Postmates' Person Most Knowledgeable and Postmates produced hundreds of pages of documents and responded to written discovery;

1.3     WHEREAS, on February 24, 2015, Plaintiff Lamont Adair filed a class action complaint in Alameda County Superior Court (Case No. RG15759775) on behalf of himself and a proposed class consisting of all couriers in California classified by Postmates as independent contractors, asserting various wage-related claims against Postmates arising from Postmates' alleged misclassification of couriers in California as independent contractors.  On May 1, 2015, Plaintiff Adair filed a First Amended Complaint which added a cause of action for violation of the PAGA (the "*Adair* Action");

1.4     WHEREAS, no motions have been filed in the *Adair* Action.  Postmates and Plaintiff Adair engaged in discovery – Plaintiff Adair deposed Postmates' Person Most Qualified and Postmates produced hundreds of pages of documents and responded to written discovery;

1.5     WHEREAS, on August 25, 2015, Plaintiff Chito Peppler filed a class action complaint in Superior Court for the District of Colombia (Case No. 2015 CA 006560 B) on behalf of himself and a proposed class consisting of all couriers in Washington, D.C. classified by Postmates as independent contractors, asserting various wage-related claims against Postmates arising from Postmates' alleged misclassification of couriers in Washington, D.C. as independent contractors (the "*Peppler* Action");

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

3.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1.6    WHEREAS, on September 21, 2015, Postmates removed the *Peppler* Action to Federal Court.  Plaintiff Peppler then filed a motion to remand, which the court granted on July 25, 2016.  On August 25, 2016, Postmates filed a Motion to Dismiss Plaintiff's Complaint, and Plaintiff Peppler amended his complaint on September 23, 2016.  Postmates then filed a Motion to Dismiss Count II of Plaintiff's Amended Complaint.  Before Plaintiff Peppler could amend or respond, Postmates and Plaintiff Peppler stipulated to stay the *Peppler* Action in light of this settlement.  At the time of the stay, Plaintiff Peppler had propounded written discovery, but Postmates had not yet responded;

1.7    WHEREAS, Plaintiffs allege generally that Postmates improperly classified them and all putative Settlement Class Members and Putative Settlement Collective Members as independent contractors rather than employees, and assert derivative claims related thereto;

1.8    WHEREAS, Postmates denies the allegations in the Action; maintains each and any couriers' claims must be individually arbitrated pursuant to any arbitration agreement to which that courier may be bound; denies that it has engaged in any wrongdoing; denies that any Settlement Class Member or Putative Settlement Collective Member was ever an employee of Postmates; denies that Plaintiffs' allegations state valid claims; denies that a litigation class could properly be certified in the Action; denies that Plaintiffs' claims could properly be maintained as a representative action; and states that it is entering into this Settlement Agreement solely to eliminate the burden, expense, and delay of further litigation and arbitrations, and on the express conditions that: (a) if for any reason the Settlement is not finalized according to the terms of this Agreement, the Settlement and the documents generated as a result of the Settlement shall not be admissible or usable for any purpose in any of the cases included in the action or any other civil or administrative proceeding or arbitration; and (b) this Settlement and the documents generated as a result of the Settlement are not admissible or usable in any other civil or administrative proceeding or arbitration, except to the extent necessary to enforce this Settlement and the orders, judgment and agreements arising from this Settlement;

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1.9     WHEREAS, a bona fide dispute exists as to whether any amount of wages or penalties are due from Defendant to any putative Settlement Class Member, Putative Settlement Collective Member, or to the California Labor and Workforce Development Agency ("LWDA");

1.10    WHEREAS, in preparation for mediation, Postmates and the *Singer* Plaintiffs engaged in informal discovery, exchanging information, documents and reviewing and analyzing extensive data made available by Postmates, which enabled Plaintiffs and the mediator to thoroughly evaluate Plaintiffs' claims and the claims of the putative class, and the likely outcomes, risks and expense of pursuing litigation;

1.11    WHEREAS, the *Singer* Plaintiff and Postmates attended an in-person mediation session with professional mediator Hunter R. Hughes, III of Hunter Hughes ADR, and all Parties continued to discuss settlement terms at length with the mediator following the mediation session, before agreeing to the terms of this arm's-length Settlement;

1.12    WHEREAS, as a result of the mediation, Plaintiffs, Class Counsel and all Plaintiffs' Counsel believe that the Settlement provides a favorable recovery for the Settlement Class and Settlement Collective, based on the claims asserted, the evidence developed, and the damages that might be proven against Postmates in the Action.  The Plaintiffs, Class Counsel and all Plaintiffs' Counsel further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Postmates through trial and appeals.  They also have considered the uncertain outcome and the risk of any litigation, especially in complex litigation such as the Action, as well as the difficulties and delays inherent in any such litigation.  They are also mindful of the inherent challenges of proof and the strength of the defenses to the alleged claims, and therefore believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice as set forth herein, subject to the approval of the Court;

1.13    WHEREAS, Plaintiffs, Class Counsel and all Plaintiffs' Counsel, based on their own independent investigations and evaluations, have examined the benefits to be obtained under the terms of this Settlement Agreement, have considered the claims of the Plaintiffs, the claims of the average Settlement Class Member and Putative Settlement Collective Member, the risks associated with the continued prosecution of the Action, and the likelihood of success on the merits of the

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Action, and believe that, after considering all the circumstances, including the uncertainties surrounding the risk of further litigation and the defenses that Postmates has asserted and could assert, the proposed Settlement set forth in this Agreement is fair, reasonable, adequate, in the best interests of the Plaintiffs, the Settlement Class, and the Settlement Collective, and confers substantial benefits upon the Settlement Class and Settlement Collective;

1.14    WHEREAS, Plaintiffs warrant and represent that they are effecting this Settlement and executing this Agreement after having received full legal advice as to their respective rights and have had the opportunity to obtain independent counsel to review this Agreement;

1.15    WHEREAS, the Parties further agree that the Agreement, the fact of this Settlement, and any of the terms of this Agreement, and any documents filed in connection with the Settlement shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding, or evidence of: (i) any wrongdoing by any Released Parties, (ii) any violation of any statute or law by Released Parties, (iii) any liability on the claims or allegations in the Action on the part of any Released Parties, or (iv) any waiver of Postmates' right to arbitration or the enforceability of any Postmates arbitration agreement, or (v) the propriety of certifying a litigation class or collective (conditionally or otherwise) or pursuing representative relief under the PAGA in the Action or any other proceeding; and shall not be used by any Person for any purpose whatsoever in any administrative or legal proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of the Agreement.  There has been no final determination by any court as to the merits of the claims asserted by Plaintiffs against Postmates, nor has there been any final determination as to whether a class or collective should be certified or whether representative claims may properly be pursued, other than for settlement purposes only;

1.16    WHEREAS, for settlement purposes only, Postmates will stipulate to the certification of class and collective claims that are subject to the certification requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. § 216(b), and California Code of Civil Procedure section 382. Postmates disputes that certification is proper for the purposes of litigating the class and collective claims proposed in or flowing from the claims asserted in the *Singer, Adair,* or *Peppler* lawsuits;

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.17    WHEREAS, the Parties desire to compromise and settle all issues and claims that have been, could have been, or should have been brought against Postmates or related persons in the Action, including all claims brought on a putative class, collective and representative basis in the *Singer, Adair,* or *Peppler* lawsuits;

1.18    NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED, by the Plaintiffs for themselves and on behalf of the Settlement Class and Putative Settlement Collective, and by Postmates, that, subject to the approval of the Court, the Action (including *Singer, Adair,* or *Peppler*, the lawsuits that comprise the Action) shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled and dismissed as to the Released Parties, in the manner and upon the terms and conditions hereafter set forth in this Agreement.

## II.    DEFINITIONS

Unless otherwise defined herein, capitalized terms used in this Agreement shall have the meanings set forth below:

2.1    "Claim Form" means the document included in the Class Notice which Settlement Class Members must complete and return to receive Individual Settlement Payments, without material variation from the relevant portion of Exhibit A.

2.2    "Class Counsel" means Lichten & Liss-Riordan, P.C., the Law Office of James Farinaro, Catalano Law Group, Migliaccio & Rathod LLP and Whitfield Bryson & Mason LLP, with Lichten & Liss-Riordan as Lead Class Counsel.

2.3    "Class Counsel Award" means (i) the attorneys' fees for Class Counsel's litigation and resolution of the Action, including the *Singer*, *Adair* and *Peppler* lawsuits, and any and all arbitrations and claims resolved by this Settlement, as awarded by the Court, which may not exceed twenty-five percent (25%) of the Total Settlement Amount, and which shall be divided between Class Counsel pursuant to a separate agreement to fully satisfy all Class Counsel's claims for attorneys' fees relating to their respective actions; and (ii) all expenses and costs incurred by Class Counsel (and any other Plaintiffs' Counsel) in connection with litigation and resolution of *Singer*,

TLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

*Adair* and *Peppler*, and any and all arbitrations and claims resolved by this Settlement, as awarded by the Court.

2.4    "Class Information" means information regarding Settlement Class Members and Putative Settlement Collective Members that Defendant will in good faith compile from its records and provide to the Settlement Administrator.  Class Information shall be provided in a Microsoft Excel spreadsheet and shall include, if possible, for each Settlement Class Member and Putative Settlement Collective Member: full name, last known address, email address, state or district in which deliveries were completed, and Delivery Miles.  Because Settlement Class Members' and Putative Settlement Collective Members' private information is included in the Class Information, Class Counsel, and the Settlement Administrator shall maintain the Class Information in confidence and shall use and disclose Class Information only for purposes of this Settlement and for no other purpose; access shall be limited to employees of the Settlement Administrator and, only to the extent necessary, Class Counsel, with a need to use the Class Information as part of the administration of the Settlement.

2.5    "Class Notice" means the notice of class and collective action settlement and enclosed Claim Form to be provided to Settlement Class Members and Putative Settlement Collective Members, without material variation from the relevant portion of Exhibit A.

2.6    "Court" means the United States District Court for the Northern District of California.

2.7    "Delivery Miles" means the total number of miles on delivery, calculated as miles between acceptance of the delivery request and the location where orders are picked up, as well as the location where orders are delivered, for each Settlement Class Member and Putative Settlement Collective Member in the Settlement Period and prior to the Preliminary Approval Date, regardless of location of the deliveries, as determined by Postmates' records.

2.8    "Effective Date" means seven (7) days after which both of the following events have occurred: (i) the Court's Final Approval order and Judgment has been entered and (ii) the Court's Final Approval order and Judgment have become Final.

2.9    "Exclusion/Objection Deadline" means the final date by which a Settlement Class Member may either (i) object to any aspect of the Settlement, or (ii) request to be excluded from the

8.

Settlement.  The Exclusion/Objection Deadline shall be sixty (60) days after the Mailed Notice Date, and shall be specifically identified and set forth in the Preliminary Approval Order and the Class Notice.

2.10    "Final" when referring to a judgment or order, means that (i) the judgment is a final, appealable judgment; and (ii) either (a) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (b) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for re-hearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment order in its entirety.

2.11    "Final Approval" means the Court's entry of a Final Approval order finally approving this Settlement.

2.12    "Final Approval Hearing" means the hearing at or after which the Court will make a final decision as to whether the Settlement is fair, reasonable, and adequate, and therefore, finally approved by the Court.

2.13    "General Released Claims" includes all of the Settlement Class Members' Released Claims and Settlement Collective Members Released Claims, with the addition of: (i) violations of Title VII of the Civil Rights Act of 1964; (ii) violations of the Civil Rights Act of 1866; (iii) violations of the Americans with Disabilities Act; (iv) violations of any and all potential claims against Postmates that could be brought under corresponding state law; and (v)  any claims for wages, penalties, breach of an express or implied contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud, misrepresentation, defamation, slander, retaliation, discrimination, harassment, wrongful termination, infliction of emotional distress, loss of future earnings or profits or any other claims based upon any state or federal public policy, or any other alleged wrongful conduct or injury, arising out of or in any way connected with any acts or omissions occurring prior to the Preliminary Approval Date, based on the claims that were alleged in the Action or that arise out of or relate to Plaintiffs', Original Opt-In Participants, and Raef Lawson's relationship with Postmates or the services Plaintiffs, Original Opt-In Participants, and

9.

1  Raef Lawson provided using Postmates' software application, or that arise out of or relate to the

2  facts alleged in the action, in addition to all claims based on or arising under the federal and state law

3  sections included in the Settlement Class Members' and Settlement Collective Members' Released

4  Claims and any other equivalent federal or state law of any state in which Plaintiffs reside and/or

5  provided services using Postmates' software application.  Further, with respect to Plaintiffs Singer

6  and Peppler, "General Released Claims" shall include violations of the Age Discrimination in

7  Employment Act of 1967 ("ADEA") that may have arisen under the ADEA prior to the Preliminary

8  Approval Date.

9       2.14   "Individual Settlement Payment" means the amount payable from the Total

10  Settlement Amount to each Settlement Collective Member, and each Settlement Class Member who

11  does not opt out and submits a Claim Form.  The Individual Settlement Payment shall be calculated

12  pursuant to Paragraphs 5.7-5.12 herein.

13      2.15   "Judgment" means the judgment to be entered in the Action on Final Approval of this

14  Settlement.

15      2.16   "Legally Authorized Representatives" means an administrator/administratrix,

16  personal representative, or executor/executrix of a deceased Settlement Class Member's or Putative

17  Settlement Collective Member's estate; a guardian, conservator, or next friend of an incapacitated

18  Settlement Class Member or Putative Settlement Collective Member; or any other legally appointed

19  Person responsible for handling the business affairs of a Settlement Class Member or Putative

20  Settlement Collective Member.

21      2.17   "Mailed Notice Date" means the date of the initial distribution of the Class Notice to

22  Settlement Class Members and Putative Collective Settlement Members, as set forth in Section VI.

23      2.18   "Non-California Settlement Class" means the members of the Massachusetts

24  Settlement Class, New York Settlement Class, and Washington, D.C. Settlement Class.

25      2.19   "Original Opt-In Participants" means the following individuals, all of whom who

26  opted into the *Singer* Action prior to January 14, 2017: Yerlan Akhmetzhanov, Zubair Ashraf, Mina

27  Beztout-Below, Nathan Blake, Matthew Chin-Quee, Paul Dekel, Mike Duncan, Sara Dupont,

28  Christine Escobar, Maya Greyz, Cynthia Hall, Scott Hulsey, Brian Kaczmarek, Chris Keller, Joseph

10.

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

Krahn, Maggie Lerian, Jeffry H. Levin, Joseph Patrick MacDonald, Sean McKean, Jenny Melara, Yoshi Mogi, David Moore, Matthew Moore, Robert Phillips, Chezelle Seward, Zachary Shulman, Trevor Twist, Armeno Valenzuela, Tina Van Merkesteyn, Nicholas Vratari, Lucia Wara-Goss, Roy Wilkie, and Michael Yadegari, provided each has executed Exhibit C to the Agreement prior to the Final Approval Date.  Any individual listed in this Paragraph who has not executed Exhibit C prior to the Final Approval Date shall not take a Service Award and shall release only those claims he or she would otherwise release as a Settlement Class Member or Settlement Collective Member.  The execution of Exhibit C shall bind each Original Opt-In Participant in the same manner it would had that individual executed the Settlement Agreement.

2.20    "Opt-Out List" means the Court-approved list of all persons who timely and properly request exclusion from the Settlement Class.

2.21    "PAGA Claims" means Plaintiffs Ryder Vanderheyden and Lamont Adair's representative claims seeking penalties pursuant to PAGA, as alleged in the Complaint, the *Adair* action and/or based on any other provision of the Labor Code, Wage Orders or any other statute or regulation based upon independent contractor misclassification to the fullest extent permitted by law.

2.22    "PAGA Payment" means a total payment of $100,000 to settle all claims under the PAGA.  From this amount, 75% will be paid to the LWDA for civil penalties pursuant to the PAGA and 25% will be distributed to California Settlement Class Members.

2.23    "Plaintiffs" means Sherry Singer, Ryan Williams, Ryder Vanderheyden, Steven Grant, Michael Ryan Tsapatsaris, Lamont Adair, and Chito Peppler.

2.24    "Plaintiffs' Counsel" means Class Counsel and each and every attorney, law firm, partnership, limited liability partnership, corporation, professional corporation, and other person or entity that is or was counsel (or acted or purported to act as counsel) for Plaintiffs and/or any Class Member in the Action, including Lichten & Liss-Riordan, P.C., the Law Office of James Farinaro, Catalano Law Group, Migliaccio & Rathod LLP, and Whitfield Bryson & Mason LLP.

2.25    "Plan of Allocation" means the plan for allocating the Total Settlement Amount between and among Settlement Class Members and Settlement Collective Members as approved by the Court.

2.26   "Preliminary Approval Date" means the date that the Court enters the Preliminary Approval Order and thus: (i) preliminarily approves the Settlement, and the exhibits thereto, and (ii) enters an order providing for notice to the Settlement Class and Putative Settlement Collective, an opportunity to opt out of the Settlement Class, an opportunity to opt-in to the Settlement Collective, an opportunity to submit timely objections to the Settlement, and setting a hearing on the fairness of the terms of Settlement, including approval of the Class Counsel Award.

2.27   "Preliminary Approval Order" means the order that the Plaintiffs and Postmates will seek from the Court, without material variation from Exhibit B.  Entry of the Preliminary Approval Order shall constitute preliminary approval of the Settlement Agreement.

2.28   "Putative Settlement Collective" means all couriers classified by Postmates as independent contractors who used the Postmates mobile application to offer delivery services to customers during the Settlement Period and completed at least one delivery outside of California, Massachusetts, New York, and Washington, D.C.

2.29   "Putative Settlement Collective Member" means any member of the Putative Settlement Collective.

2.30   "Released Claims" means (i) Settlement Class Members' Released Claims, (ii) General Released Claims, and (iii) Settlement Collective Members' Released Claims.

2.31   "Released Parties" means (i) Postmates Inc. and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Postmates (but not including couriers who use the Postmates software), and (ii) the past, present, and future shareholders, officers, directors, members, investors, agents, employees, agents, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of the entities listed in (i).

2.32   "Service Awards" means the amount approved by the Court to be paid to each Plaintiff, the Original Opt-In Participants, and Raef Lawson, in addition to their respective Individual Settlement Payments, in recognition of their efforts in coming forward as named plaintiffs and opt-in participants, and as consideration for a full, general, and comprehensive release of the

12.

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

General Released Claims.  The Service Award amount payable to Plaintiffs is not to exceed Five Thousand Dollars ($5,000) each.  The Service Award to the Original Opt-In Participants is not to exceed Five Hundred Dollars ($500.00) each.  The Service Award to Raef Lawson (in consideration for him having withdrawn his claims at the DLSE, including his claim of retaliation) is not to exceed Five Thousand Dollars ($5,000).

2.33    "Settlement" means the settlement of this Action between and among Plaintiffs and Postmates, as set forth in this Settlement Agreement.

2.34    "Settlement Administrator" means Garden City Group.

2.35    "Settlement Administrator Expenses" means the maximum amount to be paid to the Settlement Administrator from the Total Settlement Amount, which shall be $480,000. All Settlement Administrator Expenses are to be paid exclusively from the Total Settlement Amount.

2.36    "Settlement Classes" means four separate classes of all couriers in California, Massachusetts, New York, and Washington, D.C., respectively, as defined in the following four subparagraphs, classified by Postmates as independent contractors who used the Postmates mobile application to offer delivery services to customers during the Settlement Period and completed at least one delivery using the Postmates software application in the respective state or district.

2.36.1  "California Settlement Class" means all individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery to customers in California during the relevant time period of four (4) years preceding February 24, 2015, through the Preliminary Approval Date.

2.36.2  "Massachusetts Settlement Class" means all individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery to customers in Massachusetts during the relevant time period of three (3) years preceding March 19, 2015, through the Preliminary Approval Date.

2.36.3  "New York Settlement Class" means all individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery to customers in New York during the relevant time period of six (6) years preceding March 19, 2015, through the Preliminary Approval Date.

13.

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

2.36.4 "Washington, D.C. Settlement Class" means all individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery to customers in Washington D.C., during the relevant time period of three (3) years preceding August 25, 2015, through the Preliminary Approval Date.

2.37   "Settlement Class Member" means any member of the Settlement Class.

2.38   "Settlement Class Members' Released Claims" means the California Settlement Class Members' Released Claims, the Massachusetts Settlement Class Members' Released Claims, the New York Settlement Class Members' Released Claims, and the Washington, D.C. Settlement Class Members' Released Claims, combined, as defined below:

2.38.1 "California Settlement Class Members' Released Claims" applies only to the California Settlement Class Members and means any and all present and past claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery (including but not limited to those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation, and for claims for compensatory, consequential, punitive or exemplary damages, statutory damages, penalties, interest, attorneys' fees, costs, or disbursements) based on or reasonably related to the conduct alleged in the the *Singer* action, *Peppler* action, and/or *Adair* action, and specifically but not limited to claims pursuant to California Labor Code sections 201-203, 204, 206.5, 207, 208, 210-214, 216, 218, 218.5, 218.6, 221, 225.5, 226, 226.3, 226.7, 226.8, 227.3, 351, 353, 432.4, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1198, 2753, 2802, 2698 *et seq.* (PAGA Claims, as defined in Paragraph 2.21), and 3700 *et seq.*; Cal. Code of Regulations, tit. 8, § 11090; California Business and Professions Code sections 17200 *et seq.*; and any other similar state or federal law, for non-payment of wages, minimum wages, overtime wages (including but limited to regular rate calculations), expense reimbursement, wage statements, failure to provide workers' compensation insurance, meal periods, rest breaks, final pay, waiting time penalties, PAGA penalties, restitution, interest, costs and expenses, attorneys' fees, declaratory relief, injunctive relief, liquidated damages, exemplary or punitive damages, civil penalties,

14.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1  equitable remedies, and/or pre- or post-judgment interest at any time during the relevant time period

2  of four (4) years preceding February 24, 2015, through the Preliminary Approval Date. "California

3  Settlement Class Members' Released Claims" do not include claims that, as a matter of law cannot

4  be released.

5      2.38.2  "Massachusetts Settlement Class Members Released Claims" applies only to

6  the Massachusetts Settlement Class Members and means any and all present and past claims, actions,

7  demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and

8  description whatsoever, known or unknown, existing or potential, recognized now or hereafter,

9  expected or unexpected, pursuant to any theory of recovery (including but not limited to those based

10  in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or

11  regulation, and for claims for compensatory, consequential, punitive or exemplary damages,

12  statutory damages, penalties, interest, attorneys' fees, costs, or disbursements) based on or

13  reasonably related to the conduct alleged in the *Singer* action, *Peppler* action, and/or *Adair* action,

14  and specifically but not limited to claims pursuant to Massachusetts General Law, Title XXI, chapter

15  149, sections 148, 148B, and 150; Massachusetts General Law, Title XXI, chapter 151, sections 1

16  and 20, and any other similar state or federal law, for non-payment of wages, minimum wages,

17  overtime wages (including but limited to regular rate calculations), expense reimbursement, wage

18  statements, failure to provide workers' compensation insurance, meal periods, rest breaks, final pay,

19  waiting time penalties, restitution, interest, costs and expenses, attorneys' fees, declaratory relief,

20  injunctive relief, liquidated damages, exemplary or punitive damages, civil penalties, equitable

21  remedies, and/or pre- or post-judgment interest at any time during the relevant time period of three

22  (3) years preceding March 19, 2015, through the Preliminary Approval Date. "Massachusetts

23  Settlement Class Members' Released Claims" do not include claims that, as a matter of law cannot

24  be released.

25      2.38.3  "New York Settlement Class Members Released Claims" applies only to the

26  New York Settlement Class Members and means any and all present and past claims, actions,

27  demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and

28  description whatsoever, known or unknown, existing or potential, recognized now or hereafter,

1   expected or unexpected, pursuant to any theory of recovery (including but not limited to those based

2   in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or

3   regulation, and for claims for compensatory, consequential, punitive or exemplary damages,

4   statutory damages, penalties, interest, attorneys' fees, costs, or disbursements) based on or

5   reasonably related to the conduct alleged in the *Singer* action, *Peppler* action, and/or *Adair* action,

6   and specifically but not limited to claims pursuant to the New York Code of Rules and Regulations

7   Title 12, section 142-2.2, New York Labor Law, Articles 6 and 19, and any other similar state or

8   federal law, for non-payment of wages, minimum wages, overtime wages (including but limited to

9   regular rate calculations), expense reimbursement, wage statements, failure to provide workers'

10  compensation insurance, meal periods, rest breaks, final pay, waiting time penalties, restitution,

11  interest, costs and expenses, attorneys' fees, declaratory relief, injunctive relief, liquidated damages,

12  exemplary or punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment

13  interest at any time during the relevant time period of six (6) years preceding March 19, 2015,

14  through the Preliminary Approval Date. "New York Settlement Class Members' Released Claims"

15  do not include claims that, as a matter of law cannot be released.

16          2.38.4  "Washington, D.C. Settlement Class Members Released Claims" applies only

17  to the Washington, D.C. Settlement Class Members and means any and all present and past claims,

18  actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any

19  nature and description whatsoever, known or unknown, existing or potential, recognized now or

20  hereafter, expected or unexpected, pursuant to any theory of recovery (including but not limited to

21  those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance,

22  or regulation, and for claims for compensatory, consequential, punitive or exemplary damages,

23  statutory damages, penalties, interest, attorneys' fees, costs, or disbursements) based on or

24  reasonably related to the conduct alleged in the *Singer* action, *Peppler* action, and/or *Adair* action,

25  and specifically but not limited to claims pursuant to the Washington D.C. Minimum Wage Law, the

26  Washington D.C. Wage Payment and Collection Law ("DCWPCL"), and any other similar state or

27  federal law, for non-payment of wages, minimum wages, overtime wages (including but limited to

28  regular rate calculations), expense reimbursement, wage statements, failure to provide workers'

16.

ITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

compensation insurance, meal periods, rest breaks, final pay, waiting time penalties, restitution, interest, costs and expenses, attorneys' fees, declaratory relief, injunctive relief, liquidated damages, exemplary or punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest at any time during the relevant time period of three (3) years preceding August 25, 2015, through the Preliminary Approval Date. "Washington, D.C. Settlement Class Members' Released Claims" do not include claims that, as a matter of law cannot be released.

2.39   "Settlement Period" means the beginning of Postmates' operations, September 26, 2011, to the Preliminary Approval Date.

2.40   "Settlement Collective" means all couriers classified by Postmates as independent contractors who used the Postmates mobile application to complete at least one delivery, and who submit a Claim Form.

2.41   "Settlement Collective Member" means any member of the Settlement Collective.

2.42   "Settlement Collective Members' Released Claims" means any and all present and past claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery (including but not limited to those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation, and for claims for compensatory, consequential, punitive or exemplary damages, statutory damages, penalties, interest, attorneys' fees, costs, or disbursements) based on or reasonably related to the conduct alleged in the *Singer* action, *Peppler* action, and/or *Adair* action, and specifically claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); California Labor Code sections 201-203, 204, 206.5, 207, 208, 210-214, 216, 218, 218.5, 218.6, 221, 225.5, 226, 226.3, 226.7, 226.8, 227.3, 351, 353, 432.4, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1198, 2753, 2802, 2698 *et seq.* (PAGA Claims, as defined in Paragraph 2.21), and 3700 *et seq.*; California Business and Professions Code sections 17200 *et seq.*; New York Code of Rules and Regulations Title 12, section 142-2.2; New York Labor Law, Articles 6 and 19; Massachusetts General Law, Title XXI, chapter 149, sections 148, 148B, and 150; Massachusetts General Law, Title XXI, chapter 151, sections 1 and 20, the Washington

17.

1  D.C. Minimum Wage Law, the Washington D.C. Wage Payment and Collection Law ("DCWPCL");

2  and any other similar state or federal law, for non-payment of wages, minimum wages, overtime

3  wages (including but limited to regular rate calculations), expense reimbursement, wage statements,

4  failure to provide workers' compensation insurance, meal periods, rest breaks, final pay, waiting

5  time penalties, PAGA penalties, restitution, interest, costs and expenses, attorneys' fees, declaratory

6  relief, injunctive relief, liquidated damages, exemplary or punitive damages, civil penalties,

7  equitable remedies, and/or pre- or post-judgment interest at any time during the Settlement Period.

8  "Settlement Collective Members' Released Claims" do not include claims that, as a matter of law

9  cannot be released.

10      2.43   "Total Settlement Amount" means Eight Million Seven Hundred Fifty Dollars

11  ($8,750,000) for all claims, which is the maximum amount that Postmates is obligated to pay under

12  this Settlement Agreement under any circumstances in order to resolve and settle this Action, subject

13  to Court approval.  The Total Settlement Amount includes all costs and fees, including, but not

14  limited to, the Class Counsel Award, Settlement Administrator Expenses, escrow costs and

15  expenses, Service Awards, interest, and taxes and tax expenses.

16      2.44   "Void Date" means the date by which any checks issued to Settlement Class

17  Members and Settlement Collective Members shall become void, *i.e.* on the 181st day after mailing.

18  **III.   SUBMISSION OF THE SETTLEMENT AGREEMENT TO THE COURT FOR**
19  **PRELIMINARY AND FINAL APPROVAL**

20      3.1   Upon execution of this Settlement Agreement, and assuming the seven (7) day

21  revocation period for Plaintiffs Singer and Peppler passes without those Plaintiffs revoking their

22  consent to this Settlement Agreement as described in Paragraph 9.9, the Plaintiffs shall submit to the

23  Court a motion for preliminary approval of the Settlement.  The motion for preliminary approval

24  shall include a proposed plan for sending of the Class Notice to Settlement Class Members and

25  Putative Settlement Collective Members within sixty (60) days after the Preliminary Approval Date

26  (the "Mailed Notice Date"), and establishing a period of sixty (60) days from the Mailed Notice Date

27  within which any Settlement Class Member (i) may request exclusion from the respective Settlement

28  Class, (ii) object to the proposed Settlement, or (iii) object to Class Counsel's request for the Class

18.

Counsel Award and for Service Awards to the Plaintiffs, Original Opt-In Participants, and Raef Lawson (the Exclusion/Objection Deadline).  The motion for preliminary approval shall also request that any hearing on final approval of the Settlement and any determination on the request for a Class Counsel Award and Service Awards (the Final Approval Hearing) be set for no earlier than twenty-one (21) days after the Exclusion/Objection Deadline; that Class Counsel shall file a petition for the Class Counsel Award and Service Awards at least twenty-one (21) days before the Exclusion/Objection Deadline; that any opposition briefs on such motions and petitions be filed fourteen (14) days before the Final Approval Hearing; and that any reply briefs on such motions and petitions be filed seven (7) days before the Final Approval Hearing.

3.2     The Parties stipulate, for settlement purposes only, to certification under Federal Rule of Civil Procedure 23 of the Settlement Classes, excluding the Settlement Classes' PAGA Claims, and conditional certification of the Putative Settlement Collective.  The Parties agree that this stipulation shall not be admissible in, and may not be used by any person for any purpose whatsoever in any legal or administrative proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of the Agreement, as further set forth in this Agreement.

3.3     The Settlement is not intended to and may not be deemed to affect the enforceability of any arbitration agreement between Postmates and any member of the Settlement Classes or Putative Settlement Collective, including Plaintiffs.

3.4     Class Counsel and Plaintiffs agree to use their best efforts, in cooperation with defense counsel, to keep the *Adair* and *Peppler* Actions stayed pending Final Approval of the Settlement, and upon Final Approval of the Settlement, Class Counsel and Plaintiffs agree to dismiss the *Adair* and *Peppler* Actions with prejudice.

3.5     The Parties stipulate to the form of, and agree to submit to the Court for its consideration this Settlement Agreement, and the following Exhibits to this Settlement Agreement: Class Notice (Exhibit A), [Proposed] Preliminary Approval Order (Exhibit B), Original Opt-In Participant Release (Exhibit C), and Revised Term and Termination of Agreement Provision of the Independent Contractor Agreement (Exhibit D).

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

19.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

3.6     Solely for purposes of implementing this Agreement and effectuating the proposed Settlement, the Parties agree and stipulate that the Court may enter the Preliminary Approval Order, without material variation from Exhibit B, preliminarily approving the Settlement and this Agreement.  Among other things, the Preliminary Approval Order shall grant leave to preliminarily certify the Settlement Class for settlement purposes only; conditionally certify the Putative Settlement Collective for settlement purposes only; approve the Plaintiffs as class representatives, appoint Class Counsel to represent the Settlement Class and Settlement Collective, and appoint the Settlement Administrator; approve the Class Notice, and the respective notice plans embodied in the Settlement Agreement, and approve them as consistent with Federal Rule of Civil Procedure 23, the FLSA, and due process; set out the requirements for disputing the information upon which Settlement Class Members' and Settlement Collective Members' share of the Settlement will be calculated, objecting to the Settlement, excluding Settlement Class Members from the Settlement Class, all as provided in this Agreement; provide that certification of the Rule 23 Settlement Class and conditional certification of the Putative Settlement Collective and all actions associated with each certification are undertaken on the condition that each certification and other actions shall be automatically vacated and of no force or evidentiary effect if this Agreement is terminated, as provided in this Agreement, or if the Settlement does not become Final; preliminarily enjoin all Settlement Class Members and Settlement Collective Members, and their Legally Authorized Representatives and Plaintiffs' Counsel, unless and until they submit a timely request for exclusion pursuant to the Settlement Agreement, from filing or otherwise participating in any other suit based on the Settlement Class Members' Released Claims, or from attempting to effect an opt-out of a group, class, or subclass of individuals; and schedule the Final Approval Hearing.

3.7     Within 10 days of the Preliminary Approval Date, Class Counsel will notify the LWDA of the Preliminary Approval Order and provide Class Action Fairness Act ("CAFA") notices to the appropriate federal officials and state officials in each of the states in which each Settlement Class Member resides, pursuant to 28 U.S.C. § 1715.

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

3.8     At the Final Approval Hearing, Plaintiffs shall request entry of a Final Approval order and a Judgment, to be agreed upon by the Parties, the entry of which is a material condition of this Settlement and that, among other things:

3.8.1     Finally approves the Settlement as fair, reasonable, and adequate and directs its consummation pursuant to the terms of the Settlement Agreement;

3.8.2     Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class and Settlement Collective for the purpose of entering into and implementing the Agreement;

3.8.3     Re-confirms the appointment of the Settlement Administrator and finds that the Settlement Administrator has fulfilled its initial duties under the Settlement;

3.8.4     Finds that the Class Notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, and their right to exclude themselves from or object to the proposed settlement and to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law;

3.8.5     Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Approval order and Judgment;

3.8.6     Directs that the Final Approval order and Judgment of dismissal shall be final and entered forthwith;

3.8.7     Without affecting the finality of the Final Approval order and Judgment, retains continuing jurisdiction over the Plaintiffs, the Settlement Class, the Putative Settlement Collective, and Postmates as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement;

3.8.8     Adjudges that, as of the Final Approval Date, the Plaintiffs, Settlement Collective Members, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Court, and their Legally

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and released the General Released Claims (in the case of the Plaintiffs), Settlement Collective Members' Released Claims (in the case of the Settlement Collective Members), and Settlement Class Members' Released Claims (in the case of the Settlement Class Members) against Postmates and the Released Parties, and are bound by the provisions of this Settlement Agreement;

3.8.9   Affirms that, notwithstanding the submission of a timely request for exclusion, California Settlement Class Members will still be bound by the settlement and release of the PAGA Claims or remedies under the Judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009), as requests for exclusion do not apply to the PAGA Claims, and further affirms that the State's claims for civil penalties pursuant to PAGA are also extinguished;

3.8.10  Declares this Agreement and the Final Approval order and Judgment to be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings: (i) that encompass the Plaintiffs', Original Opt-In Participants, and Raef Lawson's General Released Claims, and that are maintained by or on behalf of Plaintiffs and/or their Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, (ii) that encompass the Settlement Class Members' Released Claims and that are maintained by or on behalf of any Settlement Class Member who has not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Court and/or his or her Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Settlement Class Member previously initiated or subsequently initiates individual litigation, arbitration, or other proceedings encompassed by the Settlement Class Members' Released Claims, and even if such Settlement Class Member never received actual notice of the Action or this

22.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

proposed Settlement, and (iii) that encompass the Settlement Collective Members' Released Claims, and that are maintained by or on behalf of any Settlement Collective Member and/or his or her Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Settlement Collective Member previously initiated or subsequently initiates individual litigation, arbitration, or other proceedings encompassed by the Settlement Collective Members' Released Claims;

3.8.11 Permanently bars and enjoins the Plaintiffs, all other Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Court, Settlement Collective Members, and Plaintiffs' Counsel from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Plaintiffs', Original Opt-In Participants, and Raef Lawson's General Released Claims (in the case of the Plaintiffs), the Settlement Class Members' Released Claims (in the case of the Settlement Class Members), and Settlement Collective Members' Released Claims (in the case of the Settlement Collective Members) and (ii) organizing Settlement Class Members or Settlement Collective Members into a separate group, class, or subclass for purposes of pursuing as a purported class or collective or mass action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Settlement Class Members' Released Claims and/or the Settlement Collective Members' Released Claims;

3.8.12 Determines that the Agreement and the Settlement provided for herein, and any proceedings undertaken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or non-liability or of the certifiability or non-certifiability of a litigation class or collective, or that PAGA representative claims may validly be pursued, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to this Agreement and the Settlement provided for herein in such

23.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1  proceedings as may be necessary to effectuate the provisions of this Agreement, as further set forth

2  in this Agreement;

3          3.8.13  Directs Class Counsel to seek dismissal of the *Adair* and *Peppler* Actions with

4  prejudice within 14 days of Final Approval;

5          3.8.14  Orders that the preliminary approval of the Settlement, certification of the

6  Settlement Class, conditional certification of the Putative Settlement Collective, and Final Approval

7  of the proposed Settlement, and all actions associated with them, are undertaken on the condition

8  that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in

9  part by the Court, or any appellate court and/or other court of review in which event the Agreement

10  and the fact that it was entered into shall not be offered, received, or construed as an admission or as

11  evidence for any purpose, including but not limited to an admission by any Party of liability or non-

12  liability or of any misrepresentation or omission in any statement or written document approved or

13  made by any Party, or of the certifiability of a litigation class or the appropriateness of maintaining a

14  representative action, as further provided in Section XI;

15          3.8.15  Authorizes the Parties, without further approval from the Court, to agree to

16  and adopt such amendments, modifications, and expansions of this Agreement, including all

17  Exhibits hereto, as (i) shall be consistent in all material respects with the Final Approval order and

18  (ii) do not limit the rights of Settlement Class Members or Putative Settlement Collective Members;

19  and

20          3.8.16  Contains such other and further provisions consistent with the terms of this

21  Settlement Agreement to which the Parties expressly consent in writing.

22       3.9     At the Final Approval Hearing and as a part of the final approval of this Settlement,

23  Class Counsel will also request approval of the Plan of Allocation set forth in Section V.  Any

24  modification to the Plan of Allocation by the Court shall not (i) affect the enforceability of the

25  Settlement Agreement, (ii) provide any of the Parties with the right to terminate the Settlement

26  Agreement, or (iii) impose any obligation on the Defendant to increase the consideration paid in

27  connection with the Settlement.

28

3.10    At the Final Approval Hearing, Class Counsel may also request entry of an Order approving the Class Counsel Award and for the Service Awards to the Plaintiffs, Original Opt-In Participants, and Raef Lawson.  Any such Class Counsel Award or Service Award shall be paid exclusively from the Total Settlement Payment.  In no event shall any Released Party otherwise be obligated to pay for any attorneys' fees and expenses or Service Awards.  The disposition of Class Counsel's application for a Class Counsel Award, and for Service Awards, is within the sound discretion of the Court and is not a material term of this Settlement Agreement, and it is not a condition of this Settlement Agreement that such application be granted.  Any disapproval or modification of such application by the Court shall not (i) affect the enforceability of the Settlement Agreement, (ii) provide any of the Parties with the right to terminate the Settlement Agreement, or (iii) increase the consideration any Released Party pays in connection with the Settlement.  Released Parties shall have no liability to Class Counsel and/or Plaintiffs' Counsel arising from any claim regarding the division of any attorneys' fee/litigation cost award between and among Class Counsel and Plaintiffs' Counsel.

3.11    In no event shall any Released Party be obligated to pay settlement administration expenses beyond those provided for in this Agreement.

3.12    Within 10 days after entry of Judgment, Class Counsel will provide a copy of the Judgment to the LWDA.

## IV.    SETTLEMENT CONSIDERATION

4.1    This Settlement includes both monetary and non-monetary components, as set forth in detail below.

4.2    The total monetary component of the Settlement from Postmates is the Total Settlement Amount ($8,750,000).  This is an "all in" number that includes, without limitation, all monetary benefits and payments to the Settlement Class and Settlement Collective, Service Awards, Class Counsel Award, Settlement Administrator Expenses and the PAGA Payment, and all claims for interest, fees, and costs.  Under no circumstances shall Postmates be required to pay anything more than the Total Settlement Amount.  In no event shall Postmates be liable for making any

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

25.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1 payments under this Settlement, or for providing any relief to Settlement Class Members or Putative

2 Settlement Collective Members, before the deadlines set forth in this Agreement.

3     4.3    The Plaintiffs and all Settlement Class Members and Settlement Collective Members

4 who receive a payment of any kind from the Total Settlement Amount (including, in the case of the

5 Plaintiffs, Original Op-In Participants, and Raef Lawson, Service Awards) expressly acknowledge

6 that such payments shall be considered non-wages for which an IRS Form 1099 will be issued, if

7 required.  The Plaintiffs, all Settlement Class Members, and all Settlement Collective Members who

8 receive a payment of any kind from the Total Settlement Amount agree to timely pay in full all of

9 the federal, state, and municipal income taxes owed on such payments.

10     4.4    The terms of this Agreement relating to the Service Awards and Class Counsel

11 Award were not negotiated by the Parties before full agreement was reached as to all other material

12 terms of the proposed Settlement, including, but not limited to, any terms relating to the relief to the

13 Settlement Class and Settlement Collective.  Postmates agrees not to oppose a request for Service

14 Awards for Plaintiffs, Original Opt-In Participants, and Raef Lawson, as awarded by the Court, up to

15 the amounts described in Paragraph 2.32.  The Plaintiffs, Original Opt-In Participants, Raef Lawson,

16 and Class Counsel agree not to seek Service Awards in excess of the above amount.

17     4.5    Class Counsel agrees not to seek an award of attorneys' fees, costs and expenses from

18 the Court in excess of one quarter (1/4) of the Total Settlement Amount.  Postmates agrees not to

19 oppose a request for attorneys' fees, costs and expenses up to one quarter (1/4) of the Total

20 Settlement Amount.  Any amount awarded as the Class Counsel Award shall be inclusive of any and

21 all amounts due to all Plaintiffs' Counsel.  Plaintiffs' Counsel, including Class Counsel, shall be

22 solely responsible, between and among themselves, for the allocation and payment of any Class

23 Counsel Award to any Plaintiffs' Counsel.  Released Parties, Settlement Class Members and

24 Settlement Collective Members shall have no obligation regarding or liability for allocation or

25 payment of any Class Counsel Award, or other attorneys' fees and costs, to Plaintiffs' Counsel.

26     4.6    If no timely objection to the Settlement is made, the payment of the Class Counsel

27 Award, the Service Awards, the Settlement Administrator Expenses, the Individual Settlement

28 Payments and the PAGA Payment shall be made by the Settlement Administrator from the Total

26.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Settlement Amount within thirty (30) days after the Effective Date.  The Parties agree to a one-year grace period to come to agreement regarding terms applicable in the event any appeal of the Settlement is filed.

4.7     The Settlement Administrator shall pay each portion of the Class Counsel Award by check, payable to "Lichten & Liss-Riordan, P.C." (which will then distribute those portions of the Class Counsel Award to the *Adair* and *Peppler* counsel, as agreed among these counsel as described in Paragraph 4.5).  Class Counsel shall provide the Settlement Administrator notice of receipt of each portion of the Class Counsel Award.

4.8     The non-monetary component of the Settlement from Postmates is a set of modifications to Postmates' business practices.  Postmates agrees to the following:

4.8.1   <u>Revision of the Independent Contractor Agreement</u>. Revise the Term and Termination of Agreement provision of the Independent Contractor Agreement to reflect the substantive language contained in Exhibit D to this Agreement.

4.8.2   <u>Courier Feedback Alias</u>.  Establish an email alias exclusively dedicated to feedback from couriers.  All feedback shall be considered in good faith, and Postmates will endeavor in good faith to provide responses to feedback received.

4.8.3   <u>Occupational Accident Insurance for Bicycle Couriers</u>.  Subject to the terms, conditions, and limitations of any policy, as well as any limitations imposed by law, offer bicycle and foot couriers the opportunity to participate in, at their own expense, an occupational accident insurance plan (at a rate of $0.45 per hour for bicycle couriers and $0.40 per hour for foot couriers), assuming these rates are still available from the third party provider at the time of Final Approval, to cover only on-delivery time.  Such insurance will not be offered for any non-delivery time (e.g., time during which a courier is logged into the Postmates mobile application, but has not accepted a delivery request).  Should the above rates no longer be available, Postmates will make a good faith effort to negotiate for lower rates than those offered by the insurance provider, but will not bear any amount of the premium under any circumstances.  Postmates will bear the administrative costs of tracking the on-delivery time for participating couriers and reporting that time to the couriers.

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No. 4:15-cv-01284-JSW)

4.8.4   In the event that Postmates fails to comply with any or all of these non-monetary components of the Settlement, the sole and exclusive remedy shall be a request for injunctive relief, and no monetary damages or attorneys' fees shall be available.

4.8.5   In recognition of the fact that the business and regulatory landscape may significantly change over time, the Parties agree that Postmates is not prohibited from making any changes necessary to the continued successful operation of the business, provided Postmates reasonably believes those changes do not undermine the spirit of the Settlement Agreement, and, moreover, in recognition of the fact that the business and regulatory landscape may significantly change over time, these non-monetary terms and obligations on Postmates shall expire upon the earliest of the following: (a) one year after Final Approval; (b) the date upon which there are changes to any applicable statute, regulation, or other law that Postmates reasonably believes would require a modification to these terms to comply with the applicable statute, regulation, or law; or (c) the date upon which Postmates comes under any other legal obligation such as a Court order that is inconsistent with the non-monetary terms and obligations articulated in this Settlement Agreement.

## V.   FUNDING AND ALLOCATION OF THE SETTLEMENT

5.1   Within thirty (30) calendar days following the Effective Date, Postmates shall provide the Total Settlement Amount ($8,750,000) to the Settlement Administrator.   The Settlement Administrator shall thereafter distribute the funds in the manner and at the times set forth in this Agreement.

5.2   Settlement Class Members who submit a Claim Form will receive their proportionate share of the Total Settlement Amount.   To receive a payment from the Settlement, a Settlement Class Member must not have submitted a request for exclusion from the Settlement.

5.3   Settlement Class Members are not eligible to receive any compensation other than the Individual Settlement Payment.

5.4   Putative Settlement Collective Members who submit a Claim Form (i.e., Settlement Collective Members) will also be sent their proportionate share of the Total Settlement Amount.

5.5   Settlement Collective Members are not eligible to receive any compensation other than the Individual Settlement Payment.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

5.6     The Settlement Administrator shall calculate and distribute the Individual Settlement Payments for the Settlement Class Members within sixty (60) days following the Effective Date, provided Postmates has provided the Total Settlement Amount to the Settlement Administrator in accordance with Paragraph 5.1.

5.7     The amount of each Settlement Class Member's Individual Settlement Payment will be distributed from the Total Settlement Amount to all Settlement Class Members who have submitted a Claim Form and calculated in proportion to Postmates' best estimate of each Settlement Class Member's Delivery Miles, as determined from the Class Information provided to the Settlement Administrator by Postmates, with the following adjustments:

5.8     Settlement Class Members who have completed at least one delivery in California will have a 2.0 multiplier applied to their total delivery miles.

5.9     Settlement Class Members who have completed at least one delivery in Massachusetts will have a 3.0 multiplier applied to their total delivery miles.

5.10    Settlement Class Members who have completed at least one delivery in New York will have a 1.5 multiplier applied to their total delivery miles.

5.11    Settlement Class Members who have completed at least one delivery in D.C. will have a 1.5 multiplier applied to their total delivery miles.

5.12    The amount of each Settlement Collective Member's Individual Settlement Payment will be distributed from the Total Settlement Amount and calculated based in proportion to Postmates' best estimate of each Settlement Collective Member's Delivery Miles, as determined from the Class Information provided to the Settlement Administrator by Postmates.

5.13    Following distribution of the Individual Settlement Payments to Settlement Class Members and Settlement Collective Members, any Settlement Class Members and Settlement Collective Members who received checks for more than $100 that remain uncashed more than 60 days after distribution will receive a reminder to cash their check.  All funds not claimed prior to the Void Date (*i.e.* all funds from uncashed checks) shall be redistributed to the Settlement Class Members and the Settlement Collective Members who received and cashed their Individual Settlement Payments.  These unclaimed funds shall be redistributed pursuant to the same formula

29.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1  described in Paragraphs 5.7-5.12. These residual funds will only be distributed to Settlement Class

2  Members and Settlement Collective Members for whom this second payment would be at least $50.

3  The value of any uncashed checks following this residual distribution and the use of any funds to

4  resolve disputes regarding the settlement funds under Paragraph 6.5 will be donated on a *cy pres*

5  basis to the National Employment Law Project.

6      5.14   The Individual Settlement Payments received shall be reported by the Settlement

7  Administrator to the applicable governmental authorities on IRS Form 1099s (if required). The

8  portions allocated to Service Awards shall likewise be reported on IRS Form 1099s by the

9  Settlement Administrator. The Settlement Administrator shall be responsible for issuing copies of

10  IRS Form 1099s for the Plaintiffs, Original Opt-In Participants, Raef Lawson, Settlement Class

11  Members, and Settlement Collective Members.

12  **VI.   NOTICE PROCEDURES**

13      6.1   No more than thirty (30) calendar days after entry of the Preliminary Approval Order,

14  Defendant shall provide the Settlement Administrator with the Class Information for purposes of

15  sending the Class Notice to Settlement Class and Putative Settlement Collective Members.

16      6.2   No more than sixty (60) calendar days after entry of the Preliminary Approval Order

17  (on the Mailed Notice Date), the Settlement Administrator shall send the Class Notice to the

18  Settlement Class Members and Putative Settlement Collective Members, via electronic mail.

19      6.3   The Class Notice will inform Putative Settlement Collective Members of their right to

20  join the Settlement by submitting the enclosed Claim Form, the release to which they will be subject

21  should they join, and their right to dispute the information upon which their share of the Settlement

22  will be calculated.

23      6.4   The Class Notice will inform Settlement Class Members of their right to request

24  exclusion from the Settlement, of their right to object to the Settlement, of their right to dispute the

25  information upon which their share of the Settlement will be calculated and the claims to be

26  released.

27      6.5   The Class Notice shall include a statement as to the number of Delivery Miles

28  attributable to each Settlement Class Members or Putative Settlement Collective Member, as well as

30.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA. 94104
415.433.1940

explanation for how the Delivery Miles will be used to calculate the Individual Settlement Payments. The Class Notice will further explain that the Settlement Class Members and Putative Settlement Collective Members will be provided thirty (30) days to disagree with Postmates' calculation of his or her Delivery Miles, by providing documentation to show contrary deliveries.  Within ten (10) days of receipt, the Settlement Administrator shall review any documentation submitted by a Putative Settlement Collective Member or Settlement Class Member, consult with the Parties to determine whether an adjustment is warranted**,** and notify the disputing Settlement Class Member or Putative Settlement Collective Member of its determination.   The Settlement Administrator's determination of the amount of any Settlement Collective Members' or Settlement Class Members' Delivery Miles shall be binding upon the Putative Settlement Collective Member or Settlement Class Member, and the Parties.  There will be a presumption that Postmates' records are correct, absent evidence produced by a Settlement Collective Member or Settlement Class Member to the contrary.

6.6     Once a Putative Settlement Collective Member executes and submits a Claim Form becoming a Settlement Collective Member, he or she has affirmatively opted into the Settlement Agreement and releases the Settlement Collective Members' Released Claims, in accordance with Section IX.

6.7     If any Class Notice sent via electronic mail to any Settlement Class Member or Putative Settlement Collective Member is undeliverable, the Settlement Administrator shall mail the Class Notice to each Settlement Class Member or Putative Settlement Collective Member whose Class Notice was undeliverable.  Before mailing, the Settlement Administrator shall make a good-faith attempt to obtain the most-current names and postal mail addresses for all Settlement Class Members and Putative Settlement Collective Members to receive such postal mail, including cross-checking the names and/or postal mail addresses it received from Postmates, as well as any other sources, with appropriate databases (e.g., the National Change of Address Database) and performing further reasonable searches (e.g., through Lexis/Nexis) for more-current names and/or postal mail addresses for Settlement Class Member and Putative Settlement Collective Members.   All Settlement Class Members' and Putative Settlement Collective Members' names and postal mail addresses obtained through these sources shall be protected as confidential and not used for purposes

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

other than the notice and administration of this Settlement.  The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Settlement Class Member and Putative Settlement Collective Member.  The address determined by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Settlement Class Member and Putative Settlement Collective Member.

6.8    If any Class Notice to a Settlement Class Member or Putative Settlement Collective Member is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the postal mailing to that address.  For any remaining returned postal mailings, the Settlement Administrator shall made a good-faith search of an appropriate database (as described in the preceding paragraph), and postal mailings shall be forwarded to any new postal mail address obtained through such a search.  In the event that any Class Notice is returned as undeliverable a second time, no further postal mailing shall be required.  The Settlement Administrator shall maintain a log detailing the instances Class Notices are returned as undeliverable.

6.9    At least two reminders will be sent to Settlement Class Members or Putative Settlement Collective Members following the initial Class Notice mailing.

6.10   The Parties agree that the procedures set forth in this Section constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members or Putative Settlement Collective Members such that no additional efforts to do so shall be required.

6.11   The Settlement Administrator will provide Class Notice by, at a minimum, (i) electronic mail notice without material variation from the form attached as the relevant portion of Exhibit A; (ii) if necessary in accordance with Paragraph 6.7, first-class mail (where available) notice without material variation from the relevant portion of Exhibit A; and (iii) a content-neutral settlement website accessible to Settlement Class Members managed by the Settlement Administrator, and approved by counsel for the Parties, which will contain further information about the Settlement, including relevant pleadings.  The Class Notice shall comply with Federal Rule of Civil Procedure 23 and due process.

6.12    At least twenty-one (21) days before the Final Approval Hearing, the Settlement Administrator shall prepare a declaration of due diligence and proof of dissemination with regard to the mailing of the Class Notice, and any attempts by the Settlement Administrator to locate Putative Settlement Class Members or Putative Settlement Collective Members, its receipt of valid Claim Forms (and copies of same), and its inability to deliver the Class Notice to Settlement Class Members or Putative Settlement Collective Members due to invalid addresses ("Due Diligence Declaration"), to Class Counsel and counsel for Postmates for presentation to the Court.  Class Counsel shall be responsible for filing the Due Diligence Declaration with the Court.

6.13    If any individual whose name does not appear in the Class Information that Postmates provides the Settlement Administrator, believes that he or she is a Settlement Class Member or Putative Settlement Collective Member, he or she shall have the opportunity to dispute his or her exclusion from the Settlement Collective.  If an individual believes he or she is a Settlement Class Member or Putative Settlement Collective Member, he or she must notify the Settlement Administrator within a reasonable amount of time after the distribution of the Class Notice.  The Parties will meet and confer regarding any such individuals in an attempt to reach an agreement as to whether any such individual should be regarded as a Settlement Class Member or Putative Settlement Collective Member. If the Parties so agree, the Settlement Administrator will mail a Class Notice to the individual, and treat the individual as a Settlement Class Member or Putative Settlement Collective Member for all other purposes. Such an individual will have all of the same rights as any other Settlement Class Member or Putative Settlement Collective Member under this Agreement.  In the event that the disbursement of the Individual Settlement Payments has begun (in accordance with this Settlement Agreement) at the time that the Parties agree that such individual should be regarded as a Settlement Class Member or Putative Settlement Collective Member and that such individual submits a Claim Form, the Individual Settlement Payment to such individual shall be disbursed from funds remitted back to the Total Settlement Amount (*i.e.* from settlement checks that remain uncashed beyond the Void Date).  Under no circumstances will any action under this paragraph increase the Total Settlement Amount.

**VII.    PROCEDURES FOR REQUESTS FOR EXCLUSION**

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

33.

7.1     Settlement Class Members (with the exception of the Plaintiffs, Opt In Participants, and Opt-In Plaintiff Raef Lawson) may opt out of the Settlement.  Those who wish to exclude themselves (or "opt out") from the Settlement Class must submit timely, written requests for exclusion. To be effective, such a request must include the Settlement Class Member's name, address, and telephone number; a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member. The request must be mailed to the Settlement Administrator at the address provided in the Class Notice and must be postmarked no later than the Exclusion/Objection Deadline. The date of the postmark shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Requests for exclusion must be exercised individually by the Settlement Class Member.  Attempted collective group, class, or subclass requests for exclusions shall be ineffective and disregarded by the Settlement Administrator.  Individual exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative.

7.2     The Settlement Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Class Counsel and counsel for Postmates upon request.  The Settlement Administrator shall automatically notify Class Counsel and counsel for Postmates if and when the number of timely-submitted requests for exclusion reaches two hundred (200), three hundred (300), three hundred twenty-five (325), and three hundred fifty (350).

7.3     The Settlement Administrator shall prepare a list of all persons who timely and properly requested exclusion from the Settlement Class (the Opt-Out List) and shall, before the Final Approval Hearing, submit an affidavit to the Court attesting to the accuracy of the list.

7.4     All Settlement Class Members who are not included in the Opt-Out List approved by the Court shall be bound by this Agreement, and all their claims shall be dismissed with prejudice and released as provided for herein, even if they never received actual notice of the Action or this proposed Settlement.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

7.5     The Settlement Administrator shall make an initial determination as to whether a request for exclusion was timely and properly submitted, but any dispute of the initial determination shall be submitted to the Court, who shall make the final decision as to whether a request for exclusion was timely and properly submitted.

7.6     The Plaintiffs, Opt In Participants, and Opt-In Plaintiff Raef Lawson agree not to request exclusion from the Settlement Class.

7.7     Settlement Class Members may request exclusion from the Settlement.  Any such Settlement Class Member may also object to the PAGA portion of the Settlement.

7.8     Notwithstanding the submission of a timely request for exclusion, California Class Members will still be bound by the settlement and release of the PAGA Claims or remedies under the Judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  Requests for exclusion do not apply to the PAGA Claims, and will not be effective to preclude the release of the PAGA Claims.

7.9     No later than ten (10) business days after the Exclusion/Objection Deadline, the Settlement Administrator shall provide to Class Counsel and counsel for Postmates the Opt-Out List together with copies of the exclusion requests. Notwithstanding any other provision of this Settlement Agreement, if more than three hundred fifty (350) Settlement Class Members exercise their right to opt out of the Settlement, Postmates at its sole and absolute discretion may elect to rescind and revoke the entire Settlement Agreement by sending written notice that it revokes the Settlement pursuant to this Paragraph to Class Counsel within ten (10) business days following receipt of the Opt-Out List.

**VIII.   PROCEDURES FOR OBJECTIONS**

8.1     Any Settlement Class Member that wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement must either (1) provide to the Settlement Administrator (who shall forward it to Class Counsel and counsel for Postmates), and file with the Court, a timely statement of the objection, as set forth below, or (2) appear at the Final Approval Hearing.

ITLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

35.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

8.2     All written objections and supporting papers must (a) clearly identify the case name and number, (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked no later than the Exclusion/Objection Deadline. The filing date or the date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether the written objection has been timely submitted.

8.3     The objection must contain at least the following: (i) the objector's full name, address, telephone, and signature; (ii) a clear reference to the Action; (iii) a statement of the specific legal and factual basis for each objection argument; and (iv) a statement whether the objecting person or entity intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number. All objections shall be signed by the objecting Settlement Class Member (or his Legally Authorized Representative), even if the Settlement Class Member is represented by counsel.

8.4     Any Settlement Class Member (and/or his/her attorney), or any attorney working for a governmental entity or other third party, who wishes to appear in the Action to object to the Settlement or who is representing or assisting a Settlement Class Member in connection with any objection to the Settlement (including, but not limited to, by drafting or preparing papers for an objection on behalf of a Settlement Class Member) must provide to the Settlement Administrator (who shall forward it to Class Counsel and counsel for Postmates) and file with the Clerk of the Court a notice of appearance no later than the Exclusion/Objection Deadline.

8.5     The right to object to the proposed Settlement must be exercised individually by a Settlement Class Member or his attorney.  Attempted collective, group, class, or subclass objections shall be ineffective and disregarded.  Individual objections may be submitted by a Settlement Class Member's Legally Authorized Representative.

8.6     Settlement Class Members who object to the proposed Settlement shall remain Settlement Class Members, and shall be deemed to have voluntarily waived their right to pursue an independent remedy against Postmates and the Released Parties. To the extent any Settlement Class

36.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

Member objects to the proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval order and Judgment.

8.7    It shall be Class Counsel's sole responsibility to respond to any objections made with respect to any application for the Class Counsel Award and Service Awards.

## IX.    RELEASES

9.1    The Released Claims against each and all of the Released Parties shall be released and dismissed with prejudice and on the merits (without an award of costs to any party other than as provided in this Agreement) upon entry of the Final Approval order and Judgment.

9.2    As of the Final Approval Date, the Plaintiffs, Original Opt-In Participants, all Settlement Collective Members, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, individually and on behalf of their Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming through them or acting or purporting to act on their behalf, agree to forever release, discharge, hold harmless, and covenant not to sue each and all of the Released Parties from each and all of the Plaintiffs' General Released Claims (in the case of the Plaintiffs and Original Opt-In Participants), the Settlement Collective Members' Released Claims (in the case of the Settlement Collective Members), and the Settlement Class Members' Released Claims (in the case of the Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List), and by operation of the Judgment becoming Final shall have fully and finally released, relinquished, and discharged all such claims against each and all of the Released Parties; and they further agree that they shall not now or hereafter initiate, maintain, or assert any General Released Claims (in the case of the Plaintiffs and Original Opt-In Participants), the Settlement Collective Members' Released Claims (in the case of the Settlement Collective Members), and any Settlement Class Members' Released Claims (in the case of the Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List), against the Released Parties in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicating body. Without in any way limiting the scope of the releases described in Paragraphs 2.13, 2.30, 2.38, and 2.42, or in the

37.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1 remainder of this Section, this release covers, without limitation, any and all claims for attorneys'

2 fees, costs, or disbursements incurred by Class Counsel or any other counsel representing the

3 Plaintiffs, Settlement Collective Members, or Settlement Class Members, or by the Plaintiffs,

4 Settlement Collective Members, or Settlement Class Members, or any of them, in connection with or

5 related in any manner to the Action, the Settlement of the Action, and/or the Released Claims,

6 except to the extent otherwise specified in this Agreement.

7      9.3    As of the Final Approval Date, the Plaintiffs, Original Opt-In Participants, Settlement

8 Collective Members, and all Settlement Class Members who have not been excluded from the

9 Settlement Class as provided in the Opt-Out List, shall be permanently barred and enjoined from

10 initiating, asserting, or prosecuting against the Released Parties in any federal or state court or

11 tribunal any and all General Released Claims (in the case of the Plaintiffs and Original Opt-In

12 Participants), Settlement Collective Members' Released Claims (in the case of the Settlement

13 Collective Members), and any Settlement Class Members' Released Claims (in the case of the

14 Settlement Class Members who have not been excluded from the Settlement Class as provided in the

15 Opt-Out List), as further provided in Paragraph 3.8.11.

16      9.4    As of the Final Approval Date, Opt-In Raef Lawson individually and on behalf of his

17 Legally Authorized Representatives, heirs, estates, trustees, executors, administrators,

18 representatives, agents, successors, and assigns, and anyone claiming through them or acting or

19 purporting to act on their behalf, agrees to forever release, discharge, hold harmless, and covenant

20 not to sue each and all of the Released Parties from each and all of the General Released Claims and

21 by operation of the Judgment becoming Final shall have fully and finally released, relinquished, and

22 discharged all such claims against each and all of the Released Parties; and he further agrees that he

23 shall not now or hereafter initiate, maintain, or assert any General Released Claims against the

24 Released Parties in any other court action or before any administrative body, tribunal, arbitration

25 panel, or other adjudicating body. Without in any way  limiting the scope of the release described in

26 Paragraph 9.2, or in the remainder of this Section, this release covers, without limitation, any and all

27 claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel

28 representing Raef Lawson, or by Raef Lawson himself, in connection with or related in any manner

38.

to the Action, the Settlement of the Action, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Agreement.

9.5     As of the Final Approval Date, Opt-In Raef Lawson shall be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all General Released Claims, and dismiss all his current claims against Postmates, including but not limited to his wage claim before the California Department of Labor Standards Enforcement (State Case No. 06-119684) and his retaliation claim also before the California Department of Labor Standards Enforcement (State Case No. 40335-STARCI).

9.6     The Plaintiffs, Opt-In Raef Lawson, Opt-In Participants, the Settlement Class Members, and the Settlement Collective Members expressly acknowledge that they are familiar with principles of law such as Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

With respect to the Settlement Class Members' Released Claims and the Settlement Collective Members' Released Claims, as described in Paragraphs 2.38 & 2.42, each Settlement Class Member who has not been excluded from the Settlement Class as provided in the Opt-Out List and each Settlement Collective Member shall be deemed to have expressly, knowingly, and voluntarily waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he or she may otherwise have had pursuant to Section 1542 of the California Civil Code and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein.  In connection with the release, the Settlement Class Members and Settlement Collective Members acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein. Nevertheless, the Settlement Class Members and Settlement Collective Members acknowledge that a portion of the consideration received herein is for a release with respect to unknown damages and complaints, whether resulting from known injuries and consequences or from unknown injuries or unknown consequences of

39.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

known or unknown injuries, and state that it is the intention of the Settlement Class Members and Settlement Collective Members in agreeing to this release fully, finally, and forever to settle and release all matters and all claims that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action), constituting the Settlement Class Members' Released Claims and the Settlement Collective Members' Released Claims, respectively.

9.7     With respect to the General Released Claims, as described in Paragraph 2.13, each Plaintiff, Original Opt-In Participant, and Opt-In Raef Lawson shall be deemed to have expressly, knowingly, and voluntarily waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he or she may otherwise have had pursuant to Section 1542 of the California Civil Code and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein. In connection with the release, the Plaintiffs Original Opt-In Participants, and Opt-In Raef Lawson, acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein. Nevertheless, the Plaintiffs, Original Opt-In Participants, and Opt-In Raef Lawson, acknowledge that a portion of the consideration received herein is for a release with respect to unknown damages and complaints, whether resulting from known injuries and consequences or from unknown injuries or unknown consequences of known or unknown injuries, and state that it is the intention of the Plaintiffs, Original Opt-In Participant, and Opt-In Raef Lawson, in agreeing to this release fully, finally, and forever to settle and release all matters and all claims that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action), constituting the General Released Claims.

9.8     Each Plaintiff, Original Opt-In Participant, and Opt-In Raef Lawson further acknowledges, agrees, and understands that: (i) he or she has read and understands the terms of this Agreement; (ii) he or she has been advised in writing to consult with an attorney before executing this Agreement; (iii) he or she has obtained and considered such legal counsel as he deems necessary; (iv) he or she has been given twenty-one (21) days to consider whether or not to enter into this Agreement (although he or she may elect not to use the full 21 day period at his option).

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

9.9     Plaintiffs Singer and Peppler, with respect to all Released Claims arising under ADEA, further acknowledge that (i) they have seven (7) days following their execution of the this document to revoke the Agreement; (ii) the ADEA waiver in the Agreement shall not be effective until the seven (7) day revocation period has expired; (iii) nothing in the Agreement prevents or precludes those listed in this Paragraph from challenging or seeking a determination in good faith of the validity of this waiver under the ADEA, nor does it impose any condition precedent, penalties or costs for doing so, unless specifically authorized by federal law; and (iv) in order to revoke the Agreement, those listed in this Paragraph must deliver to Postmates counsel attention at the following address a written revocation before 12:00 a.m. (midnight) p.s.t. on the seventh calendar day following the date each respectively executes the Agreement: Mel M.C. Cole, Littler Mendelson, P.C., 333 Bush St., 34th Floor, San Francisco, CA 94104.

9.10    Plaintiffs and Raef Lawson further acknowledge and agree that each of them who is currently able to provide services through the Postmates app will not continue, and that at no time in the future will Plaintiffs and/or Raef Lawson attempt to or otherwise seek or accept a contract to provide services through the Postmates app or with any of Postmates' subsidiaries or successors. Nor will Plaintiffs or Raef Lawson apply for or otherwise seek or accept employment with Postmates or any of its subsidiaries or successors.  Plaintiffs and Raef Lawson understand and further acknowledge that, in light of this agreement, Postmates' failure to contract with or employ Plaintiffs and/or Raef Lawson shall not constitute a violation of any local, state, or federal law, order, or regulation; and that Postmates is entitled to terminate any relationship with Plaintiffs and/or Raef Lawson without legal consequence in the event Plaintiffs and/or Raef Lawson succeed in contracting or securing employment with Postmates.

9.11    That an individual is both a Settlement Class Member and a Settlement Collective Member shall in no way limit scope of the claims released by that individual.

9.12    Subject to Court approval, the Plaintiffs, Original Opt-In Participants, Settlement Collective Members, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, shall be bound by this Settlement Agreement, and

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

all of their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Action or this Settlement

## X.     ADMINISTRATION OF THE SETTLEMENT FUND

10.1    The Settlement Administrator or its authorized agents in consultation with the Parties and subject to the supervision, direction, and approval of the Court, shall calculate the allocation of and oversee the distribution of the Total Settlement Amount.

10.2    The Total Settlement Amount shall be applied as follows:

10.2.1  To pay the costs and expenses incurred in connection with providing Class Notice to potential Settlement Class Members and Putative Settlement Collective Members, locating Settlement Class Members' and Putative Settlement Collective Members' last-known postal mail addresses and processing any objections, requests for exclusion or challenges to Postmates' calculations of Delivery Miles;

10.2.2  Subject to the approval and further order(s) of the Court, to pay Plaintiffs, Original Opt-In Participants, and Raef Lawson Service Awards based on contributions and time expended assisting in the litigation, up to the amounts described in Paragraph 2.32.

10.2.3  Subject to the approval and further order(s) of the Court, to pay the Class Counsel Award as ordered by the Court;

10.2.4  Subject to the approval and further order(s) of the Court, to distribute 75% of the PAGA Payment to the LWDA;

10.2.5  After the Effective Date as provided in Paragraph 5.6, and subject to the approval and further order(s) of the Court, to distribute the Individual Settlement Payments from the Total Settlement Amount for the benefit of the Settlement Class and Settlement Collective pursuant to the Plan of Allocation, or as otherwise ordered by the Court.

10.3    If any portion of the Total Settlement Amount is not successfully redistributed to Settlement Class Members and Settlement Collective Members after the initial Void Date (*i.e.* checks are not cashed or checks are returned as undeliverable after the second distribution), then after the Void Date for redistributed checks, the Settlement Administrator shall void the check and

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

shall direct such unclaimed funds to be paid to the National Employment Law Project. Such unclaimed funds may also be used to resolve disputes regarding the distribution of settlement funds.

10.4    Settlement Class Members who are not on the Opt-Out List approved by the Court, shall be subject to and bound by the provisions of the Settlement Agreement, the releases contained herein, and the Judgment with respect to all Settlement Class Members' Released Claims, regardless of whether they obtain any distribution from the Total Settlement Amount.

10.5    Payment from the Total Settlement Amount shall be deemed conclusive of compliance with this Settlement Agreement as to all Settlement Class Members and Settlement Collective Members.

10.6    No Settlement Class Member or Settlement Collective Member shall have any claim against the Plaintiffs, Class Counsel, or the Settlement Administrator based on distributions made substantially in accordance with this Settlement Agreement and/or orders of the Court.    No Settlement Class Member or Settlement Collective Member shall have any claim against Postmates or its counsel relating to distributions made under this Settlement.

## XI.    EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION OF SETTLEMENT AGREEMENT

11.1    If the Court does not approve the Settlement as set forth in this Settlement Agreement, or if the Court enters the Judgment and appellate review is sought, and on such review, the entry of Judgment is vacated, modified in any way, or reversed, or if the Final Approval order does not otherwise become Final, then this Settlement Agreement shall be cancelled and terminated, unless all Parties, in their sole discretion within thirty (30) days from the date such ruling becomes final, provide written notice to all other Parties hereto of their intent to proceed with the Settlement under the terms of the Judgment as it may be modified by the Court or any appellate court.

11.2    Postmates shall have the right to withdraw from the Settlement if the number of Settlement Class Members who attempt to exclude themselves from the Settlement Class equals or exceeds three hundred fifty (350) potential Settlement Class Members. If Postmates chooses, pursuant to its sole and absolute discretion, to exercise this right, it must do so within ten (10) days

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1   of receipt of the Opt-Out List as provided in Paragraphs 7.2 & 7.9, by providing written notice to

2   Class Counsel.

3       11.3     In the event that: (i) the Settlement is not approved, is overturned, or is materially

4   modified by the Court or on appeal, (ii) the Judgment does not become Final, or (iii) this Settlement

5   Agreement is terminated, cancelled, or fails to become effective for any reason, then: (a) the Parties

6   stipulate and agree the Settlement, this Agreement, the Class Information, the Opt-Out List, and all

7   documents exchanged and filed in connection with the Settlement shall be treated as inadmissible

8   mediation communications under Cal. Evid. Code §§ 1115 *et seq*., (b) the Settlement shall be

9   without force and effect upon the rights of the Parties hereto, and none of its terms shall be effective

10  or enforceable, with the exception of this Paragraph, which shall remain effective and enforceable;

11  (c) the Parties shall be deemed to have reverted nunc pro tunc to their respective status prior to

12  execution of this Agreement, including with respect to any Court-imposed deadlines; (d) all Orders

13  entered in connection with the Settlement, including the certification of the Settlement Class and the

14  conditional certification of the Putative Settlement Collective, shall be vacated without prejudice to

15  any Party's position on the issue of class certification, the issue of amending the complaint, or any

16  other issue, in this Action or any other action, and the Parties shall be restored to their litigation

17  positions existing on the date of execution of this Agreement; and (e) the Parties shall proceed in all

18  respects as if the Settlement Agreement and related documentation and orders had not been

19  executed, and without prejudice in any way from the negotiation or fact of the Settlement or the

20  terms the Settlement Agreement.  The Settlement Agreement, the Settlement, all documents,

21  orders, and evidence relating to the Settlement, the fact of their existence, any of their terms, any

22  press release or other statement or report by the Parties or by others concerning the Settlement

23  Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts

24  performed, or documents executed pursuant to or in furtherance of the Settlement Agreement or the

25  Settlement shall not be admissible in any proceeding, and shall not be offered, received, or construed

26  as evidence of a presumption, concession, or an admission of liability, of unenforceability of any

27  arbitration agreement, of the certifiability of a litigation class, or of any misrepresentation or

28  omission in any statement or written document approved or made, or otherwise used by any Person

44.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

for any purpose whatsoever, in any trial of this Action or any other action or proceedings. Plaintiffs, Class Counsel and the Settlement Administrator shall return to counsel for Postmates all copies of Class Information and Opt-Out Lists and shall not use or disclose the Class Information or Opt-Out List for any purpose or in any proceeding.

11.4     Postmates does not agree or consent to certification of the Settlement Class or conditional certification of the Putative Settlement Collective for any purpose other than to effectuate the Settlement of the Action. If this Settlement Agreement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, all Orders certifying the Settlement Class or conditional certifying the Putative Settlement Collective for purposes of effecting this Settlement Agreement, and all preliminary and/or final findings regarding the Settlement Class and Putative Settlement Collective certification order, shall be automatically vacated upon notice to the Court, the Action shall proceed as though the Settlement Class and Putative Settlement Collectives had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall revert nunc pro tunc to the procedural status quo as of the date and time immediately before the execution of the Settlement Agreement, in accordance with this Settlement Agreement.

## XII.     ADDITIONAL PROVISIONS

12.1     All of the Exhibits to this Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein.

12.2     The Plaintiffs and Class Counsel acknowledge that an adequate factual record has been established that supports the Settlement and, apart from the limited discovery described in the next sentence, hereby waive any right to conduct further discovery to assess or confirm the Settlement. Notwithstanding the prior sentence, the Parties agree to reasonably cooperate with respect to limited confirmatory discovery to be agreed upon related to the last-known addresses of Settlement Class Members and Putative Settlement Collective Members.

12.3     Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any date or deadline set forth in this Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

45.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No. 4:15-cv-01284-JSW)

12.4    This Agreement supersedes all prior negotiations and agreements and may be amended or modified only by a written instrument signed by counsel for all Parties or the Parties' successors-in-interest.

12.5    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement. Such extensions must be in writing to be enforceable.

12.6    The Settlement Agreement, the Settlement, the fact of the Settlement's existence, any of terms of the Settlement Agreement, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement or the Settlement, and any negotiations, proceedings, acts performed, or documents executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) may not be deemed to be, may not be used as, and do not constitute an admission or evidence of the validity of any Released Claims or of any wrongdoing or liability of Postmates; (ii) may not be deemed to be, may not be used as, and do not constitute an admission or evidence of any fault, wrongdoing, or omission by Postmates in any trial, civil, criminal, arbitration, or administrative proceeding of the Action or any other action or proceedings in any court, administrative agency, arbitration or other tribunal; (iii) may not be used as evidence of any waiver of, unenforceability of, or as a defense to any Postmates arbitration agreement; and (iv) may not be used as evidence on any class certification proceeding.

12.7    The Released Parties shall have the right to file the Settlement Agreement, the Final Approval order and Judgment, and any other documents or evidence relating to the Settlement in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.8    The Parties to the Settlement Agreement agree that the Total Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, resulted from an arm's-length mediation session facilitated by Hunter R. Hughes, III, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
3an Francisco, CA 94104
415.433.1940

46.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No. 4:15-cv-01284-JSW)

1       12.9    The Plaintiffs and Class Counsel have concluded that the Settlement set forth herein

2 constitutes a fair, reasonable, and adequate resolution of the claims that the Plaintiffs asserted against

3 Postmates, including the claims on behalf of the Settlement Class and Settlement Collective, and that

4 it promotes the best interests of the Settlement Class and Settlement Collective.

5       12.10   To the extent permitted by law, all agreements made and orders entered during the

6 course of the Action relating to the confidentiality of information shall survive this Settlement

7 Agreement.

8       12.11   The Parties agree that Plaintiffs and Class Counsel are not required to return any

9 documents produced by Postmates until the final resolution of the Action. Within sixty (60) days

10 following the Effective Date, Class Counsel shall return to Postmates all documents produced in the

11 Action, or confirm in writing that all such documents have been destroyed.

12       12.12   The waiver by one Party of any breach of this Settlement Agreement by any other

13 Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement

14 Agreement.

15       12.13   This Settlement Agreement, including its Exhibits, constitutes the entire agreement

16 among the Parties, and no representations, warranties, or inducements have been made to any Party

17 concerning this Settlement Agreement or its Exhibits, other than the representations, warranties, and

18 covenants contained and memorialized in this Settlement Agreement and its Exhibits.

19       12.14   This Settlement Agreement may be executed in one or more counterparts. All

20 executed counterparts and each of them shall be deemed to be one and the same instrument provided

21 that counsel for the Parties to this Settlement Agreement shall exchange among themselves original

22 signed counterparts.

23       12.15   Failure by any Opt-In Participant to execute Exhibit C prior to the Final Approval

24 Date shall in no way affect the enforceability of the Settlement Agreement.

25       12.16   The Parties hereto and their respective counsel agree that they will use their best

26 efforts to obtain all necessary approvals of the Court required by this Settlement Agreement.

27       12.17   This Settlement Agreement shall be binding upon and shall inure to the benefit of the

28 successors and assigns of the Parties hereto, including any and all Released Parties and any

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

12.18   This Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement.

12.19   Except where this Settlement Agreement itself provides otherwise, all terms, conditions, and Exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

12.20   This Settlement Agreement shall be governed by California law.  Any action based on this Settlement Agreement, or to enforce any of its terms, shall be venued in the United States District Court, Northern District of California, which shall retain jurisdiction over all such disputes. All Parties to this Settlement Agreement shall be subject to the jurisdiction of the United States District Court, Northern District of California for all purposes related to this Settlement Agreement. This Paragraph relates solely to the law governing this Settlement Agreement and any action based thereon, and nothing in this Paragraph shall be construed as an admission or finding that California law applies to the Released Claims of any Plaintiffs or Settlement Class Members who reside outside of the state.

12.21   The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement for the purpose of the administration and enforcement of this Settlement Agreement.

12.22   The headings used in this Settlement Agreement are for the convenience of the reader only, and shall not affect the meaning or interpretation of this Settlement Agreement.

12.23   In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

12.24   Each Party to this Settlement Agreement warrants that he, she, or it is acting upon his or its independent judgment and upon the advice of his or its counsel, and not in reliance upon any

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

warranty or representation, express or implied, of any nature of any kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

12.25   Each counsel signing this Settlement Agreement on behalf of his/her clients who are unable to sign the Agreement on the date that it is executed by other Parties represents that such counsel is fully authorized to sign this Settlement Agreement on behalf of his/her clients; provided, however, that all Parties who have not executed this Agreement on the date that it is executed by the other Parties shall promptly thereafter execute this Agreement and in any event no later than one (1) week after the Agreement has been executed by counsel.

Dated: August 25, 2017.

By: _____
     Robert H. Rieders
     General Counsel
     POSTMATES INC.


Dated: August ___, 2017.

By: _____
     Andrew M. Spurchise
     Mel M.C. Cole
     LITTLER MENDELSON, P.C.

Attorneys for Defendant
POSTMATES INC.
(APPROVED AS TO FORM ONLY)


Dated: August ___, 2017.

By: _____
     Shannon Liss-Riordan
     LICHTEN & LISS-RIORDAN, P.C.

Attorneys for Plaintiffs
SHERRY SINGER, RYAN WILLIAMS,
RYDER VANDERHEYDEN, STEVEN
GRANT, and MICHAEL TSAPATSARIS

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

49.

warranty or representation, express or implied, of any nature of any kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

12.25   Each counsel signing this Settlement Agreement on behalf of his/her clients who are unable to sign the Agreement on the date that it is executed by other Parties represents that such counsel is fully authorized to sign this Settlement Agreement on behalf of his/her clients; provided, however, that all Parties who have not executed this Agreement on the date that it is executed by the other Parties shall promptly thereafter execute this Agreement and in any event no later than one (1) week after the Agreement has been executed by counsel.

Dated: August __, 2017.

By: _____
Robert H. Rieders
General Counsel
POSTMATES INC.

Dated: August 25, 2017.

By: _____
Andrew M. Spurchise
Mel M.C. Cole
LITTLER MENDELSON, P.C.

Attorneys for Defendant
POSTMATES INC.
(APPROVED AS TO FORM ONLY)

Dated: August __, 2017.

By: _____
Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.

Attorneys for Plaintiffs
SHERRY SINGER, RYAN WILLIAMS,
RYDER VANDERHEYDEN, STEVEN
GRANT, and MICHAEL TSAPATSARIS

49.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

warranty or representation, express or implied, of any nature of any kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

12.25   Each counsel signing this Settlement Agreement on behalf of his/her clients who are unable to sign the Agreement on the date that it is executed by other Parties represents that such counsel is fully authorized to sign this Settlement Agreement on behalf of his/her clients; provided, however, that all Parties who have not executed this Agreement on the date that it is executed by the other Parties shall promptly thereafter execute this Agreement and in any event no later than one (1) week after the Agreement has been executed by counsel.

Dated:  August __, 2017.

By:_____
    Robert H. Rieders
    General Counsel
    POSTMATES INC.

Dated:  August __, 2017.

By:_____
    Andrew M. Spurchise
    Mel M.C. Cole
    LITTLER MENDELSON, P.C.

Attorneys for Defendant
POSTMATES INC.
(APPROVED AS TO FORM ONLY)

Dated:  August 25 2017.

By: _____
    Shannon Liss-Riordan
    LICHTEN & LISS-RIORDAN, P.C.

Attorneys for Plaintiffs
SHERRY SINGER, RYAN WILLIAMS,
RYDER VANDERHEYDEN, STEVEN
GRANT, and MICHAEL TSAPATSARIS

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

49.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1   Dated:  August 25, 2017.                    By: _____

2                                                   James Farinaro
                                                    LAW OFFICE OF JAMES FARINARO

3                                               Attorney for Plaintiff

4                                               LAMONT ADAIR

5   Dated:  August __, 2017.                    By: _____

6                                                   Jason S. Rathod
                                                    MIGLIACCIO & RATHOD LLP

7                                                   Gary E. Mason
                                                    WHITFIELD BRYSON & MASON LLP

8                                               Attorneys for Plaintiff

9                                               CHITO PEPPLER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

50.

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1    Dated: August __, 2017.                    By: _____
                                                    James Farinaro
2                                                   LAW OFFICE OF JAMES FARINARO

3                                               Attorney for Plaintiff
                                                LAMONT ADAIR
4

5    Dated: August 25, 2017.                    By: _____
                                                    Jason S. Rathod
6                                                   MIGLIACCIO & RATHOD LLP
                                                    Gary E. Mason
7                                                   WHITFIELD BRYSON & MASON LLP

8                                               Attorneys for Plaintiff
                                                CHITO PEPPLER
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

# EXHIBIT A

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**AND FINAL APPROVAL HEARING**

*Singer, et al. v. Postmates, Inc.*, Case No. 4:15-cv-01284-JSW

# If you used the Postmates mobile application to make a delivery, you could get a payment from a class action settlement.

*A Court authorized this notice. This is not a solicitation from a lawyer.*

- Lawsuits filed allege that Postmates Inc. ("Postmates") violated various laws and regulations by classifying couriers as independent contractors rather than employees. Postmates denies these allegations. However, to resolve the lawsuits and without conceding any wrongdoing, Postmates has agreed to settle the cases by paying $8,750,000 and implementing certain changes to its practices (the "Settlement").

- The Court in charge of this case still has to decide whether to approve the Settlement. If he does approve, couriers included in the Settlement (see pages 4-5 below) will be eligible for payment from Postmates.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Participate in the Settlement and Receive a Payment (All Couriers in the United States)** | If you wish to receive a share of the Settlement proceeds, **you must submit a Claim, which you can do electronically or by mail, as explained below in paragraph 14.** [A hyperlink will be included here that will take class members down to paragraph 14.] |
| **Exclude Yourself from the Settlement (California, New York, Massachusetts, and Washington, D.C. Couriers)** | If you completed a delivery using the Postmates app in California, Massachusetts, New York, or Washington, D.C., and you do not want to receive a payment and you do not want to release your state law claims against Postmates, you must mail a written Request for Exclusion to the Settlement Administrator postmarked no later than _____, 2017. Please refer to pages 7-8 below for instructions on excluding yourself from the Settlement. |
| **Object to the Settlement** | If you wish to object to the Settlement, you may mail a written objection to the Court postmarked no later than _____, 2017, or you may object in person at the Fairness Hearing. Please refer to pages 7-8 below for instructions on objecting. You cannot object in order to ask the Court for a higher payment for yourself personally, although you can object to the payment terms (or any other terms) that apply generally to the class. |
| **Do Nothing (California, New** | If you completed a delivery using the Postmates app in California, Massachusetts, New York, or Washington, D.C. and you do nothing with |

| | |
|---|---|
| **York, Massachusetts, and Washington, D.C. Couriers)** | respect to this notice, you will not receive a payment if the Court grants final approval of the Settlement, and you will release your state law claims, but not federal law claims, against Postmates. |
| **Do Nothing (All Other Couriers)** | If you completed a delivery using the Postmates app in the United States in places other than California, Massachusetts, New York, or Washington, D.C., and you do nothing with respect to this notice, you will not receive a share of the Settlement if the Court grants final approval of the Settlement, and you will not release any claims you may have against Postmates. |

**Which option you choose is entirely up to you.  No matter your choice, it will not impact your relationship with Postmates.**

**THESE RIGHTS AND OPTIONS, INCLUDING THE DEADLINES BY WHICH TO EXERCISE THEM, ARE EXPLAINED IN THIS NOTICE.**

**Questions?  Click here for additional information or call (8XX) [___-____].**
**Para una notificación en español, visite nuestro sitio de web.**

## <u>WHAT THIS NOTICE CONTAINS</u>

**GENERAL INFORMATION REGARDING THIS NOTICE**...................................................**4**

    What Is This Notice About? ........................................................ 4

    What Is This Lawsuit About? ...................................................... 4

**SUMMARY OF THE SETTLEMENT** ..................................................... **4**

    Who Is Included in the Settlement? .............................................. 4

    What Are the Important Terms of the Settlement?.............................. 5

    What Are My Rights as a Settlement Class Member?.......................... 7

    Class Counsel .......................................................................... 10

    Class Counsel Attorneys' Fees and Service Payments…………………………………..10

    Final Settlement Approval Hearing .............................................. 10

    Getting More Information............................................................ 11

## GENERAL INFORMATION REGARDING THIS NOTICE

### WHAT IS THIS NOTICE ABOUT?

A proposed settlement (the "Settlement") has been reached in the case *Singer, et al. v. Postmates, Inc.*, Case No. 4:15-cv-01284-JSW.  The Court has preliminarily approved the Settlement and has directed the parties to notify the Settlement Class of the Settlement.

You have received this notice because Postmates' records indicate that you may be a Settlement Class Member. This notice is designed to inform you of how you can claim a share of the settlement payment, elect to not participate in the Settlement, or object to the Settlement.

### WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs claim they and other couriers who made deliveries using the Postmates app around the country have been improperly classified as independent contractors by Postmates and have sought relief under various federal and state laws, including federal minimum wage and overtime laws, as well as the laws of California, Massachusetts, New York, and D.C., as well as California and Massachusetts expense reimbursement law.  Plaintiffs have also asserted claims seeking penalties under the Private Attorneys General Act of 2004 ("PAGA") on behalf of California couriers.

Postmates denies all of Plaintiffs' allegations and contends, among other things, that couriers who made deliveries using the Postmates app were correctly classified as independent contractors.  The Court has not ruled whether either party is correct.

After good-faith negotiations with an experienced, neutral mediator, in which both sides recognized the substantial risk of an uncertain outcome, the parties agreed to settle their dispute pursuant to the terms and conditions of a negotiated Settlement. The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate, and that it is in the best interests of the members of the Settlement Class.

The Settlement represents a compromise and settlement of disputed claims. Nothing in the Settlement is an admission by Postmates that Plaintiffs' claims have merit.

## SUMMARY OF THE SETTLEMENT

### WHO IS INCLUDED IN THE SETTLEMENT?

You have received this notice and are included in the Settlement because Postmates' records show that you used the Postmates mobile application to complete at least one delivery to customers in the United States.

4

**WHAT ARE THE IMPORTANT TERMS OF THE SETTLEMENT?**

1.      The Settlement Fund is $8,750,000. The Settlement Fund will fund payments to Class Members who submit a valid Class Member Claim. See Paragraph 14 for how to easily submit a Claim online or by mail.

2.      From this Settlement Fund, amounts will be deducted for attorneys' fees and costs in the amount the Court approves, up to one-quarter of the total Settlement Fund ($2,187,500); incentive payments to each of the seven Named Plaintiffs and 34 other couriers who have participated in this case, in an amount the Court approves, up to $57,000 total; a payment to the Settlement Administrator for the costs of administering the settlement in the amount of approximately $480,000; and a payment to the State of California for PAGA penalties, in the amount of $75,000.

3.      The remaining approximately $6,130,000 will be distributed to those Settlement Class Members who submit Claims.  **Only those who submit a valid Claim will receive payment from the Settlement Fund**. The Settlement Fund will be allocated to Class Members proportionally to their delivery miles while on delivery on the Postmates mobile application, with multipliers for miles driven in the following states, which are calibrated to account for the applicable laws and legal standards for similar claims in those states: California (2.0); Massachusetts (3.0); New York (1.5); D.C. (1.5).  (If you performed deliveries in multiple states, you will receive credit for all of your miles based on the state in which you drove which has the highest multiplier.)  While the actual amount to be paid to each courier will depend on the number of Class Members who submit claims, it is anticipated that Class Members in California will receive approximately $.14 per mile; Class Members in Massachusetts will receive approximately $.20 per mile; Class Members in New York and Washington, D.C. will receive approximately $.10 per mile; and Class Members elsewhere in the country will receive approximately $.07 per mile.  Based on Postmates' records, you drove _____ miles on delivery.  If you do not believe this number is accurate, you may challenge it by submitting any evidence you have, including an explanation of what you believe is the correct mileage, to the Settlement Administrator at [GCG Address] no later than _____.

4.      Unclaimed funds will be re-distributed to those Class Members who submit claims (whose residual check would be at least $50); no amount of the settlement funds will revert to Postmates.  Any funds that are not claimed (for example, if an individual does not timely cash his or her check), will be donated to the National Employment Law Project, a non-profit organization that advocates for workers' rights, and/or used to resolve disputes regarding the distribution of settlement funds.

5.      In addition to this monetary payment, Postmates has agreed to the following non-monetary terms as part of the settlement:

- Postmates will institute a modified contract termination provision which provides that couriers' contracts may only be terminated for specified material breaches of the parties' agreement and will not be terminated at will;

- Couriers whose contracts are terminated will have the opportunity to appeal their contract terminations through a neutral arbitration process, and Postmates' will pay for the arbitration fees;

- Postmates will make available, subject to legal requirements and policy terms and conditions, third party occupational accident insurance for bicycle and foot couriers, negotiated at favorable rates, to be paid at participating couriers' expense; and

- Postmates will establish an email address exclusively dedicated to receiving feedback from couriers regarding all aspects of its business, and all feedback shall be considered in good faith by Postmates, including additional proposed changes to its business practices suggested by couriers.

6. **If you completed a delivery using the Postmates app in California, Massachusetts, New York, or Washington, D.C.**: Regardless of whether you submit a Claim Form, you will release any state law claims you may have against Postmates arising from your classification as an independent contractor unless you submit a written Request for Exclusion to the Settlement Administrator, postmarked by the deadline of _____, 2017. You will **not**, however, release any federal law claims you may have against Postmates arising from your classification as an independent contractor unless you submit a Claim Form. If you do submit a claim form, you will release all state and federal law claims arising from your classification by Postmates as an independent contractor.

7. **If you completed a delivery using the Postmates app only in locations other than California, Massachusetts, New York, or Washington, D.C.:** You will not release any claims against Postmates unless you submit a Claim Form. If you do submit a Claim Form, you will release all state and federal law claims arising from your classification by Postmates as an independent contractor.

8. **If you completed a delivery using the Postmates app in California, Massachusetts, New York, or Washington, D.C., as well as another State**: You will release any claims arising under the laws of California, Massachusetts, New York, or Washington, D.C. arising from your classification as an independent contractor unless you exclude yourself from the settlement. You will not, however, release any federal law claims you may have against Postmates arising from your classification as an independent contractor unless you submit a Claim Form, nor will you release any claims arising under the laws of states other than California, Massachusetts, New York, or Washington, D.C. unless you submit a Claim Form.

9. The claims released under the Settlement are those that were or reasonably could have been asserted in this case, while are allegations arising from independent contractor misclassification (the "Released Claims"). As part of the claim submission process, you

6

will have the opportunity to review the exact legal claims that are resolved by this Settlement.

10.     If you mail a Request for Exclusion by the deadline in accordance with the instructions for submitting a Request for Exclusion, you will be excluded from the Settlement and will not receive a Settlement Share, but you will retain the right you may have, if any, to pursue a claim against Defendant.

11.     If the Court does not grant final approval of the Settlement, or does not enter the Final Approval Order or if the Court's Final Approval Order is reversed in whole or in part on appeal, the parties have no obligations under the Settlement, and Class Members will not receive payments.

12.     The Court has appointed Garden City Group to act as the Settlement Administrator to administer the Settlement.

13.     Plaintiffs, as Class Representatives, and Class Counsel, support the Settlement.  Their reasons include the risk of being unable to pursue this case as a class action on behalf of all Class Members, the risk of a trial or hearing on the merits, the inherent delays and uncertainties associated with litigation, and the possibility that the Class is not entitled to any recovery. Based on their experience litigating similar cases, Class Counsel believes that further proceedings in this case would be uncertain. Upon careful consideration of all the facts and circumstances of this case, as well as the potential damages that could be recovered, Class Counsel believes that the Settlement is fair, reasonable, and adequate.

## WHAT ARE MY RIGHTS AS A SETTLEMENT CLASS MEMBER?

14.     **Participating in the Settlement and Receiving a Settlement Payment:**   Named Plaintiffs, as Class Representatives, and Class Counsel represent your interests as a Settlement Class Member.

To submit a claim electronically, **click on this link**, or go to **www.[__].com** and enter your Claimant ID and Verification Number, provided below.  [Website name will be linked to website where claims can be submitted; Claimant ID and Verification Number will be automatically entered for Class Members who enter the website through this link.]

Name: [_____]
Claimant ID: [__]
Verification Number: [__]

To submit a claim by paper, please complete and return the enclosed Claim Form (which you will have received if you are receiving this notice by mail).  If you need a paper claim form, please contact the Settlement Administrator at (8XX) [___-____] or [__]@[__].com.

**In order to receive a monetary payment from this settlement, please submit your claim no later than [__].**

15.     **Excluding Yourself from the Settlement (Opt-Out):**

**If you completed a delivery using the Postmates app in California, Massachusetts, New York, or Washington, D.C.,** and you do not want to participate in the Settlement, you must mail a written Request for Exclusion to the Settlement Administrator postmarked no later than _____, 2017, or, you will release any state law claims you may have against Postmates arising from your classification as an independent contractor. The Request for Exclusion must include: (1) the Settlement Class Member's name, address, and telephone number; (2) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and (3) the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member.

Any person who files a complete and timely Request for Exclusion will, upon receipt, no longer be a member of the Settlement Class and will not be eligible to receive a payment. Any such person will retain the right, if any, to pursue at his or her own expense a claim against Defendant.  A Request for Exclusion that does not fulfill the requirements above will be deemed invalid.

If a Settlement Class Member submits both an objection and a valid and timely Request for Exclusion, the Request for Exclusion will be accepted and the objection will be rejected, except that Class Members who exclude themselves from the Settlement may still object to the settlement of PAGA claims.  If a Settlement Class Member submits both a Claim and a Request for Exclusion from the Settlement, the Settlement Class Member will be given an opportunity to clarify his or her response.

**Please note that Requests for Exclusion do not apply to the release of PAGA claims contemplated by the Settlement as described in the "Released Claims" above. Settlement Class Members who validly and timely submit a Request for Exclusion will nevertheless be bound by the settlement and release of PAGA claims, and therefore any PAGA claims that any Settlement Class Member may possess for the Settlement Class Period shall be extinguished if the Court approves the Settlement.**

**If you completed all your deliveries using the Postmates app elsewhere in the United States (*outside of* California, Massachusetts, New York, or Washington, D.C.),** and you do not want to participate in the Settlement, you need not do anything at all.  By not submitting a claim, you will not receive any payment from this settlement, and you will also not release any claims you may have against Postmates.

**If you completed a delivery using the Postmates app in California, Massachusetts, New York, or Washington, D.C., as well as another State,** and you do not want to participate in the Settlement, you must mail a written Request for Exclusion to the Settlement Administrator postmarked no later than _____, 2017, or, you will release any claims arising under California, Massachusetts, New York, or Washington, D.C. laws

that you may have against Postmates arising from your classification as an independent contractor.

16. **Objecting to the Settlement:** If you think the settlement is unfair and should not be approved, you may mail an objection to the Court or you may object in person at the Fairness Hearing without submitting a written objection. Objecting to the settlement does not preclude you from filing a claim. If the Court does not approve the settlement, no settlement payments will be sent out and the lawsuit will continue.

All written objections and supporting papers must contain at least the following:  (i) the objector's full name, address, telephone, and signature; (ii) a clear reference to the Action; (iii) a statement of the specific legal and factual basis for each objection argument; and (iv) a statement whether the objecting person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number.

All written objections and supporting papers must be mailed to the Court at the Court's address below and be postmarked on or before _____, 2017.

**<u>There will be no retaliation or adverse action taken against any Class Member who participates in the Settlement, elects not to participate in the Settlement, or objects to the settlement.</u>**

17. **Participating in the Final Approval Hearing:**  You may appear in person or appear through counsel of your choice, paid at your own expense, and be heard at the time of the final approval hearing, if you wish to do so.  If the Court overrules your objection, you will be bound by the terms of the Settlement.

18. **Keep Your Information Up to Date:** It is your obligation to keep the Settlement Administrator informed of any changes in your mailing address until your Settlement Payment is received, should final approval of the Settlement be granted.  Failing to provide the Settlement Administrator with any change of your mailing address may prevent you from receiving your Settlement Payment.

19. **The Settlement Administrator's Address.**  You may send a paper Claim, Request for Exclusion, or Objection to the Settlement Administrator at the following mailing address:

[GCG Address]

**CLASS COUNSEL**

Contact information for Class Counsel is provided below:

Shannon Liss-Riordan
Matthew D. Carlson
Lichten & Liss-Riordan, P.C.
466 Geary Street, Suite 201
San Francisco, CA 94102
www.llrlaw.com
Phone: (617) 994-5800
Shae Cleary, scleary@llrlaw.com, Firm Settlement Administrator

**CLASS COUNSEL ATTORNEYS' FEES AND SERVICE PAYMENTS**

Class Counsel will request Court approval of an award of attorneys' fees and costs, in an amount the Court approves, not to exceed one-quarter of the total Settlement Fund ($2,187,500). Class Counsel will also request Court approval of service payments to each of the seven Named Plaintiffs and 34 other couriers who have participated in this case, in an amount the Court approves, up to $57,000 total.

Class Counsel will file their request for attorneys' fees, costs, and service payments no later than December 9, 2017. The request will be posted on the settlement website, www.[__].com. If you wish to object to the request for attorneys' fees and costs, or the request for service payments, you may do so by sending a written objection to the Court postmarked no later than December 30, 2017, or by objecting at the Fairness Hearing, as described in Paragraph 16.

**FINAL SETTLEMENT APPROVAL HEARING**

The Court has scheduled the Settlement Fairness Hearing for _____, 2017 at 9:00 a.m. in Courtroom 5 of the District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, California, 94612, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve the requests for the Service Payments and Attorneys' Fees.

The hearing may be postponed without further notice to the Class.  **It is not necessary for you to appear at this hearing.**  If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

10

**GETTING MORE INFORMATION**

This notice summarizes the proposed settlement.  For more precise terms and conditions of the Settlement, please contact Class Counsel (contact information above).  You can also get more information by clicking here, calling (8XX) [_____-_____], or writing to Postmates Class Action Settlement, Settlement Administrator, c/o [__].  The link provides the key documents related to this case and this Settlement.

**PLEASE DO NOT TELEPHONE THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION!  YOU MAY CALL CLASS COUNSEL LISTED ABOVE.**

Dated: _____ ___, 2017.

By Order of the Court

**Screenshots from Online Claim Portal**



http://g-net.gcdomain.local/SitePages/Home.aspx

G-NET - Home

- Home
- Court Documents
- Frequently Asked Questions
- **File a Claim**
- Contact Information

Espanol | Francais Canadien

# Singer v. Postmates Inc.

## www.PostmatesCourierSettlement.com

### Claimant Portal

**A**  Note: The footer below will appear on all pages beneath the last text on the page.

| IMPORTANT DATES | INFORMATION |
|---|---|
| [Month] [Day], 2017 **Exclusion and Objection Deadline** | To find out additional details regarding this case, please read the Notice |
| [Month] [Day], 2017 **Claim Deadline** | |
| [Month] [Day]. 2017 **Fairness Hearing Date** | To file a Claim, click here. |

📞 1-888-555-1212      ✉ claimprocessor@yourwebsitename.com

Approx. "fold" line



Home

Court Documents

Frequently Asked Questions

File a Claim

Contact Information

# Singer v. Postmates Inc.

www.PostmatesCourierSettlement.com

## Claimant Portal

**ONLINE CLAIM SUBMISSION**

Welcome to the Postmates Courier Settlement Claimant Portal. If you would like to file a claim, enter your Claimant ID and Control Number below (unless they already appear), check the box next to "I'm not a robot", and then click "Enter Portal."

Click here if you don't have your Claimant ID and Verification Number

Claimant ID

Verification Number

I'm not a robot

Enter Portal

Postmates Claimant Portal 20170711.vsd

1680 x 1050 monitor resolution



http://g-net.gcdomain.local/SitePages/Home.aspx

G-NET - Home

Espanol | Francais Canadien

# Singer v. Postmates Inc.

www.PostmatesCourierSettlement.com

Home

Court Documents

Frequently Asked Questions

**File a Claim**

Contact Information

## Claimant Portal

### CONTACT INFORMATION

The contact information on file for you is displayed below. Please review this information and update it if needed. Your check will be mailed to the address below. **You must notify the Settlement Administrator at info@PostmatesCourierSettlement.com if your address changes.**

**Once you have confirmed or updated your contact information, please click "Next" to proceed to the next step in the claim submission process. YOUR CLAIM IS NOT COMPLETE UNTIL YOU HAVE CLICKED "SUBMIT" AND REACHED THE CONFIRMATION PAGE.**

NAME AND ADDRESS

**Name \***    Jane Doe

If your name is not correct, please contact the Settlement Administrator toll-free at (855) 629-0735 or via email at info@PostmatesCourierSettlement.com.

**Mailing Address \***

**City \***

**State \***        **Zip \***

**Country \***

**Daytime Phone**

**Evening Phone**

**Email**

Next

*Next: Certification*

Approx. "fold" line



# Singer v. Postmates Inc.

www.PostmatesCourierSettlement.com

Espanol | Francais Canadien

**Home**

**Court Documents**

**Frequently Asked Questions**

**File a Claim**

**Contact Information**

## Claimant Portal

### CERTIFICATION UNDER OATH

By agreeing to this Settlement, you are releasing numerous claims against Postmates that are covered by this Settlement, including but not limited to claims under the federal Fair Labor Standards Act ("FLSA"). You may review the **Class Members' Released Claims** by clicking on this link.

By typing my name in place of my signature below, and by pressing "Submit," I consent to join the Settlement Class in *Singer, et al. v. Postmates Inc.*, I elect to participate in the Settlement, and I am waiving, releasing, and giving up claims, that were or could have been pled based on factual allegations of independent contractor misclassification (including claims under the federal Fair Labor Standards Act ("FLSA")), that have accrued before [PRELIMINARY APPROVAL DATE] against Postmates Inc.

Signature: 

Type your full name in the signature box.

**YOUR CLAIM IS NOT COMPLETE UNTIL YOU HAVE CLICKED "SUBMIT" ON THE FOLLOWING PAGE.**

**Previous**     **Next**

*Previous: Contact Information*     *Next: Confirm and Submit*



Home

Court Documents

Frequently Asked Questions

File a Claim

Contact Information

Espanol | Francais Canadien

# Singer v. Postmates Inc.

www.PostmatesCourierSettlement.com

## Claimant Portal

**REVIEW CLAIM AND SUBMIT**

Please carefully review the below Claim information. If you need to change anything, please use the "Previous" button to navigate to the page that contains the information you would like to change. When you are sure the information you have entered is correct, click the "Submit" button. **YOUR CLAIM HAS NOT BEEN SUBMITTED UNTIL YOU CLICK SUBMIT.** You will be able to print a confirmation of your Claim submission on the next page. If you need to change any of your information after you have submitted your claim, you may contact the Settlement Administrator toll-free at (855) 629-0735 or via email at info@PostmatesCourierSettlement.com.

CLAIM INFORMATION

|  |  |
|---|---|
| **Name** | Jane Doe |
| **Mailing Address** | 123 Main Street<br>Apt. 900 |
| **City** | Seattle |
| **State** | WA |
| **Zip** | 12345 |
| **Country** | USA |
| **Daytime Phone** | 123-456-7894 |
| **Evening Phone** | 123-897-9636 |
| **Email** | jane.doe@hotmail.com |

[ Previous ]   [ Submit ]

*Previous:  Certification*

Postmates Claimant Portal 20170711.vsd

1680 x 1050 monitor resolution



http://g-net.gcdomain.local/SitePages/Home.aspx

G-NET - Home

Espanol | Francais Canadien

# Singer v. Postmates Inc.

www.PostmatesCourierSettlement.com

**Home**

**Court Documents**

**Frequently Asked Questions**

**File a Claim**

**Contact Information**

## Claimant Portal

### CONFIRMATION OF CLAIM FORM SUBMISSION

Please click the "Print" button below to print a copy of this confirmation page for your records.  If you need to change or update any of your claim information, you may contact the Settlement Administrator toll-free at (855) 629-0735 or via email at info@PostmatesCourierSettlement.com.  Please notify the Settlement Administrator if your address changes.  Under the Settlement, there may be multiple payments, and it is your responsibility to keep the Settlement Administrator updated with your new address so that you receive all payments to which you may be entitled.

CLAIM INFORMATION

| | |
|---|---|
| **Name** | Jane Doe |
| **Mailing Address** | 123 Main Street |
| | Apt. 900 |
| **City** | Seattle |
| **State** | WA |
| **Zip** | 12345 |
| **Country** | USA |
| **Daytime Phone** | 123-456-7894 |
| **Evening Phone** | 123-897-9636 |
| **Email** | jane.doe@hotmail.com |
| **Claimant ID Number** | X76YTGH45 |
| **Claim Submission Date** | MM/DD/YYYY |

[ Print ]

Approx. "fold" line



Espanol | Francais Canadien

# Singer v. Postmates Inc.

www.PostmatesCourierSettlement.com

## Claimant Portal

**CLAIM ALREADY SUBMITTED**

Our records indicate you have already submitted a Claim. If you need to change or update any of your claim information, you may contact the Settlement Administrator toll-free at (855) 629-0735 or via email at info@PostmatesCourierSettlement.com.

CLAIM INFORMATION

Claimant ID Number:   A45Tr98753

Date Filed:   8/22/2015

**Navigation menu:**
- Home
- Court Documents
- Frequently Asked Questions
- File a Claim
- Contact Information

Approx. "fold" line

**Paper Claim Form**

**PLEASE SUBMIT
YOUR CLAIM BY
_____, 2017**

**Postmates Class Action Settlement
Settlement Administrator
c/o GCG
P.O. Box 10451
Dublin, OH 43017-4051**



Claimant ID: POS011111111
Verification Number: 1234567890

POS1234567890



JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA  67890

### Claim Form

This Claim Form relates to *Singer, et al. v Postmates Inc.*, Case No. 4:15-cv-01284-JSW. Complete this form if you would like to file a claim to receive your share of the settlement. Please complete all sections of the form below. Please mail your Claim Form to the Settlement Administrator, at the address above, before **[DEADLINE], 2017**. You may also use your Claimant ID and Verification Number, shown above, to file a claim online at www.PostmatesCourierSettlement.com. If you submit a claim, your settlement award will be paid by a check mailed to your address above, or, if you need to update your address, to the address you provide below.

---

**Address Corrections/Updates**

The contact information on file for you is displayed above. If your address has changed, please enter your new address below. If your name and address are correct above, you do not need to fill out this section. If your address changes, please contact the Settlement Administrator at info@PostmatesCourierSettlement.com.

Name:

Address:

City:                                                                   State:        Zip:

---

**Email Address & Phone Number**

Please provide your e-mail address and phone number below:

E-mail Address:

Daytime Phone:                                   Evening Phone:

(          )          -                            (          )          -

---

QUESTIONS? CALL TOLL-FREE 1 (855) 629-0735

**To view GCG's Privacy Notice, please visit www.GardenCityGroup.com/privacy**



**Certification Under Oath**

By signing below, I declare under penalty of perjury under the laws of the United States of America that the information provided for this Claim is true and correct.  I hereby agree to be bound by the settlement in *Singer v. Postmates Inc.*, Case No. 15-cv-01284-JSW, United States District Court, Northern District of California, and I understand that by signing below, I am waiving, releasing, and giving up claims, that were or could have been pled based on the factual allegations set forth in this case, which arise from allegations of independent contractor misclassification (including claims under the federal Fair Labor Standards Act ("FLSA")), that have accrued before [PRELIMINARY APPROVAL DATE] against Postmates Inc.

Print Name:

Signature:                                                              Date:  ☐☐ / ☐☐ / ☐☐☐☐

# EXHIBIT B

1  SHANNON LISS-RIORDAN - #310719
   sliss@llrlaw.com
2  ADELAIDE PAGANO, *pro hac vice*
   apagano@llrlaw.com
3  LICHTEN & LISS-RIORDAN, P.C.
   729 Boylston Street, Suite 2000
4  Boston, MA 02116
   Telephone: 617.994.5800
5  Facsimile: 617.994.5801

6  MATTHEW D. CARLSON - #273242
   LICHTEN & LISS-RIORDAN, P.C.
7  mcarlson@llrlaw.com
   466 Geary Street, Suite 201
8  San Francisco, CA 94102
   Telephone:     415.630.2651

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  SHERRY SINGER, RYAN WILLIAMS,          4:15-cv-01284-JSW
    RYDER VANDERHEYDEN, STEVEN
14  GRANT, and MICHAEL TSAPATSARIS,        **[PROPOSED] ORDER GRANTING**
    individually and on behalf of all others   **PRELIMINARY APPROVAL OF CLASS**
    similarly situated,                    **ACTION SETTLEMENT**
15
                                           Judge: Hon. Jeffrey S. White
16            Plaintiffs,
                                           Courtroom: 5
17       v.
                                           Complaint Filed: March 19, 2015
18  POSTMATES, INC,

19            Defendant.

20

21

22

23

24

25

26

27

28

Plaintiffs have filed a Motion for Preliminary Approval of the class action settlement reached with Defendant Postmates Inc.  The Court has carefully considered the Settlement Agreement together with all exhibits thereto, all the filings related to the Settlement, the arguments of counsel, and the record in this case.  The Court hereby gives its preliminary approval of the Settlement; finds that the Settlement and Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of notice of the Settlement to the Settlement Class and Putative Settlement Collective and to hold a Fairness Hearing; orders the Class Notice be sent to the Settlement Class and Putative Settlement Collective in accordance with the Settlement Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, adequate and reasonable.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2. The Court finds that the terms of the Settlement Agreement preliminarily appears to be fair, reasonable, and adequate, and within the range of possible approval and sufficient to warrant providing notice to the Settlement Class and Putative Settlement Collective, when balanced against the probable outcome of further litigation, given the risks relating to liability and damages. It further appears that investigation and research has been conducted such that counsel for the Parties are reasonably able to evaluate their respective positions.  It further appears to the Court that the Settlement will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the Action, and that it will provide substantial benefits to Settlement Class and Putative Settlement Collective Members going forward.  It appears that the Settlement has been reached as a result of intensive, arm's-length negotiations utilizing an experienced third party neutral mediator.

3. The Court certifies, for settlement purposes only, the following Settlement Classes:

    a.   All individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery to customers in California from February 24, 2011, through September 1, 2017.

    b.   All individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery to customers in Massachusetts from March 19, 2012, through September 1, 2017.

    c.   All individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery to customers in New York from March 19, 2009, through September 1, 2017.

    d.   All individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery to customers in Washington D.C., from August 25, 2012, through September 1, 2017.

4.    The Court certifies, for settlement purposes only, the following Putative Settlement Collective: All individuals classified by Postmates as independent contractor couriers who used the Postmates mobile application to complete at least one delivery from September 26, 2011 through September 1, 2017.

5.    The Court appoints as representatives of the Settlement Classes and Putative Settlement Collective, for settlement purposes only, Named Plaintiffs Sherry Singer, Ryan Williams, Ryder Vanderheyden, Steven Grant, Michael Tsapatsaris, Lamont Adair, and Chito Peppler. The Court finds, for settlement purposes only, that the Named Plaintiffs will adequately represent the Settlement Classes and Putative Settlement Collective.

6.    For settlement purposes only, the Court designates as Class Counsel for the Settlement Classes and Putative Settlement Collective the law firms of Lichten & Liss-Riordan, P.C. (lead counsel), Law Office of James Farinaro, Catalano Law Group, and Migliaccio & Rathod LLP.  The Court preliminarily finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type asserted in this Action; Class

Counsel's knowledge of the applicable law; and the resources Class Counsel have and will commit to representing the class, that Class Counsel have represented and will represent the interests of the Settlement Classes and Putative Settlement Collective fairly and adequately.

7.   Garden City Group, LLC shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

8.   The Court hereby conditionally certifies the proposed Settlement Classes and conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the proposed Settlement Classes meet the requirement for certification under Rule 23(a) of the Federal Rules of Civil Procedure including that: (a) the proposed Settlement Classes are sufficiently numerous so that joinder of all members is impracticable; (b) there are questions of law or fact common to the proposed Settlement Classes; (c) the Named Plaintiffs' claims are typical of the claims of the proposed Settlement Class; (d) the Named Plaintiffs and their Counsel will fairly and adequately protect the interests of the proposed Settlement Classes. Additionally, the Court finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the proposed Settlement Classes meet the requirement for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure including that: (a) questions of law or fact common to proposed Settlement Class Members predominate over any questions affecting individual members of the proposed Settlement Classes; and (b) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

9.   The Court hereby conditionally certifies the Putative Settlement Collective and conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the individuals in the Putative Settlement Collective are similarly situated as required by 28 U.S.C. § 216(b).

10.   The Court hereby approves, as to form and content, the Notice of Class Action Settlement.

---

3

The Court finds that the distribution of the Notice of Class Action Settlement in accordance with the Settlement Agreement meets the requirements of due process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

11. The Court approves the procedures set forth in the Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement.

12. Any Settlement Class Members who wishes to opt out from the Agreement must do so within 60 days of the Mailed Notice Date and in accordance with the terms of the Agreement.

13. Any Settlement Class Members or Settlement Collective Members who wish to object to the Agreement must do so within 60 days of the Mailed Notice Date, or appear at the Fairness Hearing, in accordance with the terms of the Agreement.

14. The Court directs that a hearing be scheduled for February 9, 2018, at 9:00 a.m. (the "Fairness Hearing") to assist the Court in determining whether the Settlement is fair, reasonable and adequate; whether Final Judgment should be entered in this Action; whether Class Counsel's application for fees and expenses should be approved; and whether Class Counsel's request for enhancement payments to the Named Plaintiffs should be approved.  Plaintiffs shall file a Motion for Attorneys' Fees, Costs, and Class Representative Service Awards no later than December 9, 2017. Plaintiffs shall file a Motion for Final Approval of Class Action Settlement no later than January 26, 2018.

15. The Court hereby preliminarily approves the plan of allocation of the Settlement Fund as described in the Settlement.

16. Neither the Settlement, nor any exhibit, document or instrument delivered thereunder shall be construed or interpreted as or deemed to be evidence of an admission or concession by Postmates (a) of any liability or wrongdoing by Postmates, (b) of the appropriateness of certifying a class or collective for purposes of litigation, (c) that Plaintiffs' claims may properly be prosecuted on a class, collective or representative basis, (d) that any

arbitration agreement maintained by Postmates is unenforceable, or (e) of the truth of any allegations asserted by Plaintiffs, members of the Settlement Classes or Putative Settlement Collective, or any other person.

17.   If the Settlement is not finally approved, or the Effective Date does not occur, or the Settlement is terminated under its terms, then:(a) the Settlement shall be without force and effect upon the rights of the Parties hereto, and none of its terms shall be effective or enforceable; (b) the Parties shall be deemed to have reverted nunc pro tunc to their respective status as of the day immediately before the Parties entered into this Agreement, with the Parties to meet and confer regarding any discovery or case management deadlines that were pending at the time the Parties stayed litigation to; (c) Postmates shall be refunded any amounts paid pursuant to this Agreement but not yet spent or disbursed; (d) all Orders entered in connection with the Settlement, including the certification of the Settlement Class and Settlement Collective, shall be vacated without prejudice to any Party's position on the issue of class or conditional certification, or any other issue, in this Action or any other action, and the Parties shall be restored to their litigation positions existing on the date of execution of Settlement Agreement; and (e) the Parties shall proceed in all respects as if the Settlement Agreement and related documentation and orders had not been executed, and without prejudice in any way from the negotiation or fact of the Settlement or the terms of the Settlement Agreement.  In such an event, this Court's orders regarding the Settlement, including this Preliminary Approval Order, shall not be used or referred to in litigation, or any arbitration or other civil or administrative proceeding, for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Settlement Agreement with respect to the effect of the Settlement Agreement if it is not approved.

18.   The Court directs that the following deadlines are established by this Preliminary Approval Order:

a. Notice to be Provided to Members of the Settlement Classes and Settlement Collective: no later than October 31, 2017.

b. Motion for Attorneys' Fees, Costs, and Class Representative Service Awards to be filed: no later than December 9, 2017.

c. Motion for Final Approval of Class Action Settlement to be filed: no later than January 26, 2018.

d. Opt-Out Deadline: December 30, 2017.

e. Objection Deadline: December 30, 2017. Class Members may also appear at the Fairness Hearing to object to the Settlement.

f. Fairness Hearing: February 9, 2018, at 9:00 a.m.

**IT IS SO ORDERED.**

Date: _____

_____
District Court Judge

# EXHIBIT C

SHANNON LISS-RIORDAN, SBN 310719
ADELAIDE PAGANO, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
sliss@llrlaw.com
apagano@llrlaw.com

MATTHEW CARLSON, SBN 273242
LICHTEN & LISS-RIORDAN, P.C.
466 Geary Street, Suite 201
San Francisco, CA 94102
Telephone: (415) 630-2651
Facsimile: (617) 994-5801
mcarlson@llrlaw.com

Attorneys for Plaintiffs
SHERRY SINGER, RYAN WILLIAMS,
RYDER VANDERHEYDEN, STEVEN
GRANT, and MICHAEL TSAPATSARIS,
individually and on behalf of all others
similarly situated

ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
JOHN S. HONG, Bar No. 255150
jhong@littler.com
MEL M.C. COLE, Bar No. 293265
mmcole@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California  94104
Telephone:     415.433.1940
Facsimile:      415.399.8490

Attorneys for Defendant
POSTMATES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SINGER, RYAN WILLIAMS, RYDER VANDERHEYDEN, STEVEN GRANT, and MICHAEL TSAPATSARIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POSTMATES, INC.,<br>Defendant. | Case No.  4:15-cv-01284-JSW<br><br>**EXHIBIT C TO REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**<br><br><br><br>Complaint Filed: March 19, 2015<br>FAC Filed: May 26, 2015 |

1.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

EXHIBIT C TO REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

This Exhibit C to the Class Action Settlement Agreement and Release is made and entered into by, between, and among _____, an "Opt-In Participant" as defined in the Class Action Settlement Agreement, on the one hand, and Defendant Postmates Inc. ("Defendant" or "Postmates") on the other hand.

This document has been created for the sole purpose of obtaining the signatures of the Original Opt-In Participants who wish to receive a Service Award in exchange for a general release and is not intended to affect the terms of the Class Actions Settlement Agreement and Release in any way.  The Class Actions Settlement Agreement and Release is a fully integrated part of this document, and vice versa.

Original Opt-In Participants who execute this document will be entitled to a Service Award not to exceed $500, in addition to their respective Individual Settlement Payments, in recognition of their efforts in coming forward as opt-in participants, and as consideration for a full, general, and comprehensive release of the General Released Claims.

The General Released Claims are defined as follows:

All of the Settlement Class Members' Released Claims and Settlement Collective Members' Released Claims, with the addition of: (i) violations of Title VII of the Civil Rights Act of 1964; (ii) violations of the Civil Rights Act of 1866; (iii) violations of the Americans with Disabilities Act; (iv) violations of any and all potential claims against Postmates that could be brought under corresponding state law, and (v) any claims for wages, penalties, breach of an express or implied contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud, misrepresentation, defamation, slander, retaliation, discrimination, harassment, wrongful termination, infliction of emotional distress, loss of future earnings or profits or any other claims based upon any state or federal public policy, any other alleged wrongful conduct or injury arising out of or in any way connected with any acts or omissions occurring prior the Preliminary Approval Date, based on the claims that were alleged in the Action or that arise out of or relate to Original Opt-In Participants with Postmates or the services Original Opt-In Participants provided using Postmates' software application, or that arise out of or relate to the facts alleged in the action, in addition to all claims based on or arising under the federal and state law sections included in the Settlement Class Members' and Settlement Collective Members' Released Claims and any other equivalent federal or state law of any state in which Plaintiffs reside and/or provided services using Postmates' software application. Further, with respect to Original Opt-In Participants who are over 40 years of age, "General Released Claims" shall include violations of the Age Discrimination in Employment Act of 1967 ("ADEA") that may have arisen under the ADEA prior to the Preliminary Approval Date.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

2.

As of the Final Approval Date, the Original Opt-In Participants who execute this document, individually and on behalf of their heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming through them or acting or purporting to act on their behalf, agree to forever release, discharge, hold harmless, and covenant not to sue each and all of the Released Parties from each and all of the General Released Claims, and by operation of the Final Judgment shall have fully and finally released, relinquished, and discharged all such claims against each and all of the Released Parties; and they further agree that they shall not now or hereafter initiate, maintain, or assert any General Released Claims against the Released Parties in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicating body. Without in any way limiting the scope of the release described above, or in this document, this release covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing the Original Opt-In Participants, or any of them, in connection with or related in any manner to the Action, the Settlement of the Action, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Agreement.

In addition, Original Opt-In Participants who execute this document and who are over 40 years of age, with respect to all Released Claims arising under ADEA, acknowledge that (i) they have seven (7) days following their execution of this document to the revoke the Settlement Agreement; (ii) the ADEA waiver in the Agreement shall not be effective until the seven (7) day revocation period has expired; (iii) nothing in the Agreement prevents or precludes those listed in this paragraph from challenging or seeking a determination in good faith of the validity of this waiver under the ADEA, nor does it impose any condition precedent, penalties or costs for doing so, unless specifically authorized by federal law; and (iv) in order to revoke the Agreement, those listed in this paragraph must deliver to Postmates counsel, attention at the following address, a written revocation before 12:00 a.m. (midnight) p.s.t. on the seventh calendar day following the date each respectively executes the Agreement: Mel M.C. Cole, Littler Mendelson, P.C., 333 Bush St., 34th Floor, San Francisco, CA 94104.

The General Released Claims against each and all of the Released Parties shall be released and dismissed with prejudice and on the merits (without an award of costs to any party other than as provided in this Agreement) upon entry of the Final Approval order and Judgment.

The Original Opt-In Participants who execute this document expressly acknowledge that they are familiar with principles of law such as Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

With respect to the General Released Claims, each Original Opt-In Participant who executes this document shall be deemed to have expressly, knowingly, and voluntarily waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he or she may otherwise have had pursuant to Section 1542 of the California Civil Code and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein. In connection with the release, the Original Opt-In Participants acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein. Nevertheless, the Original Opt-In Participants who execute this document acknowledge that a portion of the consideration received herein is for a release with respect to unknown damages and complaints, whether resulting from known injuries and consequences or from unknown injuries or unknown consequences of known or unknown injuries, and state that it is the intention of the Original Opt-In Participants in agreeing to this release fully, finally, and forever to settle and release all matters and all claims that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action), constituting Original Opt-In Participants' General Released Claims.

Each Original Opt-In Participants who execute this document further acknowledges, agrees, and understands that: (i) he or she has read and understands the terms of this Agreement; (ii) he or she has been advised in writing to consult with an attorney before executing this Agreement; (iii) he

4.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1   or she has obtained and considered such legal counsel as he deems necessary; (iv) he or she has been
2   given twenty-one (21) days to consider whether or not to enter into this Agreement (although he or
3   she may elect not to use the full 21 day period at his option).

4           Further, this document may be executed in one or more counterparts. All executed
5   counterparts and each of them shall be deemed to be one and the same instrument provided that
6   counsel for the Parties to this Settlement Agreement shall exchange among themselves original
7   signed counterparts.

8           Lastly, failure by any Opt-In Participant to execute this document prior to the Final Approval
9   Date shall in no way affect the enforceability of the Settlement Agreement.

10

11

12   Dated: _____, 2017            By:_____

13

14                                          Name: _____
                                                   Original Opt-In Participant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

# EXHIBIT D

| | |
|---|---|
| SHANNON LISS-RIORDAN, SBN 310719 | ANDREW M. SPURCHISE, Bar No. 245998 |
| ADELAIDE PAGANO, *pro hac vice* | aspurchise@littler.com |
| LICHTEN & LISS-RIORDAN, P.C. | JOHN S. HONG, Bar No. 255150 |
| 729 Boylston Street, Suite 2000 | jhong@littler.com |
| Boston, MA 02116 | MEL M.C. COLE, Bar No. 293265 |
| Telephone: (617) 994-5800 | mmcole@littler.com |
| Facsimile: (617) 994-5801 | LITTLER MENDELSON, P.C. |
| sliss@llrlaw.com | 333 Bush Street |
| apagano@llrlaw.com | 34th Floor |
| | San Francisco, California  94104 |
| MATTHEW CARLSON, SBN 273242 | Telephone:      415.433.1940 |
| LICHTEN & LISS-RIORDAN, P.C. | Facsimile:       415.399.8490 |
| 466 Geary Street, Suite 201 | |
| San Francisco, CA 94102 | |
| Telephone: (415) 630-2651 | Attorneys for Defendant |
| Facsimile: (617) 994-5801 | POSTMATES INC. |
| mcarlson@llrlaw.com | |

Attorneys for Plaintiffs
SHERRY SINGER, RYAN WILLIAMS,
RYDER VANDERHEYDEN, STEVEN
GRANT, and MICHAEL TSAPATSARIS,
individually and on behalf of all others
similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SINGER, RYAN WILLIAMS, RYDER VANDERHEYDEN, STEVEN GRANT, and MICHAEL TSAPATSARIS, individually and on behalf of all others similarly situated, | Case No.  4:15-cv-01284-JSW **EXHIBIT D TO REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |
| Plaintiffs, | |
| v. | |
| POSTMATES, INC., | Complaint Filed: March 19, 2015 |
| Defendant. | FAC Filed: May 26, 2015 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1.

EXHIBIT D TO REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

TERM and TERMINATION OF AGREEMENT

A.     This Agreement shall remain in full force and effect for a term of one (1) year from the date it is accepted by CONTRACTOR and may not be terminated early without penalty except in the following limited circumstances:

i.     Upon the mutual written consent of the Parties hereto (with electronic communication satisfying this requirement), with the mutually agreed-upon termination date stated in the written notice.

ii.  By POSTMATES, upon thirty (30) days' written notice to CONTRACTOR, if CONTRACTOR has not performed a delivery for a period of at least four (4) months (with electronic communication satisfying this requirement), with the date of transmission commencing the thirty (30) day period.

iii.  By POSTMATES, in the event of an anticipated change in control or cessation of its operations in CONTRACTOR's market, upon thirty (30) days' written notice to the CONTRACTOR (with electronic communication satisfying this requirement), with the date of transmission commencing the thirty (30) day period.

iv.  If one party has materially breached the Agreement, immediately upon written notice to the breaching party (with electronic communication satisfying this requirement), with such notice specifying the breach relied upon.

B.     The following acts and/or occurrences shall constitute a material breach of this Agreement:

i.     Failure by CONTRACTOR to maintain current insurance coverage in the amounts and types specified herein or as required by law.

ii.     Failure by POSTMATES to remit to CONTRACTOR all delivery fees for completed Deliveries within twenty-one (21) days of the consumer's payment.

iii.     Failure by CONTRACTOR to maintain the minimum consumer star rating applicable in CONTRACTOR's market as of the date CONTRACTOR accepts this agreement.

iv.     Failure by CONTRACTOR to complete a Delivery without waiver of the

2.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

EXHIBIT D TO REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)

1  obligation by the consumer or POSTMATES.

2          v.      Failure by CONTRACTOR to maintain all licenses, permits, authorities,

3  registrations and/or other prerequisites to operate that are required by law and/or this Agreement.

4          vi.  Any act by a party that causes the other party to violate its obligations

5  under  any applicable state, federal or local law.

6          vii.  Documented complaint by a consumer, employee of POSTMATES, or employee

7  of a Merchant that CONTRACTOR has engaged in conduct that a reasonable person would find

8  physically threatening, highly offensive or harassing.

9          viii.  Documented illegal or destructive acts, including but not limited to fraud

10  or  theft, engaged in by CONTRACTOR.

11          ix.      Failure by CONTRACTOR to provide services in a manner

12  consistent  with POSTMATES' effective operation of the POSTMATES Platform.

13      C.      Early termination of this Agreement by POSTMATES without proper notice

14  (as established in subsection A above) shall result in liquidated damages of $100.00 for each day that

15  notice is not properly provided to CONTRACTOR, up to a maximum amount of $500.00.  The

16  Parties acknowledge that liquidated damages are appropriate because actual damages are not

17  reasonably ascertainable.

18      D.      A party that receives notice of termination must continue to fulfill its obligations

19  under this Agreement for the entire notice period.  Failure to perform shall constitute early

20  termination and shall subject POSTMATES to the liquidated damages provision in subparagraph C

21  above.

22      E.      Other than for failure to maintain the minimum consumer star rating, or

23  illegal  or destructive acts, in the event CONTRACTOR disputes that he or she materially breached

24  this Agreement, CONTRACTOR may challenge POSTMATES' decision using the Dispute

25  Resolution process described in Section __, above.  In all such instances, the parties will be

26  responsible for their own attorneys' fees and costs, subject to any remedy to which they may be

27  entitled  under applicable law and which would otherwise be available in a court of law, but

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1    POSTMATES shall bear the Arbitrator's and arbitration fees and costs.

2         F.    If not terminated, the Agreement shall be automatically renewed for successive one-

3    year terms, unless terminated by either party as described in Section __.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4.

EXHIBIT D TO REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE (Case No.  4:15-cv-01284-JSW)